```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
                                                        :
IN RE: TERM COMMODITIES                                 :     MEMORANDUM AND ORDER
COTTON FUTURES LITIGATION
                                                        :     12 Civ. 5126 (ALC)(KNF)

--------------------------------------------------------X
```
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

The plaintiffs in this consolidated putative class action allege that the defendants: (1) violated the Commodity Exchange Act ("CEA"), 7 U.S.C. §§ 1-27f, by intentionally manipulating and artificially inflating the prices of the Intercontinental Exchange ("ICE") Cotton No. 2 futures contracts expiring in May 2011 ("May 2011 Contract") and July 2011("July 2011 Contract"); (2) aided and abetted violations of CEA; (3) violated the Sherman Antitrust Act, 15 U.S.C. §§ 1 and 2, by fixing and inflating, artificially, prices for the May 2011 Contract and July 2011 Contract; and (4) became unjustly enriched by their unlawful acts.  On November 28, 2012, the defendants filed a motion to dismiss the consolidated amended complaint.  Before the Court are: (1) the plaintiffs' motion, pursuant to Rules 26(c) and 37(a) of the Federal Rules of Civil Procedure, to compel the defendants to produce documents produced previously to the Commodity Futures Trading Commission ("CFTC"); and (2) the defendants' motion, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, to stay discovery.

*Plaintiffs' Contentions*

On December 24, 2012, the plaintiffs served their first request for production of documents, which included Document Request No. 3, the subject of the plaintiffs' motion to compel, seeking: "All documents or other information produced by Defendants to the CFTC, and

1

all sworn statements or testimony provided by Defendants to the CFTC, in connection with any investigation of Cotton Contracts relating to the May 2011 Contract and/or July 2011 Contract." The defendants made general objections, including that the plaintiff's first request for production of documents is "premature in light of Defendants' pending motion to dismiss, which seeks dismissal of the action based on legal deficiencies in the Amended Consolidated Complaint." They also made specific objections, contending that Document Request No. 3 is:

> (i) overly broad, unduly burdensome, and vague and ambiguous; (ii) to the extent that it seeks information that is neither relevant to the claims or defenses asserted by the parties in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence, or whose relevance is outweighed by the burden Defendants would bear in attempting to review and produce such materials; (iii) to the extent that it seeks documents and information that constitute attorney work product; and (iv) to the extent that it seeks documents and information that are confidential pursuant to applicable regulatory requirements or otherwise protected from disclosure pursuant to applicable law.  In particular, Defendants object to the use of the undefined terms "documents or other information."  Defendants will interpret this request as seeking documents.  Defendants further object to the use of the undefined terms "sworn statements or testimony."  Defendants will interpret this request as seeking sworn written statements made by Defendants or their employees, or written transcriptions in Defendants' possession of sworn testimony given by Defendants or their employees to the CFTC.

The plaintiffs contend that their Document Request No. 3 seeks relevant, non-privileged documents and is narrowly-tailored because it "seeks only documents produced by Defendants to the CFTC (which have been previously identified and gathered) relating solely to 'the May 2011 Contract and/or the July 2011 Contract.'"  They maintain that the defendants' general objection that the discovery is premature should be overruled, because neither the CEA nor the Sherman Antitrust Act provides an automatic stay of discovery pending a decision on a motion to dismiss. According to the plaintiffs, Document Request No. 3 is not overbroad or unduly burdensome, since no search burden is involved, as the documents requested have already been searched for, gathered and produced previously, and they relate solely to the May 11 Contract and July 2011

Contract.  The plaintiffs contend that during the meet and confer process the parties resolved the defendants' "vague and ambiguous" objection concerning the phrase "documents and other information," by agreeing that phrase will "be interpreted to mean 'documents' (as defined by Local Civil Rule 26.3) reflecting sworn statements or sworn testimony made by Defendants or their employees to the CTC."  The plaintiffs assert that Document Request No. 3 is relevant because the complaint alleges that the defendants manipulated and conspired to manipulate the prices of the May 2011 Contract and the July 2011 Contract and it seeks documents that were produced by the defendants to the CFTC in connection with its investigation into price manipulation respecting those contracts.

