**MEMO ENDORSED**

# LOVELL STEWART HALEBIAN JACOBSON LLP

61 Broadway, Suite 501
New York, New York 10006
www.lshllp.com

Telephone
212.608.1900

Facsimile
212.719.4775

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-27-13

September 25, 2013

RECEIVED
SEP 25 2013
ANDREW L. CARTER, JR.
U.S. DISTRICT JUDGE
S.D.N.Y.

**BY ECF AND ELECTRONIC MAIL**
The Honorable Andrew L. Carter, Jr.
United States District Judge
Southern District of New York
United States Courthouse
New York, New York 10007-1312

Re:   *In re: Term Commodities Cotton Futures Litig.*, 12-cv-5126 (ALC) (KNF) (S.D.N.Y.)

Dear Judge Carter:

As Court appointed counsel for all Plaintiffs, I am writing pursuant to Your Honor's Individual Practices 2.B, in order to respectfully request oral argument on the pending motion to dismiss and leave to submit a four page letter in response to Defendants' arguments in Docket No. 76.

Plaintiffs respectfully submit that this submission would be convenient for the Court and of great assistance in assessing Docket No. 76. This is especially true due to the "esoteric"[1] commodity futures markets, the inherently "complex"[2] futures manipulation claim at issue here, and the somewhat different procedure employed here: Defendants' real arguments responding to the new allegations of the Complaint were put forth in their Reply, Docket No. 76.

Consistent with Your Honor's Individual Practices 2.B, Plaintiffs have not attached or submitted this letter nor previewed the substance. Plaintiffs are prepared to file such letter as soon as leave from the Court is granted.

Thank you very much.

Respectfully submitted,

*/s/ Christopher Lovell*
Christopher Lovell

cc:   Counsel of Record (by electronic mail)

*Plaintiffs' request for a sur-reply is DENIED.*

*SO ORDERED.*

*Andrew Y Carter*
9-27-13

---

[1] *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Curran*, 456 U.S. 353, 355-6 (1982) ("The [Commodity Exchange Act ("CEA")] has been aptly characterized as 'a comprehensive regulatory structure to oversee the volatile and esoteric futures trading complex.'").
[2] *In re Sumitomo Copper Litigation*, 74 F.Supp. 2d 393, 395 (S.D.N.Y. 1999) (CEA manipulation cases are "complex and difficult").