**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------X
IN RE:  TERM COMMODITIES                       :
COTTON FUTURES LITIGATION                    :
                                                              :  Master Docket
                                                              :  No. 12-cv-5126 (ALC) (KNF)
                                                              :
                                                              :
                                                              :
This Document Relates To:  All Actions          :
                                                              :
                                                              :
                                                              :
-------------------------------------------------------X

**ANSWER OF THE DEFENDANTS**

Defendants Louis Dreyfus Commodities B.V., LDC Holding Inc., Louis Dreyfus

Commodities LLC, Term Commodities Inc., LD Commodities Cotton LLC, and Joseph Nicosia

(collectively, "Defendants"), by and through their undersigned counsel, answer Plaintiffs'

Second Consolidated Amended Complaint, dated June 10, 2013 (the "Complaint"), as follows:

1.      Defendants deny the allegations of Paragraph 1.

2.      Defendants deny the allegations of Paragraph 2.

3.      Defendants deny the allegations of Paragraph 3, except admit, upon

information and belief, that (i) cotton merchants and cotton futures contract trading provides

societal benefits, and (ii) cotton supplies in the United States tend to vary over the course of the

year.

4.      Defendants deny knowledge or information sufficient to form a belief as

to the allegations of Paragraph 4(c), and deny the remaining allegations of Paragraph 4, except

(i) admit that certain Defendants, through Term Commodities Inc., stopped 3,898 May 2011

futures contracts for delivery; (ii) admit, upon information and belief, that a total of 3,928

May 2011 futures contracts were stopped for delivery; (iii) admit that the term "backwardation"

may be used to refer to a market condition in which the futures contract price for nearby delivery is greater than the futures contract price for deferred delivery; and (iv) admit that the terms "contango" or "carry" may be used to refer to a market condition in which the futures contract price for nearby delivery is less than the futures contract price for deferred delivery.

5.    Defendants deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 5(c), and deny the remaining allegations of Paragraph 5, except (i) admit that Defendants stopped 1,613 July 2011 futures contracts for delivery, and (ii) admit, upon information and belief, that a total of 1,629 July 2011 futures contracts were stopped for deliveries.

6.    Defendants deny the allegations of Paragraph 6, and respectfully refer the Court to the article referenced in Paragraph 6(f), CFTC Regulation 1.3(z), and Rule 6.19 of the Cotton No. 2 Rules for ICE Futures U.S., Inc. ("ICE") for complete and accurate descriptions of their contents.

7.    The third sentence of Paragraph 7 consists of legal assertions to which no response is required; to the extent a response is required, Defendants deny the third sentence of Paragraph 7.  Defendants deny the remaining allegations of Paragraph 7, except (i) admit that cotton is a commodity; (ii) admit that cotton futures and options contracts are traded on ICE; and (iii) admit, upon information and belief, that cotton futures trading on ICE takes place within the Southern District of New York.

8.    Upon information and belief, Defendants deny the allegations of Paragraph 8.

9.      Defendants deny the allegations of Paragraph 9 and deny that this Court has personal jurisdiction over Louis Dreyfus Commodities B.V., except admit that this Court has subject matter jurisdiction over this action.

10.     Defendants deny the allegations of Paragraph 10.

11.     Defendants deny knowledge or information sufficient to form a belief as to the allegations in the first sentence of Paragraph 11(a), and the first, fourth, and fifth sentences of Paragraph 11(b), and deny the remaining allegations of Paragraph 11.

12.     Defendants deny knowledge or information sufficient to form a belief as to the third sentence of Paragraph 12 and deny the remaining allegations of Paragraph 12, except admit that (i) Louis Dreyfus Commodities B.V. is a private limited liability company incorporated in the Netherlands; (ii) Louis Dreyfus Commodities B.V. owns subsidiaries and affiliates in various countries, including the United States; and (iii) subsidiaries of Louis Dreyfus Commodities B.V. purchase and sell cotton and other commodities in the United States and other countries.

