# LOVELL STEWART HALEBIAN JACOBSON LLP

61 Broadway, Suite 501
New York, New York 10006
www.lshllp.com

| | | |
|---|---|---|
| Telephone | | Facsimile |
| 212.608.1900 | | 212.719.4775 |

March 21, 2014

**BY ECF AND ELECTRONIC MAIL**
The Honorable Andrew L. Carter, Jr.
United States District Judge
Southern District of New York
United States Courthouse
New York, New York 10007-1312

Re:   *In re: Term Commodities Cotton Futures Litig.,* 12-cv-5126 (ALC) (KNF) (S.D.N.Y.)

Dear Judge Carter:

      As an attorney for Plaintiffs in this action, I am respectfully submitting this letter in order to report the status of the parties' negotiations concerning a proposed protective order that would govern the use and handling of documents and other discovery materials in this action.

      The parties have now reached agreement on such protective order EXCEPT with respect to certain access to documents designated "Highly Confidential" pursuant to such protective order. Specifically, Plaintiffs and Defendants disagree as to whether documents designated "Highly Confidential" should be made available to the following two categories of persons:

(A)   one (1) employee of each Plaintiff collectively (or, if the Plaintiff is an individual, the individual Plaintiff) and one (1) employee of each Defendant collectively, to whom it is necessary that Discovery Material designated as Highly Confidential under this Protective Order be shown in connection with the preparation and trial of this action; provided, however, that prior to any such person receiving any Discovery Material designated as Highly Confidential, the person shall be provided with a copy of this Protective Order and shall execute a copy of EXHIBIT A – ACKNOWLEDGEMENT AND DECLARATION OF COMPLIANCE; and

(B)   anticipated and actual deponents, trial witnesses, and hearing witnesses in this Action, and their counsel, to whom it is necessary that the Discovery Material designated as Confidential under this Protective Order be shown in connection with the examination, provided, however, that prior to such disclosure any such witness shall be provided with a copy of this Protective Order and shall execute a copy of EXHIBIT A - ACKNOWLEDGMENT AND DECLARATION OF COMPLIANCE;

The Honorable Andrew L. Carter, Jr.
March 21, 2014
Page 2

      Plaintiffs' position is that the persons in categories (A) and (B) above should have the ability to review highly confidential documents.  Defendants' position is that they should not.  Attached hereto are the parties' respective versions of the [Proposed] Protective Order.  The proposed orders are identical except that Plaintiffs' version (Exhibit 1) includes the above two categories of persons as being able to have access to highly confidential documents whereas Defendants' version (Exhibit 2) does not.  *Compare* Exhibit 1 at Sections D.1.(b) and D.1(e) *with* Exhibit 2 at Section D.1.

      Plaintiffs' position on this dispute is set forth below.  Defendants will respond with their position by letter on Monday, March 24, 2014.

****

      First, Defendants, as the party seeking an order "forbidding the disclosure of discovery," have the burden under Rule 26(c) to show "good cause."  Fed. R. Civ. P. 26(c); *see also Penthouse Int'l, Ltd. v. Playboy Enterprises, Inc.*, 663 F.2d 371, 391 (2d Cir. 1981) (where, as here, the documents at issue "are relevant, the burden is upon the party seeking non-disclosure or a protective order to show good cause").  A showing of "good cause" requires more than "[b]road allegations of harm unsubstantiated by specific examples or articulated reasoning," but rather requires "the moving party [to] demonstrate that 'disclosure will work a clearly defined and very serious injury.'" *ABC Rug & Carpet Cleaning Serv. Inc. v ABC Rug Cleaners, Inc.*, 08 CIV.5737 RMB RLE, 2009 WL 105503 (S.D.N.Y. Jan. 14, 2009) (citations omitted).

      Defendants have not yet prospectively satisfied that burden with respect to any document.

