# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

IN RE:  TERM COMMODITIES      :
COTTON FUTURES LITIGATION  :
                                       :    MASTER DOCKET
                                       :    No. 12-cv-5126 (ALC) (KNF)
                                       :
                                       :
This Document Relates To:  All Actions  :
                                       :
                                       :
                                       :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION
TO STRIKE THE EXPERT REPORTS OF DR. CRAIG PIRRONG**

Stephen Ehrenberg
William H. Wagener
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
Telephone:  (212) 558-4000
Facsimile:  (212) 558-3588

Kenneth M. Raisler
*Of Counsel*                                      *Attorneys for Defendants*

June 9, 2017

## <u>TABLE OF CONTENTS</u>

*Page*

**PRELIMINARY STATEMENT** .................................................................................1

**BACKGROUND** ....................................................................................................3

    A.    Scheduling Orders Governing Expert Discovery ....................................3

    B.    Pirrong's Opening, Responsive, and Rebuttal Reports.............................3

    C.    Pirrong Serves an Unauthorized "Supplemental Report"
        Purportedly to Correct Errors in His Original Reports. ...........................5

    D.    Depositions Reveal That Plaintiff Misrepresented the Nature of the
        Supplemental Report and That Pirrong's Reports Do Not Disclose
        the Bases for His Opinions. ...................................................................7

        1.    Nature of Supplemental Report ................................................ 8

        2.    Bases for Opinions.................................................................. 9

    E.    ████████████████████████████████
        ████████████████████.................................12

    F.    Pirrong's Addendum Continues to Change Calculations He Relies
        Upon for His Opinions.........................................................................13

    G.    Summary of Pirrong's Disclosure Violations ........................................14

**ARGUMENT** ......................................................................................................15

**I.**    **PLAINTIFF VIOLATED RULE 26 AND THE SCHEDULING
     ORDER BY FAILING TO TIMELY DISCLOSE PIRRONG'S
     OPINIONS AND ALL BASES FOR THOSE OPINIONS.** .........................15

    A.    Pirrong Failed to Disclose the "Basis and Reasons" for His
        Opinions.............................................................................................15

    B.    Pirrong's "Supplemental Report" and "Addendum" Improperly
        Attempt to Bolster His Earlier Reports.................................................17

    C.    Pirrong Failed to Adequately Disclose the Opinions He Plans to
        Offer...................................................................................................18

II.   **PLAINTIFF'S VIOLATIONS REQUIRE THAT ALL OF PIRRONG'S OPINIONS BE STRICKEN**..................................................19

    A.   The Facts Demonstrate Plaintiff's Gamesmanship Rather Than Any "Substantial" Justification for Plaintiff's Actions..........................19

    B.   Plaintiff's Violations Are Not Harmless...............................................22

    C.   The *Softel* Factors Warrant Preclusion. ...........................................23

III.  **AT A MINIMUM, PIRRONG'S SUPPLEMENTAL REPORT AND ADDENDUM SHOULD BE STRICKEN**.....................................................24

**CONCLUSION** ........................................................................................25

## <u>TABLE OF AUTHORITIES</u>

*Page(s)*

**Cases**

*Advanced Analytics, Inc.* v. *Citigroup Global Mkts., Inc.*,
    301 F.R.D. 31 (S.D.N.Y 2014) ...................................................................................19, 24

*Cedar Petrochemicals, Inc.* v. *Dongbu Hannong Chem. Co.*,
    769 F. Supp. 2d 269 (S.D.N.Y. 2011)....................................................................17, 18, 25

*Chen* v. *New Tren Apparel, Inc.*,
    8 F. Supp. 3d 406 (S.D.N.Y. 2014) ......................................................................................15

*Design Strategy, Inc.* v. *Davis*,
    469 F.3d 284 (2d Cir. 2006).................................................................................................19

*Dongguk Univ.* v. *Yale Univ.*,
    No. 3:08-CV-00441, 2011 WL 1935865 (D. Conn. May 19, 2011) ................................ 15-16

*Every* v. *Makita U.S.A., Inc.*,
    No. 02 Civ. 8545, 2005 WL 2757952 (S.D.N.Y. Oct. 24, 2005) .......................................1, 23

*Giladi* v. *Strauch*,
    No. 94-3976, 2001 WL 388052 (S.D.N.Y. Apr. 16, 2001) ....................................................24

*Jung* v. *Neschis*,
    No. 01 Civ. 6993, 2007 WL 5256966 (S.D.N.Y. Oct. 23, 2007) ...........................................21

*Lidle* v. *Cirrus Design Corp.*,
    No. 08-1253, 2009 WL 4907201 (S.D.N.Y. Dec. 18, 2009) .....................................16, 17, 23

