USDC SDNY
DOCUMENT ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 3/22/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
IN RE: TERM COMMODITIES COTTON FUTURES LITIGATION,

MARK ALLEN and BRIAN LEDWITH, *individually and on behalf of others similarly situated*,

            Plaintiff,

-against-

TERM COMMODITIES, INC., ET AL.,

            Defendants.

12-CV-5126 (ALC)

---------------------------------------------------------------- x

ROBERT WALFORD, *individually and on behalf of others similarly situated*,

            Plaintiff,

-against-

TERM COMMODITIES, INC., ET AL.,

            Defendants.

12-CV-5269 (ALC)

---------------------------------------------------------------- x

CHRISTOPHER PINKHAM, *individually and on behalf of others similarly situated*,

            Plaintiff,

-against-

TERM COMMODITIES, INC., ET AL.,

            Defendants.

12-CV-5334 (ALC)

---------------------------------------------------------------- x

| | | |
|---|---|---|
| WILLIAM MEIERFELD, *individually and on behalf of others similarly situated*, | : : : : | |
| Plaintiff, | : : | 12-CV-5380 (ALC) |
| -against- | : : : | |
| TERM COMMODITIES, INC., ET AL., | : : : | |
| Defendants. | : : | |
| ------------------------------------------------------------------ x | | |
| RAYMOND C. CROSTA, *individually and on behalf of others similarly situated*, | : : : : | |
| Plaintiff, | : : | 12-CV-5563 (ALC) |
| -against- | : : : | |
| TERM COMMODITIES, INC., ET AL., | : : : | |
| Defendants. | : : | |
| ------------------------------------------------------------------ x | | |
| BRIAN LEDWITH and ADAM HARRINGTON, *individually and on behalf of others similarly situated*, | : : : : | 12-CV-5732 (ALC) |
| Plaintiff, | : : | **OPINION & ORDER** |
| -against- | : : : | |
| TERM COMMODITIES, INC., ET AL., | : : : | |
| Defendants. | : : | |
| ------------------------------------------------------------------ X | | |

ANDREW L. CARTER, JR., District Judge

## INTRODUCTION

In these consolidated proposed class actions, Plaintiffs Mark Allen and Brian Ledwith (hereinafter, "Plaintiffs"), bring this action, on behalf of themselves and other similarly situated spectators, against Defendants Louis Dreyfus Commodities B.V., Louis Dreyfus Commodities Cotton LLC (a/k/a Allenberg Cotton Company), LDC Holding Inc., Term Commodities, Inc., Louis Dreyfus Commodities LLC, and Joseph Nicosia (collectively, "Defendants"). Plaintiffs allege that Defendants violated the Commodities Exchange Act ("CEA") and the Sherman Act by unlawfully manipulating the price of Cotton No. 2 futures contracts via unreasonable and uneconomical delivery demands and other manipulative practices. Plaintiffs argue they suffered losses in liquidating their positions in May and July 2011 Cotton No. 2 futures contracts as a result of Defendants' conduct.

## PROCEDURAL HISTORY

Plaintiffs filed the Consolidated Amended Complaint on September 12, 2012. ECF No. 1. On June 10, 2013, Plaintiffs filed the Second Consolidated Amended Complaint ("SCAC"). ECF No. 65. Defendants moved to dismiss the SCAC on July 8, 2013. ECF No. 69. On December 20, 2013, the Court partially granted Defendants' Motion to Dismiss. ECF No. 80; *In re Term Commodities Cotton Futures Litig.*, No. 12-cv-5126, 2013 WL 9815198 (S.D.N.Y. Dec. 20, 2013). On January 3, 2014, Defendants moved for reconsideration. ECF No. 82. Upon reconsideration, the Court further dismissed Plaintiffs' claims arising under §1 of the Sherman Act. ECF No. 111.[1]

---

[1] Defendants' Motion to Dismiss was granted as to Plaintiffs' claims of unjust enrichment, but the Motion was otherwise denied. ECF No. 80. On reconsideration, Plaintiffs' antitrust claim arising under §1 of the Sherman Act was also dismissed. Plaintiff's remaining claims in this action include illegal manipulation under the CEA, 7 U.S.C. § 13(a)(2), aiding and abetting under the CEA, 7 U.S.C. § 25(a)(1), and a claim alleging monopolization under § 2 of the Sherman Act.

On October 30, 2016, one of the two original named Plaintiffs, Stuart Satullo ("Satullo"), moved to withdraw from the action. ECF No. 361. On November 3, 2016, the Court granted the Motion. ECF No. 370. On March 8, 2017, the remaining named Plaintiff, Mark Allen ("Allen"), moved to amend the SCAC. ECF No. 429. On February 28, 2018, United States Magistrate Judge Kevin N. Fox granted Allen's Motion to Amend. ECF No. 474. *In re Term Commodities*, No. 12-cv-5126, 2018 WL 1737706 (S.D.N.Y. Feb 28, 2018) ("Order"). Plaintiffs filed their Third Amended Complaint ("TAC") on March 16, 2018. ECF No. 484.

