**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------x
IN RE:  TERM COMMODITIES                :
COTTON FUTURES LITIGATION               :
                                        :  MASTER DOCKET
                                        :  No. 12-cv-5126 (ALC) (KNF)
                                        :
                                        :
                                        :
This Document Relates To:  All Actions  :
                                        :
                                        :
                                        :
-------------------------------------------------------x
```

**DECLARATION OF STEPHEN EHRENBERG IN SUPPORT OF**
**DEFENDANTS' MOTION TO FILE UNDER SEAL**
**CERTAIN OF THEIR NOVEMBER 18, 2019 SUBMISSIONS**

STEPHEN EHRENBERG hereby declares:

1.      I am a member of the law firm of Sullivan & Cromwell LLP, counsel for

Defendants in this action, and a member of the Bar of this Court.  I make this Declaration in

support of Defendants' Motion to File Under Seal Certain of Their November 18, 2019

Submissions:  (i) Defendants' Memorandum of Law in Support of Their Motion for Summary

Judgment; (ii) Defendants' Local Rule 56.1 Statement; (iii) Defendants' Memorandum of Law in

Support of Their Motion to Exclude the Testimony of Gerald C. Marshall; (iv) Defendants'

Memorandum of Law in Support of Their Motion to Exclude the Testimony of Dr. Craig

Pirrong; and (v) the Declaration of William H. Wagener and the exhibits thereto.

2.      On April 30, 2014, the Court entered the Stipulated Protective Order

(Dkt. No. 106) (the "Protective Order"), which governs the use and handling of, *inter alia*,

"documents . . . and any other information produced, given, or exchanged by and among the

Parties and any non-parties . . . in connection with discovery in the Action."  Sections A.3 and

A.4 of the Protective Order provide that the producing party may designate information as

"Confidential" or "Highly Confidential" when the producing party in good faith believes that

public disclosure of such information would be detrimental to the conduct of its business (such

as proprietary, confidential, private or commercially sensitive information) or particularly

detrimental to the conduct of its business (such as particularly commercially sensitive or private

information), respectively.  Section E.4 requires any non-producing party intending to file

"Confidential" or "Highly Confidential" information with the Court to seek leave to file those

materials under seal.

3.      Pursuant to the Protective Order, Defendants, Plaintiffs, and certain

non-parties have produced certain documents designated as "Confidential" or "Highly

Confidential" in connection with discovery in this Action.

4.      Pursuant to the Protective Order, Defendants, Plaintiffs, and certain

non-parties have designated certain deposition transcripts as "Confidential" or "Highly

Confidential" in this Action.

5.      Defendants have prepared certain November 18, 2019 submissions:

(i) Defendants' Memorandum of Law in Support of Their Motion for Summary Judgment;

(ii) Defendants' Local Rule 56.1 Statement; (iii) Defendants' Memorandum of Law in Support of

Their Motion to Exclude the Testimony of Gerald C. Marshall; (iv) Defendants' Memorandum

of Law in Support of Their Motion to Exclude the Testimony of Dr. Craig Pirrong; and (v) the

Declaration of William H. Wagener and the exhibits thereto.

6.      Good cause for filing the above-referenced submissions and exhibits

thereto under seal exists because the submissions reference documents and deposition transcripts

that have been designated as "Confidential" or "Highly Confidential" by the producing party.

7.     Pursuant to Section E.4 of the Protective Order, Defendants respectfully request that the Court authorize Defendants to file under seal:  (i) Defendants' Memorandum of Law in Support of Their Motion for Summary Judgment; (ii) Defendants' Local Rule 56.1 Statement; (iii) Defendants' Memorandum of Law in Support of Their Motion to Exclude the Testimony of Gerald C. Marshall; (iv) Defendants' Memorandum of Law in Support of Their Motion to Exclude the Testimony of Dr. Craig Pirrong; and (v) the Declaration of William H. Wagener and the exhibits thereto.

8.     Attached hereto are copies of certain November 18, 2019 submissions with proposed redactions:  (i) Defendants' Memorandum of Law in Support of Their Motion for Summary Judgment; (ii) Defendants' Local Rule 56.1 Statement; (iii) Defendants' Memorandum of Law in Support of Their Motion to Exclude the Testimony of Gerald C. Marshall; (iv) Defendants' Memorandum of Law in Support of Their Motion to Exclude the Testimony of Dr. Craig Pirrong; and (v) the Declaration of William H. Wagener and the exhibits thereto.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:     New York, New York
           November 18, 2019

                                        /s/  Stephen Ehrenberg
                                          Stephen Ehrenberg