      The plaintiffs contend that the defendants waived any privilege objection by failing to comply with Rule 26(b)(5) and Local Civil Rule 26.2(a) and (b) of this court, because, at the time they responded to Document Request No. 3, they did not provide the information required by those rules.  Moreover, even if some requested documents are privileged, the privilege had been waived by the previous production of the privileged materials to a third party, the CFTC.  With respect to the defendants' objection on the ground of confidentiality, the plaintiffs assert that the defendants failed to articulate any applicable regulatory requirement or law that would prevent production of the requested documents, and any concerns related to confidentiality may be alleviated by a confidentiality order in this action.  The plaintiffs request that the Court: (a) overrule the defendants' objections to Document Request No. 3 and order the defendants to produce the responsive documents within 30 days from the date of the order; and (b) find that the defendants waived any privilege objections or, alternatively, order the defendants to prepare a privilege log within 30 days from the date of the order, in accordance with Local Civil Rule 26.2.

*Defendants' Contentions*

The defendants contend that their motion to dismiss raises substantial grounds for dismissal, warranting a stay of discovery. The complaint alleges unlawful manipulation of the May 2011 and July 2011 cotton future contracts "by means of a manipulative short squeeze" and also that cotton was "very freely available" in the physical market. According to the defendants, the plaintiffs' own allegations preclude their manipulation claim as a matter of law, because "[i]f cotton is freely available, then a responsible [seller] who plans ahead can simply purchase the available cotton and deliver it in satisfaction of its obligations in the futures market." Furthermore, the plaintiffs' claims are premised on legal theories that are not viable. For example, the complaint alleges an antitrust conspiracy under Section 1 of the Sherman Act, but fails to identify any conspirators, beyond the named defendants, who are all part of the same corporate family and are alleged to have acted on behalf of each other. Similarly, the complaint fails to allege a claim under Section 2 of the Sherman Act, because it does not identify any actionable anticompetitive conduct. Moreover, the plaintiffs' unjust enrichment claim fails "because, by Plaintiffs' own admission, futures are express contracts." According to the defendants, these errors are "pure questions of law," warranting "a stay of discovery until these legal issues are decided." The defendants contend that the requested production would be burdensome, and the plaintiffs identify no prejudice they would suffer from a short delay, awaiting the adjudication of the motion to dismiss.

The defendants maintain that, as part of its response to a regulatory inquiry, defendant Louis Dreyfus Commodities LLC ("LDC LLC") produced to the CFTC over 90,000 pages of documents. "Given the breadth of materials typically sought by the government in an investigation, many of the requested documents may have no bearing on the issues in this

litigation," and the plaintiffs' request for "all documents," in connection with the May 2011 Contract and July 2011 Contract, is overbroad.  The defendants contend that reviewing over 90,000 pages of materials for responsiveness will impose a significant burden on them.  Moreover, the materials "produced to the CFTC include commercially sensitive agreements, trading data, correspondence with customers and suppliers, and internal communications regarding strategies and market values."  According to the defendants, "LDC LLC made this production pursuant to well-established legal procedures the CFTC has created for handling confidential and sensitive business information," and "[b]y following these procedures, LDC LLC was able to comply with a regulatory inquiry, while protecting the confidentiality of sensitive commercial information."  Since the plaintiffs are trading competitors who could use the confidential information to the detriment of the defendants in the marketplace, the defendants objected to the plaintiffs' Document Request No. 3 "to the extent that it purports to seek information" that is confidential.  Furthermore, negotiating a confidentiality order "could result in a considerable burden on the Defendants."  The defendants maintain that "[i]dentifying sensitive material and taking appropriate steps to protect it would be time-consuming and costly," and they did not waive any privilege when "LDC LLC made productions to the CFTC in the spirit of cooperation, and provided materials that Defendants created to assist the CFTC with its investigation."

      The defendants contend that the plaintiffs seek discovery for an improper purpose, namely, as they indicated in their December 14, 2012 letter to the Court, to replead their claims "with the benefit of the CFTC documents."  The defendants ask that the plaintiffs' motion to compel be denied and their motion to stay discovery granted.