13.     Defendants deny knowledge or information sufficient to form a belief as to the second, fourth, and fifth sentences of Paragraph 13(b), and deny the remaining allegations of Paragraph 13, except admit that (i) LD Commodities Cotton LLC, which does business as Allenberg Cotton Co., is a Delaware Limited Liability Company; (ii) LD Commodities Cotton LLC is indirectly a wholly owned subsidiary of Louis Dreyfus Commodities LLC, LDC Holding Inc., and Louis Dreyfus Commodities B.V.; (iii) LDC Holding Inc. is a Delaware corporation whose principal place of business is at 40 Danbury Road, P.O. Box 810, Wilton, CT 06897-0810; (iv) LDC Holding Inc. is indirectly a wholly owned subsidiary of Louis Dreyfus

Commodities B.V.; and (v) Claude Ehlinger is Executive Vice President of LDC Holding Inc. and Chief Financial Officer of Louis Dreyfus Commodities B.V.

14.     Defendants admit the fourth sentence of Paragraph 14 and deny the remaining allegations, except (i) admit that Term Commodities Inc. is, directly or indirectly, a wholly owned subsidiary of Louis Dreyfus Commodities LLC, LDC Holding Inc., and Louis Dreyfus Commodities B.V.; (ii) admit that Term Commodities Inc. is a clearing member on ICE, the Chicago Board of Trade, and the New York Mercantile Exchange; and (iii) admit that, on the exchanges of which it is a clearing member, Term Commodities Inc. clears futures and options transactions on behalf of the other named Defendants or their affiliates.

15.     Defendants deny the allegations of Paragraph 15, except admit that (i) Louis Dreyfus Commodities LLC owns, directly or indirectly, Term Commodities Inc. and LD Commodities Cotton LLC, and (ii) the principal place of business for Louis Dreyfus Commodities LLC is located in Wilton, Connecticut.

16.     Defendants deny the allegations of Paragraph 16, except admit that (i) Joseph Nicosia is currently a member of both the Senior Executive Committee and the Executive Group of Louis Dreyfus Commodities B.V.; (ii) in 2011, Nicosia was the Chief Executive Officer of LD Commodities Cotton LLC, a Director and Vice President of LDC Holding Inc., a member of the Executive Group of Louis Dreyfus Commodities B.V., and Senior Platform Head for Cotton of Louis Dreyfus Commodities B.V.; (iii) Nicosia has served as a Director of the New York Board of Trade; (iv) Nicosia currently serves as a Director of the American Cotton Shippers Association; (v) Nicosia is a Director of The Seam, LLC; (vi) Anthony Tancredi was President of LD Commodities Cotton LLC until September 7, 2012; (vii) Tancredi became Global Platform Head for Cotton of LD Commodities B.V. on

-4-

November 5, 2012; (vii) Tancredi became the Chief Executive Officer of LD Commodities Cotton LLC on July 1, 2013; (ix) Thomas Malone became the Vice President and Chief Operating Officer of LD Commodities Cotton LLC on September 23, 2010; and (x) the CFTC served a subpoena on Allenberg Trading LLC and Louis Dreyfus Commodities LLC on February 7, 2012, in response to which certain Defendants produced documents.

17. Defendants deny the allegations of Paragraph 17.

18. Defendants deny knowledge or information sufficient to form a belief as to the last sentence of Paragraph 18 and deny the remaining allegations of Paragraph 18, except admit that a futures contract is a standardized contract to buy or sell a specific asset at an agreed upon strike price, with delivery occurring on a future date.

19. Defendants deny knowledge or information sufficient to form a belief as to Paragraph 19, except admit that, in some circumstances, a market participant who has purchased a cotton futures contract may be able to offset the contract by selling a cotton futures contract to another market participant.

20. Defendants deny knowledge or information sufficient to form a belief as to Paragraph 20, except admit that (i) the term "long" is used to refer to a market participant who is buying cotton under a futures contract; (ii) the term "short" is used to refer to the market participant who is selling cotton under a futures contract; (iii) if the "long" does not offset or liquidate a cotton futures position, the long ordinarily must take delivery of cotton on the delivery date; and (iv) if the "short" does not offset or liquidate a cotton futures position, the short ordinarily must make delivery of cotton on the delivery date.