      Second, the primary purpose of the protective order to which the parties have agreed, is to prevent exactly the type of harm that Defendants imply will result if Plaintiffs are allowed to view highly confidential documents.  That is, the proposed protective order expressly prohibits parties from using highly confidential materials for purposes other than this action.  *See* Exhibit 1, [Proposed] Protective Order, at Section A.2 (discovery materials in this action "may not be used for any government, business or other any purpose of than the prosecution or defense of this Action").  Defendants have speculated that Plaintiff Mark Allen will violate the express terms of the protective order and misuse discovery materials.  This speculation falls well short of a showing of "good cause."

      Third, case law has recently rejected such speculation as insufficient in similar previous commodity futures manipulation cases.  *U.S. Commodity Futures Trading Comm'n v. Parnon Energy Inc.*, 11 CIV. 3543 WHP, 2013 WL 5882921 at *3 (S.D.N.Y. Oct. 25, 2013) ("*Parnon*") (denying motion for protective order arguing alleged potential for competitive harm based on speculation that parties would use documents in a manner that clearly violated the protective order).

      Fourth, this Court has a well-established policy of limiting the review of relevant documents solely to counsel and experts **only** when such documents contain trade secrets,

The Honorable Andrew L. Carter, Jr.
March 21, 2014
Page 3

copyrights, and other confidential research and development information.[1]  The information to be produced herein is not trademark, copyright, intellectual property, trade secrets or "R and D." On the contrary, it is "run of the mill" cotton merchant documentation.

      Fifth, moreover, the relevant discovery materials that Defendants seek to prevent Plaintiffs from reviewing are likely to be several years old as the relevant time period in this case is in or around March through July 2011.  Courts in this District have previously found that stale business information, particularly complex financial transactions, is unlikely to be valuable to competitors.  *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 255 (S.D.N.Y. 2009).

      For all the foregoing reasons, and because the "esoteric"[2] commodity futures markets favor review of documents that are well known to market participants but esoteric to the public at large, Plaintiffs' version of the protective order provision relating to named Plaintiff Mark Allen should be allowed.  And Defendants can make no blanket prospective showing that they should be the ones to determine what the Plaintiffs can review.

      Far less important, Plaintiffs also believe they should have the ability to question non-party deponents about highly confidential information as long as prior to any non-party deposition, the non-party deponent is provided with a copy of the protective order and executes Exhibit A thereto, which binds the non-party to the provisions of the protective order.

      This type of protection has recently been accepted in a similar commodity futures manipulation and antitrust class action.  *Parnon*, 2013 WL 5882921 at *3 ("requiring witnesses to execute a declaration of compliance before being shown highly confidential non-party information will further ensure that sensitive information is not used for improper purposes").

      Accordingly, Plaintiffs respectfully request that the Court enter their version of the [Proposed] Protective Order non-party provision as well.  Thank you very much.

      Respectfully submitted,
      */s/ Christopher Lovell*
      Christopher Lovell

cc:    Counsel of Record (by ECF and electronic mail)

---

[1] *See, e.g., Vesta Corset Co., Inc. v. Carmen Foundations, Inc.,* 1999 WL 13257, at *3 (S.D.N.Y. Jan 13, 1999) (patent and trademark infringement action where the parties requested that its president be allowed to review a direct competitor's pricing, manufacturing specifications, customer lists and dealings with a common customer); *Quotron Systems, Inc., v. Automatic Data Processing, Inc.,* 141 F.R.D. 37, 40 (S.D.N.Y.1992) (citing concerns of "potential commercial espionage" and denying plaintiffs' request for parties to access "material that may contain proprietary programming of the defendant"); *Culligan v. Yamaha Motor Corp.,* 110 F.R.D. 122, 126 (S.D.N.Y.1986); *Stillman v. Vassileff,* 100 F.R.D. 467, 468 (S.D.N.Y.1984); *Sullivan Marketing, Inc., v. Valassis Communications, Inc.,* 1994 WL 177795, at *2 (S.D.N.Y.1994).

[2] *Merrill Lynch, Pierce, Fenner & Smith, Inc. v Curran*, 456 US 353, 355-56 (1982).