*Morritt* v. *Stryker Corp.*,
    No. 07-CV-2319, 2011 WL 3876960 (E.D.N.Y. Sept. 1, 2011) ...........................................24

*Point Prods. A.G.* v. *Sony Music Entm't, Inc.*,
    No. 93 Civ. 4001, 2004 WL 345551 (S.D.N.Y. Feb. 23, 2004)............................................24

*Reed* v. *Binder*,
    165 F.R.D. 424 (D.N.J. 1996)..............................................................................................16

*Sandata Tech. Inc.* v. *Infocrossing, Inc.*,
    No. 05 Civ. 09546, 2007 WL 4157163 (S.D.N.Y. Nov. 16, 2007) .......................................17

*Schiller* v. *City of N.Y.*,
    No. 04-7921, 2008 WL 4525341 (S.D.N.Y. Oct. 9, 2008)...................................................19

*Softel, Inc.* v. *Dragon Med. & Scientific Commc'ns, Inc.*,
    118 F.3d 955 (2d Cir. 1997) ........................................................................................ 19, 23

*United States* v. *Procter & Gamble Co.*,
    356 U.S. 677 (1958) ........................................................................................................ 1

*Williams* v. *Cnty. of Orange*,
    No. 03 Civ. 5182, 2005 WL 6001507 (S.D.N.Y. Dec. 13, 2005) ............................... 22

**Other Authorities**

Fed. R. Civ. P. 26 ............................................................................................ *passim*

Fed. R. Civ. P. 37 .................................................................................... 2-3, 19, 20

Defendants Louis Dreyfus Company B.V., Louis Dreyfus Company Holding Inc., Louis Dreyfus Company LLC, Term Commodities Inc., Louis Dreyfus Company Cotton LLC (a/k/a Allenberg Cotton Co.), and Joseph Nicosia (collectively, "defendants") respectfully submit this Memorandum of Law in Support of Their Motion to Strike the Expert Reports of Dr. Craig Pirrong.

## PRELIMINARY STATEMENT

"Modern instruments of discovery . . . make a trial less a game of blind man's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *Every* v. *Makita U.S.A., Inc.*, No. 02 Civ. 8545, 2005 WL 2757952, at *6 (S.D.N.Y. Oct. 24, 2005) (quoting *United States* v. *Procter & Gamble Co.*, 356 U.S. 677, 682 (1958)).  To that end, litigants must disclose all expert witnesses and provide a report containing, *inter alia*, "a *complete statement* of *all opinions* the witness will express and *the basis and reasons* for them." Fed. R. Civ. P. 26(a)(2)(B)(i) (emphasis added).  Then, "[a]fter a party has produced reports for its proposed experts, the opposing party has an opportunity to depose the experts and test their conclusions." *Every*, 2005 WL 2757952, at *6.  Improper expert disclosures "frustrate that scheme" and may properly be excluded. *Id.*

The conduct of plaintiff and his expert, Dr. Craig Pirrong, turns Rule 26 on its head.  Rule 26 is meant to provide each party an opportunity to confront—at the *outset* of expert discovery—a complete statement of an opposing expert's opinions and the bases therefor, to have the party's own experts analyze those opinions and prepare responsive reports, and to test those opinions and bases through cross examination of the expert.  Plaintiff has thwarted that orderly process by continually changing Pirrong's opinions through seriatim unauthorized expert reports—submitted well after the deadlines imposed by this Court and after pertinent

depositions, including after the close of expert discovery—and by misstating in reports and testimony the bases for Pirrong's opinions.  This Court's scheduling orders permitted each expert one opening report, one responsive report and one rebuttal report.  Pirrong has instead submitted *eight* reports, including a "supplemental report" served eight months after the deadline for opening reports (and two months after the deadline for rebuttal reports) and an "*addendum*" served after the close of expert discovery, plus an "*errata*," also served after the close of expert discovery—each of which sets forth an ever-changing array of opinions, assumptions, scenarios and calculations.  None of these unauthorized submissions were based on new information that was unavailable to Pirrong at the outset of expert discovery.

Defendants have not had the opportunity contemplated by Rule 26.  Instead, defendants have had no opportunity to test Pirrong's latest opinions, because the so-called "addendum" and "errata" materially changed his opinions and the bases therefor and were not disclosed until after the close of expert discovery, and after defendants had already deposed Pirrong for a second time due to earlier disclosure violations.  Even now, the record is unclear as to what opinions Pirrong will offer at trial, as Pirrong himself testified that ███████████ █████████████ (Ex. A,[1] Transcript of Sept. 30, 2016 and Oct. 25, 2016 Depositions of Dr. Craig Pirrong ("Pirrong Dep. Tr."), at 434:8-16.)  Plaintiff's suggestion in pre-motion letters that the appropriate remedy is a continuance and further deposition of Pirrong is just a proposal to endlessly continue the game of cat and mouse that Rule 26 is meant to prevent.