On May 29, 2018, Defendants requested leave to file a motion for judgment on the pleadings. ECF No. 496. On June 22, 2018, Defendants' request was granted by the Court. ECF No. 507. Defendants filed the instant Motion for Partial Judgment on the Pleadings seeking to dismiss Plaintiffs' claims with respect to the July 2011 Contract on July 13, 2018. ECF No. 506. ("Defs. Mem."). On August 10, 2018, Plaintiffs opposed Defendants' Motion. ECF No. 508. ("Pls. Opp."). Defendants filed their Reply to Plaintiffs' Opposition shortly thereafter. ECF No. 510. ("Defs. Rep.").

Defendants' Motion is deemed fully briefed. After careful review, Defendants' Motion for Partial Judgment on the Pleadings is hereby **DENIED**.

## BACKGROUND

Although familiarity with the factual background and preceding arguments is assumed, the Court briefly recounts the facts relevant to the instant motion.[2]

As stated, the SCAC was filed on June 10, 2013. The SCAC alleged Defendants fraudulently and uneconomically manipulated Cotton Futures prices, contracts, and deliveries relating to a May 2011 Contract and a July 2011 Contract, resulting in the "largest ever cotton

---

[2] For a more detailed explanation of commodity futures trading, see this Court's Order dated December 20, 2013. ECF No. 80.

4

squeeze" in market history. SCAC p. 10. The relevant time period for the May 2011 Contract consists of March 30, 2011 through May 6, 2011. *Id.* at 2. The relevant window for the July Contract spans from June 7, 2011 through July 7, 2011. *Id.* In the SCAC, Allen and Satullo were the named Plaintiffs. *See* SCAC. Between June 7, 2011 and July 7, 2011, Satullo was the only named Plaintiff who claimed to have personally transacted in the July Contracts. *Id.* at 13. Defendants moved to dismiss the SCAC on December 20, 2013. ECF No. 80. In partially denying Defendants Motion to Dismiss, this Court held that the facts, as alleged in the SCAC, were sufficient to state a CEA manipulation claim. *Id.* at 33.[3]

The remainder of 2013, the entirety of 2014 and 2015, and a good portion of 2016 were occupied by discovery, the facts of which are irrelevant to the instant motion. *See, e.g.* ECF. However, on October 30, 2016, Satullo moved to withdraw from the action. ECF No. 361. The Court granted Satullo's request on November 3, 2016. ECF No. 370. Plaintiffs identified Brian Ledwith ("Ledwith") as a suitable replacement for Satullo, and Judge Fox granted Plaintiffs leave to file a motion to amend the SCAC. ECF No. 425; *see* ECF No. 484 ("TAC"). On February 28, 2018, Judge Fox granted Plaintiffs' Motion to Amend the SCAC to add Ledwith as a named plaintiff. ECF No. 474 (hereinafter, the "Order"). In granting Plaintiff's Motion, Judge Fox determined that Ledwith "allege[d] ongoing manipulation through a series of uneconomic acts and, thus, can be said to have alleged actual damages, adequately, to establish standing under the CEA." *Id.* at 18.

---

[3] The Court used the following four-factor test to determine whether prices had been manipulated: "(1) the [defendant] had the ability to influence market prices; (2) the [defendant] specifically intended to do so; (3) the artificial prices existed; and (4) the [defendant] caused the artificial prices." *In re Platinum & Palladium Commodities Litig.*, 828 F. Supp. 588, 598 (S.D.N.Y. 2011) (citations omitted). After a thorough review of all four factors, the Court held "Plaintiffs' facts as set forth in the SCAC, when taken as true and drawing all reasonable inferences in their favor, state a CEA manipulation claim, including all four elements thereof." ECF No. 80, at 33.

In the instant Motion, Defendants seek to dismiss Plaintiff's claims regarding the July 2011 Contract arguing that Ledwith has failed to satisfy the CEA pleading standard, thus rendering Plaintiffs without a proper class Plaintiff for the July 2011 Contract.

**LEGAL STANDARD**

"When deciding Rule 12(c) motions for judgment on the pleadings, a court employs the standard that applies to motions to dismiss a complaint under Rule 12(b)(6). Thus, a court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the non-movant." *Walker v. Sankhi*, 494 F. App'x 140, 142 (2d Cir. 2012) (citing *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 429 (2d Cir. 2011)). This tenet, however, is "'inapplicable to legal conclusions.'" *Martine's Serv. Ctr., Inc. v. Town of Wallkill*, 554 F. App'x 32, 34 (2d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Simply put, to survive a Rule 12(c) motion, "[t]he complaint must plead 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* More specifically, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is *plausible* on its face." *Urbina v. City of New York*, 672 Fed.Appx. 52, 54 (2d Cir. 2016) (quoting *Bank of New York v. First Millennium, Inc.*, 607 F.3d 905, 922 (2d Cir. 2010)) (emphasis added). Finally, "[o]n a 12(c) motion, the court considers the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case." *L-7 Designs, Inc.*, 647 F.3d at 422.