*Plaintiffs' Response to the Defendants' Motion*

The plaintiffs contend that the defendants conceded they have no search burden, and they failed to provide any specific facts that constitute good cause for a protective order. For example, the defendants did not address: (a) whether they created an index to and detailed outline of their previous production of documents to the CFTC; (b) whether documents produced to the CFTC are searchable electronically or, if not, are easily converted into an electronically searchable format; or (c) the estimated time and costs of an optional "re-review." According to the plaintiffs, "90,000 pages is a small fraction of the documents in other cases." The plaintiffs contend that the defendants did not assert any attorney-client privilege and they waived the work-product doctrine protection with respect to the requested documents. Furthermore, the defendants failed to obtain a non-waiver agreement with the CFTC and have not asserted that they share a common interest with the CFTC. The plaintiffs are willing to agree that the production will be for attorney's eyes only and to return any documents that should not have been produced.

The plaintiffs contend that the defendants failed in their attempt to show that their motion is a "pure legal motion," since their motion "depends heavily on Defendants' characterization of the plausibility of Plaintiffs' allegations," and they did not show that their motion is likely to succeed or it is "inevitable" that the plaintiffs' claims lack merit. Moreover, delaying production of the requested documents will prejudice the plaintiffs with respect to the availability of documents from the non-parties who dealt with the defendants, the passage of a two-year statute of limitations as to the John Doe defendants and the quality of witnesses' memories. The stay would also delay the plaintiffs' ability to issue document preservation subpoenas to non-parties who dealt with the defendants and those non-parties could fail to retain or destroy their relevant

documents in the interim.  Similarly, memories fade with the passage of time.  Thus, the plaintiffs contend, the avoidance of prejudice militates against a stay.

***Defendants' Reply***

The defendants contend that "[t]o the extent that a motion to dismiss is based 'on pure questions of law' as opposed to 'the sufficiency of the facts alleged,' that is merely a *factor* that weighs in favor of a stay."  The plaintiffs speculate that a brief stay of discovery will prevent them from naming as defendants the "John Doe" conspirators, whose identities they hope to uncover through the requested documents, but they "make no allegations supporting a CEA claim against the John Does; they only argue that an unspecified 'agreement' or 'understanding' by 'unknown co-conspirators' constituted an antitrust conspiracy, . . . which is subject to a *four-year* statute of limitations."  According to the defendants, the plaintiffs' generic harms they would allegedly suffer from a brief stay of discovery are not different from a stay in any litigation, and these factors, while relevant if the stay is for an extended period, are not significant here because the motion to dismiss has been briefed and oral arguments have been scheduled for May 17, 2013.  Moreover, the defendants' review of the requested documents is not optional, since the plaintiffs, recognizing the ovebreadth of their request, now seek only documents produced to the CFTC that relate solely to May 2011 Contract and the July 2011 Contract.  The defendants assert that, "assuming that search terms would reduce the number of pages that need to be reviewed to roughly 63,000 (70% of 90,000 total pages), and that an attorney could, on average, review each page as quickly as a minute, that would take over 1000 attorney hours," which "could cost $250,000 in attorney fees" at the prevailing hourly rates in this district.  The defendants contend that such a burden is not justified given that the plaintiffs failed to identify "any real prejudice."

*Legal Standard*

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . .  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  "[T]he scope of discovery under Fed. R. Civ. P. 26(b) is very broad, 'encompass[ing] any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'"  Maresco v. Evans Chemetics, Div. of W. R. Grace & Co., 964 F.2d 106, 114 (2d Cir. 1992) (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S. Ct. 2380, 2389 (1978)).

"A party may serve on any other party a request within the scope of Rule 26(b)" to produce "any designated documents or electronically stored information" or "any designated tangible things."  Fed. R. Civ. P. 34(a)(1).  "On notice to other parties . . . . a party may move for an order compelling disclosure or discovery."  Fed. R. Civ. P. 37(a)(1).  Motions to compel, pursuant to Fed. R. Civ. P. 37, are left to the sound discretion of the district court.  See United States v. Sanders, 211 F.3d 711, 720 (2d Cir. 2000).