21. Defendants deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 21(a), deny the remaining allegations of Paragraph 21, and

respectfully refer the Court to ICE records for a complete and accurate description of their contents.

22.     Defendants deny the allegations of Paragraph 22.

23.     Defendants deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 23, except admit that the term "spread position" may be used to refer to a trader who has a long futures position for one delivery month and a short futures position in the same commodity for another delivery month.

24.     Defendants deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 24, except admit that the term "spreads" may be used to refer to price differentials in certain contexts.

25.     Defendants deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 25, and respectfully refer the Court to the rules and regulations of the Commodity Futures Trading Commission for a complete and accurate description of their contents.

26.     Defendants deny the allegations of Paragraph 26, except admit that, under normal circumstances, the ICE Cotton No. 2 contract has delivery dates in the months of March, May, July, October, and December.

27.     Defendants deny the allegations of Paragraph 27, except admit, upon information and belief, that ICE has issued rules for the Cotton No. 2 futures contract and respectfully refer the Court to the ICE Cotton No. 2 Rules for a complete and accurate description of their contents.

28.     Upon information and belief, Defendants admit the allegations of Paragraph 28.

29.    Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 29(f), 29(g), 29(k), 29(l), and 29(m), and deny the remaining allegations of Paragraph 29, except with respect to the first sentence of Paragraph 29 and Paragraph 29(c), 29(d), 29(e), and 29(f), admit, upon information and belief, that ICE has issued rules for the Cotton No. 2 futures contract, and respectfully refer the Court to the ICE Cotton No. 2 Rules for a complete and accurate description of their contents.

30.    Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 30, except with respect to the second and third sentences of Paragraph 30, admit, upon information and belief, that ICE has issued rules for the Cotton No. 2 futures contract, and respectfully refer the Court to ICE Cotton Resolution No. 2 for a complete and accurate description of its contents.

31.    Defendants deny the second sentence of Paragraph 31(f), the second and third sentences of Pargraph 31(g), and Paragraphs 31(h) and (j), and deny knowledge or information sufficient to form a belief as to the remaining allegations in Paragraphs 31, except (i) admit, upon information and belief, the first sentence of Paragraph 31(f), and (ii) with respect to the first sentence of Paragraph 31, aver, upon information and belief, that ICE has issued rules for the Cotton No. 2 futures contract, and respectfully refer the Court to the ICE Cotton No. 2 Rules for a complete and accurate description of their contents.

32.    Defendants deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 32.

33.    The first sentence of Paragraph 33 consists of legal assertions to which no response is required; to the extent a response is required, Defendants deny knowledge or

information sufficient to form a belief as to the first sentence of Paragraph 33.  Defendants deny the remaining allegations of Paragraph 33.

34.    Defendants deny knowledge or information sufficient to form a belief as to the allegations in the first three sentences of Paragraph 34, and deny the remaining allegations of Paragraph 34.

35.    Defendants deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 35.

36.    Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraphs 36(a)–36(d) and 36(i), and deny the remaining allegations of Paragraph 36, except (i) admit that certain Defendants owned physical cotton during March and April 2011; (ii) admit that Term Commodities Inc. began stopping deliveries on the March 2011 contract on March 9, 2011; (iii) admit that Term Commodities Inc. stopped 88 March 2011 contracts by March 14, 2011; (iv) admit that Term Commodities Inc. stopped 120 March 2011 contracts by March 16, 2011; and (v) respectfully refer the Court to the United States Department of Agriculture World Agriculture Supply and Demand Estimates Report for a complete and accurate description of its contents.

37.    Paragraph 37 consists of legal assertions to which no response is required. To the extent a response is required, the Defendants deny the allegations of Paragraph 37.