Preclusion of Pirrong's reports is appropriate, because these repeated discovery

---

[1]     All exhibits referenced herein are attached to the Declaration of William H. Wagener, dated June 9, 2017.

failures are neither "substantially justified" nor "harmless."  Fed. R. Civ. P. 37(c)(1).[2]  Pirrong's

rapid-fire revisions to his reports are not justifiable; a "supplemental" report is no substitute for a

proper, timely report.  Nor can these revisions possibly be considered harmless when  defendants

have had no opportunity to confront Pirrong's latest iteration of his opinions and, even after

numerous do-overs, it is *still* unclear what Pirrong intends to say at summary judgment or at trial.

## BACKGROUND

A.      **Scheduling Orders Governing Expert Discovery**

On February 6, 2015, plaintiff submitted to Judge Carter a joint status report and

proposed scheduling order that contemplated three rounds of expert reports—merits, responsive

merits, and rebuttal merits reports—followed by a period of expert discovery (*i.e.*, expert

depositions).  (ECF No. 120-1.)  Judge Carter so-ordered the parties' proposed scheduling order

on February 9, 2015.  (ECF No. 122.)  On December 21, 2015, Your Honor modified the

deadlines for merits and responsive expert reports at plaintiff's request.  (ECF No. 251, at 47.)

On February 18, 2016, Your Honor modified the deadlines for responsive and rebuttal merits

expert reports and the close of expert discovery, as a result of certain confidentiality disputes.

(ECF No. 274.)  Your Honor again modified the scheduling order on August 8, 2016 and

September 29, 2016 to, *inter alia*, extend the deadline for completing expert discovery.  (ECF

Nos. 338, 350.)  Under the revised scheduling orders, opening reports were due on January 19,

2016, responsive reports were due on April 15, 2016, rebuttal reports were due on July 11, 2016,

and expert discovery closed on October 28, 2016.

B.      **Pirrong's Opening, Responsive, and Rebuttal Reports**

The timeline of Pirrong's expert submissions is summarized in Exhibit B to the

---

[2]      These discovery failures are separate from the myriad substantive problems with
Pirrong's work, which Defendants will address in a *Daubert* challenge if necessary.

Declaration of William H. Wagener.  On January 19, 2016, Pirrong submitted a 220-page

opening expert report.  This was followed by a "supplemental" opening report on January 27,

2016 ("Supp. Initial Report") and an "amended" opening report on February 8, 2016 ("Am.

Initial Report"), each of which adjusted and revised various components of Pirrong's analysis

and which constituted the first two violations of the Court's scheduling orders.  (Ex. C, Supp.

Initial Report ¶ 684; Ex. D, Am. Initial Report ¶¶ 684-85.)  On April 15, 2016, Pirrong submitted

a 70-page responsive report ("Responsive Report").  On July 11, 2016, Pirrong submitted a 230-

page rebuttal report, followed by an "amended" rebuttal report on July 18, 2016 ("Am. Rebuttal

Report"), which ████████████████████████████████████

████████████████████████████████ constituted the third violation of the

Court's scheduling orders.  (Ex. E, Am. Rebuttal Report ¶¶ 168-173.)

As relevant here, Pirrong's reports included the following analyses:

- ████████████████████████████████████
  ████████████████████████████████████
  ████████████████████████████████████
  ████████████████████████████████████
  ████████████████████████

- ████████████████████████████████████
  ████████████████████████████████████
  ████████████████████████████

- ████████████████████████████████
  ████████████████████████████████████
  ████████████████

- ████████████████████████████████████
  ████████████████████████████████
  ████████████████████████

It would later be revealed that Pirrong failed to disclose critical information that he relied upon

for these analyses, in violation of Rule 26 and the Court's scheduling orders.  (*Infra* pp. 9-12.)

**C.    Pirrong Serves an Unauthorized "Supplemental Report" Purportedly to Correct Errors in His Original Reports.**

On September 23, 2016, more than eight months after the January 19, 2016 deadline for opening expert reports, and two months after even the July 11, 2016 deadline for rebuttal reports, Pirrong served a "supplemental" expert report ███████████████████ ████████████████████████████████████████████████ (the "Supplemental Report"). This was the plaintiff's fourth violation of the Court's scheduling orders.  Further, in addition to missing the deadline by several months, the timing of the Supplemental Report is suspect in two ways.  First, plaintiff served this Supplemental Report the day *after* defendants deposed another of plaintiff's experts, John Mitchell, ████████████████████████████████████████ Second, it was served only a week before Pirrong was scheduled to be deposed.[3]  The Supplemental Report was accompanied by incomplete work papers that, when printed, amount to hundreds of pages.  (Defs.' Sept. 28, 2016 Ltr., ECF No. 349, at 2.)  Several additional work papers were provided to defendants on September 29, 2016, the day before Pirrong's deposition, after defendants complained that work papers appeared to be missing.  (Ex. G, Ltr. from J. Hughes to A. Miller, Sept. 28. 2016; Ex. H, E-mail from A. Miller to J. Hughes, Sept. 29, 2016.) Plaintiff did not provide one of the work papers to defendants until November 2, 2016, after both of Pirrong's depositions and the close of expert discovery—again after defendants specifically identified the missing file.  (Ex. I, E-mail from C. Mooney to J. Hughes, Nov. 2, 2016.)