## DISCUSSION

### I. CEA Pleading Standard

Section 22 of the CEA regulates futures trading and creates a private right of action for private plaintiffs meeting the requirements set forth within. *See* 7 U.S.C. § 25(a)(1). Section 25(a)(1) states, in part:

> "Any person ... who violates this chapter or who willfully aids, abets, counsels, induces, or procures the commission of a violation of this chapter shall be liable for *actual damages* resulting from one or more of the transactions referred to in subparagraphs (A) through (D) ..."[4]

*Id.* (emphasis added); *see Klein & Co. Futures, Inc. v. Board of Trade of City of New York*, 464 F.3d 255, 259-60 (2d Cir. 2006). "[D]istrict courts in this Circuit have consistently held that the fact that Section [25] limits a defendant's liability to actual damages compels a plaintiff to plead actual injury caused by the violation . . ." *Harry v. Total Gas & Power N. Am., Inc.*, 889 F.3d 104, 111 (2d Cir. 2018) (collecting cases) (internal citations omitted). Furthermore, courts have determined that the actual injury analysis is comparable to that of the injury in fact analysis utilized to determine constitutional standing.[5] *See id.* at 111-12 (citing *In re Commodity Exchange, Inc.*, 213 F. Supp. 3d 631. 650 (S.D.N.Y. 2016); *see also In re LIBOR-Based Financial Instruments Antitrust Litig.*, 962 F.Supp.2d 606 (S.D.N.Y. 2013) ("LIBOR I"))[6]. If a plaintiff is to successfully plead actual injury stemming from a defendant's market

---

[4] Subparagraphs (A) through (D) include any person "who received trading advise from such a person for a fee," any person who "made through such person any contract of sale of any commodity for future delivery . . .," any person who purchased, sold, or placed an order for the purchase of an option subject to section 6c, a contract subject to section 23, an "interest or participation in a commodity pool, or a "swap," and any person who purchased a contract described under subparagraph (B) if the violation constitutes the use or employment of "any manipulative device or contrivance in contravention of such rules and regulations as the Commission shall promulgate . . ." or a manipulation of the price of any such contract or swap. 7 U.S.C. § 25(a)(1)(A)-(D).

[5] The only difference between the two standards is that the actual injury analysis requires plausible, rather than colorable, injury. *See Total Gas*, 889 F.3d at 112.

[6] In *Total Gas*, the Second Circuit explicitly and unambiguously endorsed the standard utilized in LIBOR I by stating "[w]e see no reason to disturb this well-settled and entirely sensible reading of the statute." 889 F.3d at 111.

7

manipulations, she must satisfy two requirements. *Total Gas,* 889 F.3d at 111. First, she must plausibly allege "that she transacted in at least one commodity contract at a price that was lower or higher than it otherwise would have been absent the defendant's manipulations." *Id.* Second, she must plausibly allege that the manipulated prices were detrimental to her. *Id.* The facts alleged in a complaint "can be quite general statements about the nature of the instruments they are trading and the institutional contexts in which those trades take place." *Id.* at 112. If a complaint alleges that a plaintiff "traded and lost money during defendant's alleged market manipulation in the same contract type in the same exchange for delivery at the same time and place ..." her pleading is likely to be sufficient." *Id.*

## II. Plaintiff Ledwith's Complaint Sufficiently Satisfies Both Prongs of the CEA Pleading Standard

Here, Plaintiff Ledwith has sufficiently alleged violations of the CEA by way of unlawful manipulation of Cotton Futures contracts. First, Ledwith specifically states that he "purchased fifty-seven July 2011 Contracts." TAC ¶ 11(b). Ledwith claims that Defendants artificially manipulated the prices, and that Defendants' "manipulation and artificial inflation" of these prices cause him significant losses. *Id.* Second, Ledwith specifically alleges losses of approximately $289,520 on the July 2011 Contract indicating the detrimental impact of the market manipulation. *Id.* The factual allegations in the TAC sufficiently allege that Ledwith "traded and lost money during defendants' alleged market manipulation" of the July 2011 Contact. *Total Gas,* 889 F.3d at 112. Thus, Ledwith has satisfied the CEA pleading requirements as outlined in *Total Gas. See id.*

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Partial Judgment on the Pleadings is hereby **DENIED.**

**SO ORDERED.**

Dated:     March 22, 2019
               New York, New York

                                            **ANDREW L. CARTER, JR.**
                                            **United States District Judge**