"A party or any person from whom discovery is sought may move for a protective order. . . .  The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . . "  Fed. R. Civ. P. 26(c)(1).  "The party seeking a protective order bears the burden of establishing that good cause for the order exists."  Duling v. Gristede's Operating Corp., 266 F.R.D. 66, 71 (S.D.N.Y. 2010).  "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.  Moreover, the harm must be significant, not a mere trifle."  Id. (citation omitted).

> Good cause may be shown where a party has filed a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced by the stay. However, while discovery may in a proper case be stayed pending the outcome of a motion to dismiss, "the issuance of a stay is by no means automatic." Two related factors a court may consider in deciding a motion for a stay of discovery are the breadth of discovery sought and the burden of responding to it. Finally, a court should also consider the strength of the dispositive motion that is the basis of the discovery stay application.
>
> Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd., 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (internal citations omitted).

A court has broad discretion to decide whether a protective order is warranted. See Duling, 266 F.R.D. at 72.

*Application of Legal Standard: Defendants' Motion to Stay Discovery*

The defendants' motion to dismiss, filed on November 28, 2012, prior to the plaintiffs' first request for the production of documents, is briefed and scheduled for oral arguments, before the assigned district judge, on May 17, 2013. See Docket Entry No. 54. The defendants seek to stay discovery until the adjudication of their motion to dismiss. Thus, the stay requested is for a short period of time, until the assigned district judge issues his decision on the defendants' motion to dismiss.

Although courts in this circuit, in determining a motion to stay discovery pending a motion to dismiss, have considered whether the motion to dismiss has "substantial grounds" or "[does] not appear to be without foundation in law," Chrysler Capital Corp. v. Century Power Corp., 137 F.R.D. 209, 210-11 (S.D.N.Y. 1991), the Court believes that these considerations are appropriate where the same court is deciding both the motion to stay discovery and the motion to dismiss. See id. at 211 (staying discovery pending decision on the motion to dismiss after finding that the discovery requests are extensive, the motion to dismiss has substantial grounds

9

and the plaintiffs failed to demonstrate "extraordinary prejudice to them."); Gandler v. Nazarov, No. 94 Civ. 2272, 1994 WL 702004, at *4 (S.D.N.Y. Dec. 14, 1994) (staying discovery pending a motion to dismiss based on the finding that the "motion to dismiss based on lack of personal jurisdiction is potentially dispositive, and appears to be not unfounded in law," the plaintiffs did not present "any evidence to suggest that they will be unfairly prejudiced by a stay," and the stay "might avoid the need for costly and time-consuming discovery."); In re Currency Conversion Fee Antitrust Litig., No. MDL 1409, M21-95, 2002 WL 88278, at *2-3 (S.D.N.Y. Jan. 22, 2002) (granting partially a motion to stay discovery pending a motion to dismiss, even though the defendants failed to convince the court that their motion to dismiss "will be dispositive of all claims," but "given the number of parties to this action and the substantial cost of discovery typical of antitrust cases of this magnitude," and because the plaintiffs failed to demonstrate "any unfair prejudice" from the stay); Spencer, 206 F.R.D. at 368 (staying discovery pending a motion to dismiss, which appears "to have substantial arguments for dismissal of many, if not all, of the claims," because "the expense and possible injury to the success of defendants' current contractual negotiations [with a third party] are great."). However, where different courts are deciding the stay motion and the motion to dismiss, it is a waste of judicial resources for the court deciding the stay motion to consider the strength of the motion to dismiss as a factor in determining the stay motion, because it represents an unnecessary and unjustified duplication of efforts. See, e.g., Johnson v. New York Univ. School of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (granting a motion to stay discovery pending a motion to dismiss without any analysis). Accordingly, instead of considering the strength of the defendants' motion to dismiss, the Court will consider the fact that the defendants "filed a dispositive motion," see Spencer, 206 F.R.D. at 368, and other factors relevant to the defendants' motion.