38.    Defendants deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 38.

39.    Defendants deny the allegations of Paragraph 39, except admit, upon information and belief, that ICE issues market data reports and respectfully refer the Court to the ICE market data reports for a complete and accurate description of their contents.

40.    Defendants deny the allegations of Paragraph 40, except admit, upon information and belief, that ICE transmits notices relating to deliveries, and respectfully refer the Court to the ICE notices for a complete and accurate description of their contents.

41.    Defendants deny the allegations of Paragraph 41, except admit, upon information and belief, that (i) on the May 2011 Contract, First Notice Day was April 25, 2011, the first delivery date was May 2, 2011, and the Last Trading Day was May 6, 2011; and (ii) on the July 2011 Contract, First Notice Day was June 24, 2011, the first delivery date was July 1, 2011, and the last trade date was July 7, 2011.

42.    Defendants deny knowledge or information sufficient to form a belief as to the allegations in the first three sentences of Paragraph 42 and Paragraphs 42(a)–(b), and deny the remaining allegations of Paragraphs 42, except admit that certain Defendants, through Term Commodities Inc., stopped 3,898 Cotton No. 2 contracts for delivery between April 25, 2011, and May 13, 2011, and respectfully refer the Court to ICE records for a complete and accurate description of their contents.

43.    Defendants deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 43, except admit that certain Defendants, through Term Commodities Inc., stopped 1,613 Cotton No. 2 contracts for delivery between June 24, 2011 and July 14, 2011, and respectfully refer the Court to ICE records for a complete and accurate description of their contents.

44.    Defendants deny the allegations of Paragraph 44, except admit that (i) Term Commodities Inc. stopped 3,898 Cotton No. 2 Contracts for delivery between April 25, 2011 and May 13, 2011, and 1,613 Cotton No. 2 Contracts between June 24, 2011 and July 14,

2011, and (ii) Term Commodities Inc. stopped contracts for delivery on behalf of other named Defendants or their affiliates.

45. Defendants deny the allegations of Paragraph 45, except admit that certain Defendants, through Term Commodities Inc., held positions in the May 2011 Cotton No. 2 Contract and the July 2011 Cotton No. 2 Contract and stopped deliveries on some of those contracts.

46. Defendants deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 46.

47. Defendants deny the allegations of Paragraph 47, except admit that certain Defendants, through Term Commodities Inc., on more than one date prior to the applicable First Notice Date, purchased long contracts in the May 2011 Contract and the July 2011 Contract.

48. Defendants deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 48.

49. Defendants deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 49.

50. Defendants deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 50.

51. Defendants deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 51, except admit that the term "roll" may be used to refer to offsetting a position in a shorter-term futures contract and establishing or increasing a position in a longer-term futures contract for the same commodity.

52. Defendants (i) deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 52(f), (h), and (i), the first two sentences of Paragraph 52(a),

the first sentence of Paragraph 52(g), the first four sentences of Paragraph 52(o), the table contained in Paragraph 52(o); (ii) deny the remaining allegations of Paragraph 52; and (iii) respectfully refer the Court to ICE records for a complete and accurate description of their contents.

53.    Defendants deny the allegations of Paragraph 53.

54.    Defendants deny the allegations of Paragraph 54.

55.    Defendants deny the allegations of Paragraph 55, except admit that the term "exchange for physical" may be used to refer to a transaction in which physical cotton is exchanged for a futures contract.

56.    Defendants deny the allegations of Paragraph 56, except admit that Term Commodities Inc. took delivery on some May 2011 ICE Cotton No. 2 contracts.

57.    Defendants deny knowledge or information sufficient to form a belief as to the first, fourth, and fifth sentences of Paragraph 57, and deny, upon information and belief, the remaining allegations of Paragraph 57.

58.    Defendants deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 58, except admit that (i) the abbreviation "EFP" may be used to refer to "an Exchange for Physical," (ii) an Exchange for Physical may involve exchanging physical cotton for a futures contract, and (iii) Defendants did not purchase the cotton allegedly offered on the SEAM on April 13, 2011.