---

[3] ████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████
██████████████████████████████████

Defendants promptly raised plaintiff's disclosure violation to the Court. (Defs.' Sept. 28, 2016 Ltr., ECF No. 349.) In their September 28, 2016 letter, defendants explained that they intended to move to strike Pirrong's untimely report, and sought an additional four-hour deposition of Pirrong and an additional three-hour deposition of Mitchell to establish a complete factual record for the motion. (*Id.* at 1.) In his response, plaintiff agreed to "further deposition time"—an hour and a half for Pirrong and an hour for Mitchell—but represented to the Court that Pirrong's "supplemental" report was proper because it "merely makes certain limited corrections to the analyses he previously conducted [and] . . . [i]n this regard . . . could be referred to as a 'corrected' or 'amended' report." (Pl.'s Oct. 3, 2016 Ltr., ECF No. 351, at 1-2.)

The Court ruled on defendants' request on October 11, 2016. (Oct. 11, 2016 Order, ECF No. 354.) The Court noted, with respect to "the issue of the timeliness of the Report," that plaintiff produced the Supplemental Report long after the deadline for the exchange of expert reports, but did not rule on its timeliness because "the parties appear[ed] to have resolved their dispute to the extent that they agree that follow-up depositions of the plaintiffs' experts are in order." (*Id.* at 3.) The Court granted defendants an additional two-hour deposition of Pirrong and an additional one-hour deposition of Mitchell. (*Id.* at 2.)

Contrary to plaintiff's claim that the Supplemental Report "merely makes certain limited corrections to the analyses [Pirrong] previously conducted" (Pl.'s. Oct. 3, 2016 Ltr., ECF No. 351, at 2), it offers new analysis based on data and documents that were previously available to Pirrong but that he failed to address in any of his earlier reports. These include:

- ██████████████████████████████████████████
  ████████████████████████████████████████
  ████████████████████████████████████████
  ████████████████████████████

- ████████████████████████████████████████████



These new analyses significantly alter Pirrong's opinions and were submitted only *after*

defendants' experts had their last opportunity to rebut Pirrong's analysis through the submission

of expert reports.  Further, while these new analyses altered Pirrong's calculations in ways that

would impact ███████████████████████ his prior reports,[4] he did not disclose what

the changed figures in his prior reports would be.  (*See, e.g.*, Ex. D, Am. Initial Report ¶¶ 98,

101, 104, 105, 164.)

       **D.**      **Depositions Reveal That Plaintiff Misrepresented the Nature of the Supplemental Report and That Pirrong's Reports Do Not Disclose the Bases for His Opinions.**

      Defendants first deposed Mitchell and Pirrong on September 22 and 30, 2016,

---

[4] ██████████████████████████████████████
████████████████████████████████████████
████████████████

respectively, and re-deposed those experts on October 25 and 26, 2016.  These depositions confirmed that Pirrong's Supplemental Report did not, as plaintiff had represented to the Court, merely make "limited corrections" to Pirrong's previous analysis (Pl.'s Oct. 3, 2016 Ltr., ECF No. 351, at 2), and revealed several deficiencies in Pirrong's disclosures as to the basis for his opinions.

### 1.    Nature of Supplemental Report

At his second deposition, ████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
████████████████████████████████████████████████████
██████████████████████████████████████████████████
████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████
████████████████████████████████████████████████████

Finally, while Pirrong implied in his Supplemental Report that ████████████████
████████████████████████████████████████████████████████████
██████████████████████████████████████████████████
████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████████████

███████████████████████████████████

### 2.   Bases for Opinions

Depositions also revealed that Pirrong's reports failed to provide, and in fact provided misleading information as to, the basis for a number of his opinions.