Breadth of Discovery and the Burden of Responding to It

According to the defendants, "LDC LLC produced over 90,000 pages of documents to the CFTC in response to the subpoena," and it would need "to review every previously produced document to identify commercially sensitive material that might disclose trade secrets or similar business information," which could "take over 1000 attorney hours" and "cost at least $250,000 in attorney fees." Although the plaintiffs assert that "only a fraction of the amount of documents is at issue," they do not specify to what amount, in this action, "a fraction" refers. That "90,000 pages is a small fraction of the documents in other cases" is irrelevant and does not demonstrate whether 90,000 is "a small fraction" of the documents requested in this action. Notwithstanding the defendants' failure to specify the exact number of pages produced to the CFTC and the inconsistency of their submissions, compare Docket Entry No. 49, Stephen Ehrenberg Decl.¶ 3 ("over 90,000 pages") with Docket Entry No. 55, Defs.' Reply 9 ("90,000 total pages"), the Court finds that 90,000 pages is not an insignificant number of pages to review, and it appears that the defendants' production to the CFTC possibly exceeded that number.

The parties disagree about whether the defendants waived their attorney work-product protection by producing documents in response to the CFTC subpoena that are the subject of the plaintiffs' Document Request No. 3. Thus, the defendants' position on waiver of the attorney work-product protection would necessitate their review of "over 90,000 pages of documents" produced to the CFTC. The defendants estimate that it would take them "over 1000 attorney hours" to review "each page in as quickly as a minute," which is a considerable amount of time. Moreover, the parties appear to agree that confidentiality concerns may be remedied by a stipulated confidentiality order. Negotiating such an order would require the expenditure of time in addition to that which would be expended by the defendants' in reviewing "over 90,000

11

pages." The Court finds that the burden associated with responding to the plaintiffs' Document Request No. 3 is significant.

### Prejudice from the Stay

The plaintiffs assert that prejudice will attend them from staying discovery because of the potential expiration of the statute of limitations with respect to their claim of "conspiracy which was carried out by many parties, including some parties who, based on present information, are yet to be named. *Amended Complaint* ¶ 17." The consolidated amended complaint, at ¶ 17, names John Does 1-10 as "other persons, whose identities are unknown to Plaintiffs," and who are "affiliates or associates" of the defendants. The plaintiffs contend that the defendants' "unlawful conduct took place almost two years ago, beginning in March 2011." Assuming that: (1) the plaintiffs cannot meet the requirements of Fed. R. Civ. P. 15(c) to avoid any applicable statute of limitations bar, see Aslanidis v. United States Lines, Inc., 7 F.3d 1067, 1075 (2d Cir. 1993) ("'John Doe' pleadings cannot be used to circumvent statutes of limitations" and amending the complaint to replace John Doe with a named party "may only be accomplished when all of the specifications of Fed. R. Civ. P. 15(c) are met."); and (2) the plaintiffs' contention that the two-year statute of limitations started running in March 2011 is true, the plaintiffs appear to be outside of the purported statute of limitations period, since two years from March 2011 had expired by the time the plaintiffs' motion to compel discovery was briefed. Consequently, it does not appear that denying the defendants' motion for a stay will eliminate potential statute of limitations issues with respect to the conspiracy claims against John Does 1-10.

The plaintiffs' assertions that: (1) witnesses' memories fade with the passage of time; and (2) the potential exists for relevant documents to be destroyed by non-parties, are the usual

litigation risks that affect all the parties equally, regardless of the amount of time permitted for discovery. The plaintiffs failed to demonstrate that a short delay in discovery will impose any unfair prejudice on them.

The Court finds that the defendants demonstrated good cause for staying discovery because: (a) their motion to dismiss has been filed and will be argued on May 17, 2013; (b) the stay is for a short period of time; and (c) the plaintiffs will not be unduly prejudiced by the stay. Given that this consolidated action involves seven member actions and five related actions and the adjudication of the pending motion to dismiss might avoid the need for costly and time-consuming discovery, granting the defendants' motion for a stay is warranted.

## *Conclusion*

For the foregoing reasons, the defendants' motion for a stay of discovery, Docket Entry No. 47, is granted. All discovery is stayed until the resolution of the motion to dismiss.

Dated: New York, New York  
      May 8, 2013

SO ORDERED:

_Kevin Nathaniel Fox_  
KEVIN NATHANIEL FOX  
UNITED STATES MAGISTRATE JUDGE