59.    Defendants deny knowledge or information sufficient to form a belief as to the first and fourth sentences of Paragraph 59, and deny, upon information and belief, the remaining allegations of Paragraph 59, except admit that Defendants did not purchase the cotton allegedly offered on the SEAM on April 15, 2011.

60. Defendants deny knowledge or information sufficient to form a belief as to the first sentence of Paragraph 60, and deny, upon information and belief, the remaining allegations of Paragraph 60, except admit that Defendants did not purchase the cotton allegedly offered on the SEAM on April 19, 2011.

61. Defendants deny knowledge of information sufficient to form a belief as to Paragraph 61(f), 61(h), and 61(i), and deny the remaining allegations of Paragraph 61, except admit that (i) the term "basis" may be used to refer to the difference between the spot price of a commodity and the futures price for the same commodity; (ii) the SEAM is an online platform for buying and selling cotton; (iii) the SEAM acts as an intermediary to the transactions that take place on the SEAM, and takes certain steps to reduce the credit risk of those transactions, and (iv) the SEAM can facilitate transactions that could involve growers, merchants, or textile mills.

62. Defendants deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 62.

63. Defendants deny the allegations of Paragraph 63.

64. Defendants deny the allegations of Paragraph 64.

65. Defendants deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 65.

66. Defendants deny knowledge or information sufficient to form a belief as to the first four sentences of Paragraph 66(a) and the first four sentences of Paragraph 66(b) and deny the remaining allegations of Paragraph 66.

67. Defendants deny knowledge or information sufficient to form a belief as to the first four sentences of Paragraph 67(a) and the first four sentences of Paragraph 67(b) and deny the remaining allegations of Paragraph 67.

68.    Defendants deny the allegations of paragraph 68.

69.    Defendants deny knowledge or information sufficient to form a belief as to the allegationsof Paragraph 69, and respectfully refer the Court to the A-Index for a complete and accurate description of its contents.

70.    Defendants deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 70.

71.    Defendants deny the allegations of Paragraph 71.

72.    Defendants deny the allegations of Paragraph 72.

73.    Defendants deny the allegations of Paragraph 73, except admit that, given certain market conditions and under certain assumptions, (i) if demand decreases relative to expectations, prices tend to fall; and (ii) if supply increases relative to expectations, prices tend to fall.

74.    Defendants deny knowledge or information sufficient to form a belief as to the first four sentences of Paragraph 74, deny the remaining allegations of  Paragraph 74, and respectfully refer the Court to the USDA Export Sales Query System for a complete and accurate description of its contents.

75.    Defendants deny knowledge or information sufficient to form a belief as to allegations of Paragraph 75, and respectfully refer the Court to the USDA Export Sales Query System for a complete and accurate description of its contents.

76.    Defendants deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 76, and respectfully refer the Court to the USDA Export Sales Query System for a complete and accurate description of its contents.

77. Defendants deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 77, and respectfully refer the Court to the articles cited in Paragraph 77 for a complete and accurate description of their contents.

78. Defendants deny the allegations of Paragraph 78.

79. Defendants deny the allegations of Paragraph 79.

80. Defendants deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 80, and respectfully refer the Court to USDA statistics for a complete and accurate description of their contents.

81. Defendants deny the allegations of Paragraph 81.

82. Defendants deny knowledge or information sufficient to form a belief as to the allegations in the first sentence of Paragraph 82, and deny the remaining allegations of Paragraph 82.

83. Defendants deny knowledge or information sufficient to form a belief as to the allegations in the first sentence of Paragraph 83, and deny the remaining allegations of Paragraph 83.

84. Defendants deny the allegations of Paragraph 84.

85. Defendants deny the allegations of Paragraph 85.

86. Defendants deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 86.

87. Defendants deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 87.

88. Defendants deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 88.

89.    Defendants deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 89.

90.    Defendants deny knowledge or information sufficient to form a belief as to the first sentence of Paragraph 90 and deny the remaining allegations of Paragraph 90.