*First*, Mitchell's second deposition established that ████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████████████

█████████████████████████████████████████████

███████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████

      ████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████████████

███████████████████████████████████████████

---

5 ████████████████████████████████████
████████████████████████████████████████████████████████
███████████████████████████████████████████████
█████████████████████████████████

**Second**, Pirrong's depositions revealed that,

███████████████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

█████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████

**_Third_**, Pirrong engaged in similar disclosure violations in his analysis of

███████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

█████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████████████████████████

**_Finally_**, Pirrong █████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████

▪   ████████████████████████████████████
████████████████████████████

████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

█████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████

████████████████████████████████████

██████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████

████████████████████████████████████

███████████████████████████████████████████

**F.    Pirrong's Addendum Continues to Change Calculations He Relies Upon for His Opinions.**

On November 14, 2016, more than two weeks after the deadline for completion of expert discovery, Pirrong attempted to revise his opinions once again.  ██████████

██████████████████████████████████████████

████████████████████ (Ex. M, Pl.'s Nov. 14, 2016 Ltr., ECF No. 381-1, Ex. V.)  This was plaintiff's *fifth* violation of the Court's scheduling orders.  The Addendum was accompanied by a number of new or revised work papers that, when printed, amount to hundreds of pages. (Defs.' Dec. 1, 2016 Ltr., ECF No. 393-1, at 1.)  ████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████ (Pl.'s Nov. 14, 2016 Ltr., ECF No. 381-1, at 16.)

In addition to confirming that the Supplemental Report failed to adequately disclose the opinions he planned to offer at trial, the Addendum fails to cure the majority of even the specific examples of disclosure deficiencies defendants had previously identified.  ████

██████████████████████████████████████████

█████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████

██████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████

███████████████████████████████████████████████

█████████████████████████████████

### G.     Summary of Pirrong's Disclosure Violations

Pirrong's disclosure violations are as follows:

1.  Failing to disclose, and in fact providing false testimony as to, ████████████
    █████████████████████████████████████████████████████
    █████████████████████████████████████████████████████
    ████████████████████████████████████

2.  █████████████████████████████████████████████████
    ██████████████████████████████████████████
    ████████████████████████████████████████████
    █████████████████████████████████████████████████
    ██████████████████████████

3.  Submitting a Supplemental Report eight months after the deadline for opening reports,
    two months after the deadline for submission of the last round of expert reports, and after
    the deposition of plaintiff's expert Mitchell, who testified on related subjects;

4.  Providing new analysis in the Supplemental Report that was not based on information or
    documents that were previously unavailable;

5.  Failing to disclose the opinions he planned to offer in light of the new analysis in his
    Supplemental Report;

6.  Failing to disclose a number of work papers until the day before his deposition, failing to
    disclose one of the work papers relied on in the Supplemental Report until after the close
    of expert discovery, and continuing to fail to produce all of the MATLAB computer code
    he executed in performing his analysis; and

7.  Submitting an "Addendum" more than two weeks after the close of expert discovery in
    which he again attempted to revise his opinions.

**ARGUMENT**

I.   **PLAINTIFF VIOLATED RULE 26 AND THE SCHEDULING ORDER BY FAILING TO TIMELY DISCLOSE PIRRONG'S OPINIONS AND ALL BASES FOR THOSE OPINIONS.**

Rule 26(a)(2)(B) requires experts to provide "a complete statement of all opinions the witness will express and the basis and reasons for them," as well as "the facts or data" that the expert relied upon. *Chen* v. *New Tren Apparel, Inc.*, 8 F. Supp. 3d 406, 433 (S.D.N.Y. 2014) (quoting Fed. R. Civ. P. 26(a)(2)(B)). Further, parties must disclose expert testimony "at the times and in the sequence that the court orders." *Id.* (quoting Fed. R. Civ. P. 26(a)(2)(D)). Pirrong's disclosures in this case flagrantly violate Rule 26.

A.   **Pirrong Failed to Disclose the "Basis and Reasons" for His Opinions.**

Far from providing a "complete statement of . . . the basis and reasons" for his opinions, Fed. R. Civ. P. 26(a)(2)(B), deposition testimony revealed that Pirrong failed to disclose, and provided misleading information as to, the basis for elements of his analysis.

Although experts may sometimes rely on assumptions provided by counsel, any such assumptions must be properly disclosed. *See* Fed. R. Civ. P. 26(b)(4)(C); *Dongguk Univ.* v.

*Yale Univ.*, No. 3:08-CV-00441, 2011 WL 1935865, at *2 (D. Conn. May 19, 2011). ███

████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████

████████████████

████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████

(Ex. L, Errata at 2.)  This is precisely the sort of "surprise" Rule 26 is designed to prevent.  *Lidle* v. *Cirrus Design Corp.*, No. 08-1253, 2009 WL 4907201, at *5 (S.D.N.Y. Dec. 18, 2009); *see also Reed* v. *Binder*, 165 F.R.D. 424, 429 (D.N.J. 1996) ("The test of a report is whether it was sufficiently complete, detailed and in compliance with the Rules so that surprise is eliminated, unnecessary depositions are avoided, and costs are reduced."). ███████████████