91.    Defendants deny the allegations of Paragraph 91.

92.    Defendants deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 92, and respectfully refer the Court to the USDA World Agricultural Supply and Demand Estimates report for a complete and accurate description of its contents.

93.    Defendants deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 93, and respectfully refer the Court to ICE records for a complete and accurate description of their contents.

94.    Defendants deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 94.

95.    Defendants deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 95, and respectfully refer the Court to ICE records for a complete and accurate description of their contents.

96.    Defendants deny knowledge or information sufficient to form a belief as to the allegations in the first two sentences of Paragraph 96 and deny the remaining allegations of Paragraph 96.

97.    Defendants deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 97, and respectfully refer the Court to ICE records for a complete and accurate description of their contents.

98.    Defendants deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 98.

99.    Defendants deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 99, and respectfully refer the Court to ICE records for a complete and accurate description of their contents.

100.    Defendants deny knowledge or information sufficient to form a belief as to the allegations in the first two sentences of Paragraph 100, and deny the remaining allegations of Paragraph 100.

101.    Defendants deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 101, and respectfully refer the Court to ICE records for a complete and accurate description of their contents.

102.    Defendants deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 102.

103.    Defendants deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 103, and respectfully refer the Court to ICE records for a complete and accurate description of their contents.

104.    Defendants deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 104.

105.    Defendants deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 105.

106.    Defendants deny the allegations of Paragraph 106.

107.    Defendants deny the allegations of Paragraph 107.

108.    Defendants deny the allegations of Paragraph 108.

109.     Defendants deny the allegations of Paragraph 109.

110.     Defendants deny the allegations of Paragraph 110.

111.     Defendants deny the allegations of Paragraph 111.

112.     Defendants deny the allegations of Paragraph 112, except admit that the term "cotton on-call contracts" may be used to refer to contracts for the sale of cotton in which the price is based on premiums or discounts over the price of a particular cotton futures contract.

113.     Defendants deny the allegations of Paragraph 113, except admit that the term "cotton on-call contract" may be used to refer to a contract in which the buyer can instruct the seller to establish the final contract price.

114.     Defendants deny the allegations of Paragraph 114, except admit that the term "basis" may be used to refer to the difference between the cash price and the futures price for a particular commodity.

115.     Defendants deny the allegations of Paragraph 115, except admit that the term "call cotton" may be used to refer to physical cotton bought or sold at a price to be fixed later based upon a specified delivery month futures contract price.

116.     Defendants deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 116, except admit, upon information and belief, that the CFTC publishes Cotton On-Call reports, and respectfully refer the Court to the Cotton On-Call reports for a complete and accurate description of their contents.

117.     Defendants deny the allegations of Paragraph 117.

118.     Defendants deny the allegations of Paragraph 118.

119.     Defendants deny the allegations of Paragraph 119.

120.    Defendants deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 120, except admit that ICE futures contract prices are publicly reported.

121.    Defendants deny the allegations of Paragraph 121.

122.    Defendants deny the allegations of Paragraph 122.

123.    Defendants deny the allegations of Paragraph 123.

124.    Paragraph 124 consists of legal assertions to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 124.

125.    Defendants deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 125.

126.    Paragraph 126 consists of legal assertions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 126.

127.    The first sentence of Paragraph 127 consists of legal assertions to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the first sentence of Paragraph 127.  Defendants deny the remaining allegations of Paragraph 127.

128.    Defendants deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 128.

129.    Paragraph 129 consists of legal assertions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 129.

130.    Paragraph 130 consists of legal assertions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 130.

131.    Paragraph 131 consists of legal assertions to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the last sentence of Paragraph 131, and deny the remaining allegations of Paragraph 131.

132.    Defendants deny the allegations of Paragraph 132.

133.    Defendants deny the allegations of Paragraph 133.

134.    Defendants deny the allegations of Paragraph 134, except (i) admit that certain Defendants, through Term Commodities Inc., took delivery of 3,898 May 2011 ICE Cotton No. 2 contracts; and (ii) admit that certain Defendants, through Term Commodities Inc., took delivery of 1,613 July 2011 ICE Cotton No. 2 contracts.