████████████████████████████████████████████████

■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■

**B.      Pirrong's "Supplemental Report" and "Addendum" Improperly Attempt to Bolster His Earlier Reports.**

While Rule 26(e) requires a party who has made a disclosure under Rule 26(a) to "supplement or correct its disclosure . . . if the party learns that in some material respect the disclosure . . . is incomplete or incorrect," Fed. R. Civ. P. 26(e)(1), this does not mean that "experts are . . . free to continually bolster, strengthen, or improve their reports by endlessly researching the issues they already opined upon, or to continually supplement their opinions." *Cedar Petrochemicals, Inc.* v. *Dongbu Hannong Chem. Co.*, 769 F. Supp. 2d 269, 278 (S.D.N.Y. 2011) (citation omitted).  Rather, "[i]f an expert's report does not rely [on] any information that was previously unknown or unavailable to him, it is not an appropriate supplemental report under Rule 26." *Id.* (internal quotation marks omitted); *see also Lidle*, 2009 WL 4907201, at *5 (experts are not permitted "to serve a deficient opening report and then remedy the deficiency through the expedient of a 'supplemental' report"); *Sandata Tech. Inc.* v. *Infocrossing, Inc.*, No. 05 Civ. 09546, 2007 WL 4157163, at *4 (S.D.N.Y. Nov. 16, 2007) (duty to supplement expert reports arises "only if the expert subsequently learns of information that was previously unknown or unavailable").

While plaintiff represented to the Court that Pirrong's Supplemental Report—served more than eight months after the due date for opening reports and only one week prior to

his deposition—"merely makes certain limited corrections to the analyses he previously

conducted" (Pl.'s Oct. 3, 2016 Ltr., ECF No. 351, at 2), the report itself makes clear, and

Pirrong's deposition testimony confirms, ████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████ (*See supra* pp. 6-9.)  Pirrong's "Addendum," which was

submitted more than two weeks after the conclusion of expert discovery, ████████████

████████████████████████████████████████████████████████████████

████████████████████████████████ These reports are nothing more than

an effort to "bolster, strengthen, or improve [Pirrong's] reports by endlessly researching the

issues [he] already opined upon" and "continually supplement[ing] [his] opinions," which this

Court has made clear is improper.  *See Cedar Petrochemicals, Inc.*, 769 F. Supp. 2d at 278.

   **C.**     **Pirrong Failed to Adequately Disclose the Opinions He Plans to Offer.**

        Putting aside that plaintiff's blatant disregard of Rule 26 and the Court's

scheduling orders should not be condoned, it is still unclear what opinions Pirrong intends to

offer at trial. ████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████ It should not fall to defendants to

detail each of plaintiff's disclosure violations, only to allow Pirrong to "continually supplement

[his] opinions," and thus continue the game of cat and mouse.  *See Cedar Petrochemicals, Inc.*,

769 F. Supp. 2d at 278.  Pirrong indisputably failed to disclose his opinions "at the times and in

the sequence that the court order[ed], Fed. R. Civ. P. 26(a)(2)(D), and in light of his serial

revisions to his analyses his opinions are still a moving target.

## II.      PLAINTIFF'S VIOLATIONS REQUIRE THAT ALL OF PIRRONG'S OPINIONS BE STRICKEN.

Failure to comply with expert discovery deadlines warrants the imposition of

sanctions, including preclusion of the expert's testimony.  *See*, *e.g.*, *Advanced Analytics, Inc.* v.

*Citigroup Global Mkts., Inc.*, 301 F.R.D. 31, 35-42 (S.D.N.Y 2014) (precluding late-submitted

expert testimony under Federal Rules of Civil Procedure 16 and 37).  Pursuant to Rule 37(c)(1),

a party who fails to provide information required under 26(a) or (e) "is not allowed to use that

information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was

substantially justified or is harmless"—even if the party acted in good faith.  Fed. R. Civ. P.

37(c)(1); *see Design Strategy, Inc.* v. *Davis*, 469 F.3d 284, 296 (2d Cir. 2006) (preclusion under

Rule 37(c)(1) does "not require a showing of bad faith").  "The burden to prove substantial

justification or harmlessness rests with the dilatory party."  *Schiller* v. *City of N.Y.*, No. 04-7921,

2008 WL 4525341, at *3 (S.D.N.Y. Oct. 9, 2008).  Courts consider the following factors in

determining whether preclusion is warranted: "(1) the party's explanation for the failure to

comply with the discovery order; (2) the importance of the testimony of the precluded witness;

(3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new

testimony; and (4) the possibility of a continuance."  *Softel, Inc.* v. *Dragon Med. & Scientific

Commc'ns, Inc.*, 118 F.3d 955, 961 (2d Cir. 1997).

Plaintiff cannot meet the burden of demonstrating either a substantial justification

or that plaintiff's violations are harmless, and Pirrong's opinions must therefore be precluded.

### A.      The Facts Demonstrate Plaintiff's Gamesmanship Rather Than Any "Substantial" Justification for Plaintiff's Actions.