135.    Defendants deny the allegations of Paragraph 135.

136.    Defendants repeat and re-state each and every answer to Paragraphs 1–135 as if fully set forth herein.

137.    Defendants deny the allegations of Paragraph 137.

138.    Defendants deny the allegations of Paragraph 138, except (i) admit that certain Defendants purchased ICE Cotton No. 2 futures for May 2011 and July 2011, and took delivery on some of these contracts; and (ii) admit that the CFTC served a subpoena on Allenberg Trading LLC and Louis Dreyfus Commodities LLC on February 7, 2012, in response to which certain Defendants produced documents.

139.    Defendants deny the allegations of Paragraph 139.

140.    Defendants deny the allegations of Paragraph 140.

141.    Defendants deny the allegations of Paragraph 141, except (i) admit that LD Commodities Cotton LLC, d/b/a Allenberg Cotton Co., is indirectly a wholly owned

subsidiary of Louis Dreyfus Commodities LLC; (ii) admit that Term Commodities Inc. is a wholly owned subsidiary of Louis Dreyfus Commodities LLC; (iii) admit that Louis Dreyfus Commodities LLC is a wholly owned subsidiary of LDC Holding Inc.; (iv) admit that LDC Holding Inc. is indirectly a wholly owned subsidiary of Louis Dreyfus Commodities B.V., and (v) admit that certain Defendants, through Term Commodities Inc., purchased May 2011 and July 2011 long cotton futures contracts and took delivery on some of those contracts.

142.    Defendants deny the allegations of Paragraph 142.

143.    Defendants deny the allegations of Paragraph 143, except admit that some Defendants had experience purchasing or selling cotton and cotton futures prior to May 2011.

144.    Defendants deny the allegations of Paragraph 144.

145.    Defendants deny the allegations of Paragraph 145.

146.    Defendants deny the allegations of Paragraph 146.

147.    Defendants deny the allegations of Paragraph 147.

148.    Defendants repeat and re-state each and every answer to Paragraphs 1–147 as if fully set forth herein.

149.    Defendants deny the allegations of Paragraph 149.

150.    Defendants deny the allegations of Paragraph 150, except (i) admit that LDC Holding Inc. is indirectly a wholly owned subsidiary of Louis Dreyfus Commodities B.V.; and (ii) admit that all other defendants (except Joseph Nicosia and the "John Doe" Defendants) are, directly or indirectly, wholly owned subsidiaries of LDC Holding Inc.

151.    Defendants deny the allegations of Paragraph 151, except admit that Louis Dreyfus Commodities LLC wholly owns, directly or indirectly, Term Commodities Inc. and LD Commodities Cotton LLC.

152.   Defendants deny the allegations of Paragraph 152, except admit that Term Commodities Inc. is a clearing member of the ICE.

153.   Defendants deny the allegations of Paragraph 153, except admit that LD Commodities Cotton, d/b/a Allenberg Cotton Co., is indirectly a wholly owned subsidiary of Louis Dreyfus Commodities LLC, LDC Holding Inc., and Louis Dreyfus Commodities B.V.

154.   Defendants deny the allegations of Paragraph 154, except admit that (i) Joseph Nicosia was Chief Executive Officer of LD Commodities Cotton LLC in 2011, (ii) Nicosia was the Senior Platform Head of Cotton of LD Commodities B.V. in 2011, and (iii) Nicosia is a member of the Executive Group of Louis Dreyfus Commodities LLC.

155.   Defendants deny the allegations of Paragraph 155.

156.   Defendants deny the allegations of Paragraph 156.

157.   Defendants deny the allegations of Paragraph 157.

158.   Defendants repeat and re-state each and every answer to Paragraphs 1–157 as if fully set forth herein.

159.   Defendants deny the allegations of Paragraph 159.

160.   Defendants deny the allegations of Paragraph 160.

161.   Defendants deny the allegations of Paragraph 161.

162.   Defendants deny the allegations of Paragraph 162.

163.   It is not necessary to respond to the allegations of Paragraph 163 in light of the Court's Order of December 20, 2013, which dismissed the claim to which these allegations relate.