Plaintiff has provided no justification for the disclosure violations described

above, let alone a "substantial[]" one.  Fed. R. Civ. P. 37(c)(1). Instead, the record provides

strong evidence that plaintiff and Pirrong have engaged in intentional obfuscation with respect to

a number of these violations, and have been dilatory with respect to the others.

   *First*, ███████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

█████████████████████████████████████

   *Second*, plaintiff and Pirrong have failed to offer any meaningful explanation for

their decision to serve the untimely Supplemental Report and Addendum, and have in fact

attempted to mislead the Court and defendants as to their reasons.  While Pirrong suggests in his

Supplemental Report that █████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████████ For his part, plaintiff attempted to mislead the Court by falsely claiming that Pirrong's Supplemental Report "merely ma[de] certain limited corrections" to Pirrong's prior reports (Pl.'s Oct. 3, 2016 Ltr., ECF No. 351, at 2), when it in fact contained entirely new analysis. Courts have held that such misstatements are, on their own, sufficient to warrant preclusion. *See Jung* v. *Neschis*, No. 01 Civ. 6993, 2007 WL 5256966, at *9, *13-14 (S.D.N.Y. Oct. 23, 2007) (precluding plaintiffs from introducing expert's affidavits where plaintiffs' submission of information allegedly relied upon by expert was incomplete and misleading and did not make clear that information expert purportedly relied upon had been obtained from the husband of plaintiff and not expert himself).

*Third*, in addition to these false statements evincing bad faith, plaintiff was dilatory. ████████████████████████████████████████████████████████████ ████████████ even assuming he had a legitimate basis for issuing the report in the first place, Pirrong could have prepared it at any point, but he instead waited until the eve of the end of expert discovery. Pirrong purportedly ██████████████████████████████████████ ███████████████████████████████████████████████████████████ ██████████████████████████████████████████ (Ex. A, Pirrong Dep. Tr. 11:9-25.) Instead of serving the Supplemental Report before depositions, or at least warning defendants of its impending arrival, plaintiff sat on the draft until the day *after* defendants had deposed John Mitchell, ████████████████████████████████ Plaintiff continued to withhold hundreds of pages of Pirrong's disclosures until the day before his deposition.[6] Plaintiff has no excuse for not serving the report before depositions or, at the very least, telling

---

[6]     This was not an isolated occurrence. Plaintiff has withheld relevant information until the day before most of his experts' depositions. (*See* Defs.' Oct. 28, 2016 Ltr., ECF No. 360-1, at 8.)

defendants that they were working on a "supplemental" report, which would have enabled the parties to consider whether to seek a continuance of all expert depositions or otherwise to seek the Court's guidance.  This conduct is all the more reprehensible because it is merely a part of the broad pattern of gamesmanship that plaintiff has engaged in throughout the fact and expert discovery processes.[7]

  *Finally*, plaintiff's pervasive failure to disclose sources and work papers and serial amendments to expert reports demonstrate that he is not even attempting to comply with Rule 26. This is precisely the sort of "flagrant bad faith and callous disregard for the requirements of Rule 26(a)(2)" that courts have held warrant preclusion.  *See Williams* v. *Cnty. of Orange*, No. 03 Civ. 5182, 2005 WL 6001507, at *3-4 (S.D.N.Y. Dec. 13, 2005) (citation omitted).

  **B.** **Plaintiff's Violations Are Not Harmless.**

  Pirrong has now served a total of eight expert reports, two of them significantly after the deadline for expert reports and one of them even after the close of expert discovery.

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████ Defendants' experts have not had the opportunity to prepare reports responding to Pirrong's Supplemental Report, Addendum, or errata, and defendants have had no opportunity to confront the latest iteration of Pirrong's opinions, as expressed in the Addendum, or his revised testimony through either expert reports or cross examination.  Under these circumstances, there can be no question that defendants have not had the benefit of the "fair contest with the basic issues and facts disclosed to the fullest practicable extent" that Rule 26

---

[7]  Among other issues, plaintiff made 108 last-minute document discovery requests, submitted six letter motions at the very end of fact discovery, and attempted to substitute a new plaintiff more than a year after original plaintiff Stuart Satullo testified at his deposition that he did not wish to be a lead plaintiff or class representative.  (*See* ECF Nos. 251, 261-1, 433-1.)

seeks to guaranty.  *See Every*, 2005 WL 2757952, at *6 (citation omitted).