164.    It is not necessary to respond to the allegations of Paragraph 164 in light of the Court's Order of December 20, 2013, which dismissed the claim to which these allegations relate.

165.    It is not necessary to respond to the allegations of Paragraph 165 in light of the Court's Order of December 20, 2013, which dismissed the claim to which these allegations relate.

166.    It is not necessary to respond to the allegations of Paragraph 166 in light of the Court's Order of December 20, 2013, which dismissed the claim to which these allegations relate.

167.    It is not necessary to respond to the allegations of Paragraph 167 in light of the Court's Order of December 20, 2013, which dismissed the claim to which these allegations relate.

## AFFIRMATIVE DEFENSES

Defendants state the following affirmative defenses without assuming the burden of proof on such defenses that would otherwise rest with Plaintiff.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint fails to allege the existence of any coconspirators who are capable of conspiring with each other under the Sherman Act.

### THIRD AFFIRMATIVE DEFENSE

The Court lacks personal jurisdiction over Louis Dreyfus Commodities B.V.

### FOURTH AFFIRMATIVE DEFENSE

"Allenberg Cotton Co." is not a legal entity and does not have the capacity to be sued.

### FIFTH AFFIRMATIVE DEFENSE

This action is not maintainable as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs and other members of the putative class lack standing to maintain some or all of the claims asserted in the Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs neglected to perform the necessary due diligence required of short sellers by failing to make adequate preparations to deliver physical cotton in fulfillment of their contractual obligations.

### EIGHTH AFFIRMATIVE DEFENSE

Defendants' purchases of long positions in the May 2011 Contract and the July 2011 Contract were entered into in connection with actual commercial need for cotton and were not undertaken with manipulative intent.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to mitigate or to take reasonable efforts to mitigate, minimize or avoid the alleged damages, if, in fact, any damages were sustained (which Defendants expressly deny).

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' alleged damages, if, in fact, any damages were sustained (which Defendants expressly deny), were not

caused by any conduct on the part of the Defendants or any person or entity whose acts may be attributed to Defendants.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by laches, equitable estoppel, waiver, unclean hands, *in pari delicto*, or other related equitable doctrines.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or part, because Defendants did not act with the requisite scienter and acted at all times in good faith with a reasonable basis, in accordance with applicable law, and without knowledge of any wrongful acts or intent.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not suffered antitrust injury or any injury of the type the antitrust laws were intended to prevent.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the Complaint has insufficiently alleged a product and geographic market, and is so vague and ambiguous as to deny Defendants notice of the markets alleged by Plaintiffs.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for damages are barred, in whole or in part, because their alleged damages, if any, are speculative and uncertain, and because of the impossibility of ascertaining, and allocating these alleged damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs would be unjustly enriched if they were permitted to obtain any recovery in this action.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, insofar as Plaintiffs lack standing to assert those claims.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and allegations are improperly vague, ambiguous and confusing.

## NINETEENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to raise additional defenses, counterclaims, cross-claims and third-party claims not asserted herein of which they may become aware through discovery or other investigations and will withdraw, amend or modify their Answer accordingly. Defendants further reserve the right to withdraw defenses that they determine are not applicable during the course of discovery and other proceedings in this case.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray for judgment dismissing the Complaint on the merits, in its entirety and with prejudice, awarding Defendants costs and disbursements incurred in this action, and awarding such additional relief as the Court may deem just and appropriate.

Dated: New York, New York
        February 14, 2014

Respectfully submitted,

/s/ Stephen Ehrenberg
Stephen Ehrenberg
John J. Hughes, III
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
Telephone:  (212) 558-4000
Facsimile:  (212) 558-3588

Kenneth M. Raisler                    *Counsel for All Defendants*
Bruce E. Clark
*Of Counsel*

-25-