Plaintiff's pre-motion letters effectively concede as much, by proposing that defendants' experts be given an opportunity to respond to Pirrong's new analysis and defendants to take yet another deposition of Pirrong.  (Pl.'s Dec. 13, 2016 Ltr., ECF No. 402-1, at 3.)  But Rule 26 and this Court's scheduling orders must—and do—have teeth.  Plaintiff's proposal is just the latest attempt to force defendants to bear the cost and delay of chasing after plaintiff's ever-changing array of opinions and analyses.  And even if discovery were reopened to permit additional expert discovery and depositions, defendants would still be prejudiced because, as Pirrong admitted, ███████████████████████████████████████████████

████████████████████████████████████████  This is the opposite of what Rule 26 envisions:  "By 'locking' the expert witness into . . . 'a complete statement of all opinions to be expressed and the basis and reasons therefor,' the opposing party knows exactly what she is facing . . . .  When the expert supplements her report by addressing a new matter after discovery has ended, *the very purpose of the rule is nullified*."  *Lidle*, 2009 WL 4907201, at *5 (citation omitted) (emphasis added).  At this point, the only way to remedy this prejudice and end the cycle is to preclude Pirrong's opinions.

**C.    The *Softel* Factors Warrant Preclusion.**

As discussed above, plaintiff has failed to offer a persuasive explanation for Pirrong's disclosure violations, and has instead attempted to mislead the Court about the nature of Pirrong's untimely reports.  Further, these violations have prejudiced defendants, and will continue to do so if Pirrong's opinions are not precluded.  *See Softel*, 118 F.3d at 961-62 (inadequate explanation for failure to comply with requirements and prejudice to opposing party weighed in favor of preclusion).  The remaining *Softel* factors also weigh in favor of preclusion.

First, with regard to "the importance of the testimony of the precluded witness,"

*id.* at 961, while Pirrong's hundreds of pages of reports contain various analyses that plaintiff presumably plans to present at trial, plaintiff has retained three other testifying experts and does not appear to contend that Pirrong's testimony is essential to his case.  (*See* Pl.'s. Nov. 14, 2016 Ltr., ECF No. 381-1, at 6.)  At any rate, the asserted importance of Pirrong's testimony "only serves to underscore the inexcusable quality" of plaintiff's Rule 26 violations.  *Point Prods. A.G.* v. *Sony Music Entm't, Inc.*, No. 93 Civ. 4001, 2004 WL 345551, at *11 (S.D.N.Y. Feb. 23, 2004); *see Advanced Analytics*, 301 F.R.D. at 41; *Morritt* v. *Stryker Corp.*, No. 07-CV-2319, 2011 WL 3876960, at *7 (E.D.N.Y. Sept. 1, 2011).[8]

Second, a continuance would not be appropriate.  Plaintiff essentially proposes to start expert discovery anew; before Pirrong could testify at trial, he would need to redo his earlier reports to disclose *all* opinions he actually intends to offer, correctly describe *all* bases for those opinions, and then be deposed for a third time, and defendants' experts would need to respond to the amended reports.  Plaintiff has offered no justification that would warrant this.  Where, as here, a plaintiff's "Rule 26 violations . . . were not due to circumstances beyond [his] control," a continuance for an additional expert report is inappropriate.  *Giladi* v. *Strauch*, No. 94-3976, 2001 WL 388052, at *7 (S.D.N.Y. Apr. 16, 2001).

## III.   AT A MINIMUM, PIRRONG'S SUPPLEMENTAL REPORT AND ADDENDUM SHOULD BE STRICKEN.

Given the number and pervasiveness of Pirrong's disclosure violations, which run through all of his reports, the Court should preclude his opinions entirely, or at least preclude those opinions Pirrong has set forth on the topics addressed in the Supplemental Report and Addendum or for which he failed to disclose the basis ███████████████

---

[8]      Pirrong ████████████████████████████████████
████████████████████████████ further highlighting the inexcusable quality of these deficiencies.  (Ex. A, Pirrong Dep. Tr. 459:14-460:8.)

██████████████████████   Even if the Court is not inclined to strike all of Pirrong's

opinions, it should at a minimum strike (i) the Supplemental Report and Addendum, which "do[]

not rely [on] any information that was previously unknown or unavailable," *Cedar*

*Petrochemicals, Inc.*, 769 F. Supp. 2d at 278, and are thus plainly improper; (ii) ██████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████

## CONCLUSION

Defendants respectfully submit that, for the foregoing reasons, the Court should

strike the expert reports of plaintiff's expert Dr. Craig Pirrong.


Dated:  June 9, 2017                        Respectfully submitted,
      New York, New York

                                   /s/ Stephen Ehrenberg
                                   Stephen Ehrenberg (ehrenbergs@sullcrom.com)
                                   William H. Wagener (wagenerw@sullcrom.com)
                                   SULLIVAN & CROMWELL LLP
                                   125 Broad Street
                                   New York, New York  10004
                                   Telephone:  (212) 558-4000
                                   Facsimile:  (212) 558-3588


Kenneth M. Raisler
*Of Counsel*                                *Attorneys for Defendants*