# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

IN RE:  TERM COMMODITIES      :
COTTON FUTURES LITIGATION     :
                       :    MASTER DOCKET
                       :    No. 12-cv-5126 (ALC) (KNF)
                       :
                       :
This Document Relates To:  All Actions   :
                       :
                       :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

# DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
## MOTION TO EXCLUDE THE TESTIMONY OF GERALD C. MARSHALL

Stephen Ehrenberg
William H. Wagener
Katherine L. Bagley
Harry F. Murphy
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
Telephone:  (212) 558-4000
Facsimile:  (212) 558-3588

Kenneth M. Raisler
*Of Counsel*

*Attorneys for Defendants*

November 18, 2019

# TABLE OF CONTENTS

*Page*

PRELIMINARY STATEMENT ................................................................1

BACKGROUND .............................................................................4

LEGAL STANDARD .......................................................................5

ARGUMENT ................................................................................6

I.    MR. MARSHALL'S OPINIONS ABOUT ███████
      ████████████████ ████████████████████████
      ████████████████████████████████████████
      ████████████████████████████████ ...........................6

      A.    Opinion That ████████████████████ ...................7

      B.    Opinion ████████████████████████████
            ████████████ .............................................9

      C.    Opinion That ██████████████████████████ ........10

II.   MR. MARSHALL'S OPINION THAT ██████████████
      USURPS THE ROLE OF THE JURY TO EVALUATE THE FACTS ..................12

III.  MR. MARSHALL'S PROPOSED TESTIMONY REGARDING
      DEFENDANTS' KNOWLEDGE, INTENT, AND STATE OF MIND
      IS INADMISSIBLE ..............................................................14

CONCLUSION ..............................................................................17

# TABLE OF AUTHORITIES

*Page(s)*

**Cases**

*Anderson News, L.L.C.* v. *American Media, Inc.*,
    2015 WL 5003528 (S.D.N.Y. Aug. 20, 2015) ........................................................................16

*In re Ashanti Goldfields Sec. Litig.*,
    184 F. Supp. 2d 247 (E.D.N.Y. 2002) .....................................................................................7

*Baker* v. *Urban Outfitters, Inc.*,
    254 F. Supp. 2d 346 (S.D.N.Y. 2003).......................................................................................5

*Bammerlin* v. *Navistar Int'l Transp. Corp.*,
    30 F.3d 898 (7th Cir. 1994) .........................................................................................2, 8, 11

*Bd. of Trs. of AFTRA Ret. Fund* v. *JPMorgan Chase Bank, N.A.*,
    2011 WL 6288415 (S.D.N.Y. Dec. 15, 2011) .........................................................................3

*In re Blech Sec. Litig.*,
    2003 WL 1610775 (S.D.N.Y. Mar. 26, 2003) ...........................................................................9

*BP N. Am. Petroleum* v. *SOLAR ST*,
    250 F.3d 307 (5th Cir. 2001) ....................................................................................................7

*CFTC* v. *Moncada*,
    2014 WL 2945793 (S.D.N.Y. June 30, 2014) ........................................................................16

*City of New York* v. *FedEx Ground Package Sys., Inc.*,
    2018 WL 4961455 (S.D.N.Y. Oct. 15, 2018) ........................................................................12

*Daubert* v. *Merrell Dow Pharm., Inc.*,
    509 U.S. 579 (1993)......................................................................................................5, 6, 12, 14

*FAA* v. *Landy*,
    705 F.2d 624 (2d Cir. 1983).............................................................................................8, 11

*In re Fosamax Prods. Liab. Litig.*,
    645 F. Supp. 2d 164 (S.D.N.Y. 2009)......................................................................................16

*Frey* v. *CFTC*,
    931 F.2d 1171 (7th Cir. 1991) ................................................................................................10

*Gen. Elec. Co.* v. *Joiner*,
    522 U.S. 136 (1997)................................................................................................................12

*Hershey* v. *Pac. Inv. Mgmt. Co.*,
   697 F. Supp. 2d 945 (N.D. Ill. 2010) ...........................................................................2, 9, 10

*Highland Capital Mgmt., L.P.* v. *Schneider*,
   551 F. Supp. 2d 173 (S.D.N.Y. 2008).....................................................................................6

*Highland Capital Mgmt., L.P.* v. *Schneider*,
   379 F. Supp. 2d 461 (S.D.N.Y. 2005)..............................................................................15, 16

*In re Initial Pub. Offering Sec. Litig.*,
   174 F. Supp. 2d 61 (S.D.N.Y. 2001)....................................................................................6, 7

*Jensen* v. *Cablevision Sys. Corp.*,
   372 F. Supp. 3d 95 (E.D.N.Y. 2019) .....................................................................................13

*Kumho Tire Co., Ltd.* v. *Carmichael*,
   526 U.S. 137 (1999)................................................................................................................5

*LaSalle Bank Nat'l Ass'n* v. *CIBC Inc.*,
   2012 WL 466785 (S.D.N.Y. Feb. 14, 2012) .........................................................................15

*Marx & Co.* v. *Diners Club, Inc.*,
   550 F.2d 505 (2d Cir. 1977)...........................................................................................6, 7, 10

*Merrill Lynch, Pierce, Fenner & Smith, Inc.* v. *Curran*,
   456 U.S. 353 (1982)................................................................................................................7

*In re Mirena IUD Prods. Liab. Litig.*,
   169 F. Supp. 3d 396 (S.D.N.Y. 2016) ....................................................................................6

*Moorestown Twp. Bd. of Educ.* v. *S.D.*,
   2010 WL 4062182 (D.N.J. Oct. 15, 2010)............................................................................11

*Nimely* v. *City of New York*,
   414 F.3d 381 (2d Cir. 2005)................................................................................................5, 6

*Ploss* v. *Kraft Foods Grp., Inc.*,
   197 F. Supp. 3d 1037 (N.D. Ill. 2016) ...................................................................................7

*Primavera Familienstifung* v. *Askin*,
   130 F. Supp. 2d 450 (S.D.N.Y. 2001)....................................................................................8

*In re Rezulin Prods. Liab. Litig.*,
   309 F. Supp. 2d 531 (S.D.N.Y. 2004).........................................................................3, 6, 12

*Schwab* v. *Philip Morris USA, Inc.*,
   2005 WL 2401647 (E.D.N.Y. Sept. 29, 2005) .................................................................3, 13

*Scott* v. *Chipotle Mexican Grill, Inc.*,
    315 F.R.D. 33 (S.D.N.Y. 2016) .........................................................................14

*SEC* v. *Badian*,
    822 F. Supp. 2d 352 (S.D.N.Y. 2011) .....................................................6, 9, 10, 16

*SEC* v. *Johnson*,
    525 F. Supp. 2d 70 (D.D.C. 2007) .................................................................13, 16

*SEC* v. *Leslie*,
    2010 WL 2991038 (N.D. Cal. July 29, 2010) ............................................3, 13, 16

*SEC* v. *Mapp*,
    2017 WL 5466660 (E.D. Tex. Nov. 14, 2017) .....................................................13

*Stissi* v. *Interstate & Ocean Transp. Co. of Phila.*,
    765 F.2d 370 (2d Cir. 1985).................................................................................11

*In re Tylenol (Acetaminophen) Mktg., Sales Practices, & Prods. Liab. Litig.*,
    2016 WL 4039324 (E.D. Pa. July 27, 2016).....................................................2, 11

*United States* v. *Bilzerian*,
    926 F.2d 1285 (2d Cir. 1991).......................................................................1, 3, 8, 11

*United States* v. *Scop*,
    846 F.2d 135 (2d Cir. 1988)........................................................................2, 8, 10

*United States* v. *Stewart*,
    433 F.3d 273 (2d Cir. 2006)..............................................................................2, 8

## Other Authorities

17 C.F.R. § 1.3 ..........................................................................................................2, 7

Fed. R. Evid. 403 ............................................................................................4, 5, 9, 13

Fed. R. Evid. 702 ...................................................................................................4, 5

Defendants Louis Dreyfus Company B.V., Louis Dreyfus Company Holding Inc., Louis Dreyfus Company LLC, Term Commodities Inc., Louis Dreyfus Company Cotton LLC (a/k/a Allenberg Cotton Co.), and Joseph Nicosia (collectively, "Defendants") respectfully submit this Memorandum of Law in Support of Their Motion to Exclude the Testimony of Gerald C. Marshall.

## PRELIMINARY STATEMENT

Plaintiffs Mark Allen and Brian Ledwith (together, "Plaintiffs") offer Mr. Marshall as an expert in cotton and cotton futures trading.  Mr. Marshall seeks to offer opinions about the nature of Defendants' trading, Defendants' alleged corner of the market, and Defendants' representations to the Intercontinental Exchange ("ICE").  Most of Mr. Marshall's opinions are impermissible legal conclusions.  His opinions that Defendants "misled" ICE usurp the jury's authority to find facts.  And, Mr. Marshall also seeks to offer speculative and unsupported opinions about Defendants' intentions and knowledge.  All must be excluded pursuant to Federal Rules of Evidence 403 and 702.

*First*, most of Mr. Marshall's opinions are squarely legal in nature, and violate the axiomatic principle that "testimony encompassing an ultimate legal conclusion based upon the facts of the case is not admissible, and may not be made so simply because it is presented in terms of industry practice."  *United States* v. *Bilzerian*, 926 F.2d 1285, 1295 (2d Cir. 1991).[1]

██████████████████████████████████████████

████████████████████████  But CFTC regulations specifically define "bona fide hedging," *see*

---

[1]     Unless otherwise noted, all internal quotation marks and internal citations are omitted.

[2]     Citations to "Ex. _" are to exhibits to the Declaration of William H. Wagener, dated November 18, 2019, submitted herewith.

17 C.F.R. § 1.3, and the question of whether Defendants' trading constitutes hedging is an improper legal conclusion.  *See, e.g.*, *United States* v. *Stewart*, 433 F.3d 273, 311 (2d Cir. 2006) (affirming exclusion of "testimony regarding the legal principles underlying insider trading and their application to [defendant's] trade"); *Bammerlin* v. *Navistar Int'l Transp. Corp.*, 30 F.3d 898, 900 (7th Cir. 1994) (meaning of federal regulation is "a question of law").

█████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████████

█████████████████████████████████████████████████

███████████████████████████████████████  Such opinions that Defendants manipulated the market are facially inadmissible.  *See, e.g.*, *United States* v. *Scop*, 846 F.2d 135, 140-42 (2d Cir. 1988) (reversing conviction where government's expert had opined about "'manipulation' and 'fraud,'" thus presenting "legal conclusions that were highly prejudicial and went well beyond his province as an expert in securities trading"), *rev'd in part on reh'g on other grounds*, 856 F.2d 5 (2d Cir. 1988); *Hershey* v. *Pac. Inv. Mgmt. Co.*, 697 F. Supp. 2d 945, 951-52, 957 (N.D. Ill. 2010) ("[S]queezing is a means of manipulating the market.").

█████████████████████████████████████████

████████████████████████████████████████████████████

█████████████  This is a textbook example of an inadmissible legal conclusion.  *See, e.g.*, *Bammerlin*, 30 F.3d at 900 (meaning of federal regulation is "a question of law"); *In re Tylenol (Acetaminophen) Mktg., Sales Practices, & Prods. Liab. Litig.*, 2016 WL 4039324, at *4 n.11 (E.D. Pa. July 27, 2016) (same).  Mr. Marshall's attempt to support his opinion with references

to his experience changes nothing.  *Bilzerian*, 926 F.2d at 1295 (expert's legal conclusion does

not become admissible "simply because it is presented in terms of industry practice").

But experts cannot "usurp[] . . . the role of the jury

in applying [the] law to the facts before it," or "tell the jury what result to reach."  *In re Rezulin*

*Prods. Liab. Litig.*, 309 F. Supp. 2d 531, 541 (S.D.N.Y. 2004).  Because only ICE

representatives can testify whether they were misled and only the jury can decide whether

statements were misleading, Mr. Marshall's opinions must be excluded.  *See*, *e.g.*, *Schwab* v.

*Philip Morris USA, Inc.*, 2005 WL 2401647, at *5-6 (E.D.N.Y. Sept. 29, 2005) (excluding expert

testimony that "defendants' documents 'lie,' 'mislead,' or are 'consistent' or 'inconsistent'");

*SEC* v. *Leslie*, 2010 WL 2991038, at *9 (N.D. Cal. July 29, 2010) (excluding expert testimony

about "whether auditors were misled or whether certain statements were misleading").

*Finally*, Mr. Marshall impermissibly attempts to opine about Defendants' intent,

state of mind, or knowledge.

All of this is inadmissible, because "opinions concerning state of mind are

an inappropriate topic for expert opinion."  *Bd. of Trs. of AFTRA Ret. Fund* v. *JPMorgan Chase*

*Bank, N.A.*, 2011 WL 6288415, at *8 (S.D.N.Y. Dec. 15, 2011); *see also*, *e.g.*, *Rezulin*, 309 F.

Supp. 2d at 547 (excluding "expert opinion evidence . . . of the alleged motive, intent, or state of mind of defendants or others").

Given Plaintiffs' lack of *actual* evidence that Defendants intentionally manipulated cotton futures, Mr. Marshall's opinions are classic attempts to "confus[e] the issues" and "mislead[] the jury," Fed. R. Evid. 403, that are not grounded in "reliable principles and methods," Fed. R. Evid. 702(c). Because nothing remains of Mr. Marshall's testimony once his impermissible opinions are stripped away, his testimony should be excluded in its entirety.

**BACKGROUND**

███████████████████████████████████████████████

███████████████████████████████████████████████

## LEGAL STANDARD

Under Federal Rule of Evidence 702, "a witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify" only if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702; *see Daubert* v. *Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589-97 (1993). *Daubert*'s gatekeeping function "make[s] certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co., Ltd.* v. *Carmichael*, 526 U.S. 137, 152 (1999).  Courts will assess, *inter alia*, (1) the ability to test the expert's methodology or reasoning; (2) whether the expert's theory has been subjected to peer review and publication; (3) its potential rate of error; and (4) its general acceptance in the relevant scientific community.  *See Daubert*, 509 U.S. at 592-94.  "The proponent of expert testimony bears the burden of establishing its admissibility by a preponderance of the evidence." *Baker* v. *Urban Outfitters, Inc.*, 254 F. Supp. 2d 346, 353 (S.D.N.Y. 2003).

"In addition to the requirements of Rule 702, expert testimony is subject to Rule 403 . . . ." *Nimely* v. *City of New York*, 414 F.3d 381, 397 (2d Cir. 2005).  Even if an expert is qualified, his testimony may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following:  unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R.

Evid. 403.  Because "[e]xpert evidence can be both powerful and quite misleading because of the difficulty in evaluating it . . . the judge in weighing possible prejudice against probative force under Rule 403 . . . exercises more control over experts than over lay witnesses."  *Daubert*, 509 U.S. at 595; *see Nimely*, 414 F.3d at 397 (noting the "uniquely important role that Rule 403 has to play in a district court's scrutiny of expert testimony").

There are several bright lines that expert opinions cannot cross.  "As a general rule an expert's testimony on issues of law is inadmissible."  *SEC* v. *Badian*, 822 F. Supp. 2d 352, 357 (S.D.N.Y. 2011) (quoting *Bilzerian*, 926 F.2d at 1294); *see also*, *e.g.*, *In re Initial Pub. Offering Sec. Litig.*, 174 F. Supp. 2d 61, 64 (S.D.N.Y. 2001) (prohibition on experts offering legal opinions is an "axiomatic principle").  Experts may not "usurp . . . the role of the jury in applying [the] law to the facts before it," or "tell the jury what result to reach."  *Rezulin*, 309 F. Supp. 2d at 541.  And, "[i]nferences about the intent or motive of parties or others lie outside the bounds of expert testimony."  *Id.* at 547; *see also*, *e.g.*, *In re Mirena IUD Prods. Liab. Litig.*, 169 F. Supp. 3d 396, 479 (S.D.N.Y. 2016) (excluding opinions that "impermissibly speculate on [company's] or [regulator's] state of mind or intent"); *Highland Capital Mgmt., L.P.* v. *Schneider*, 551 F. Supp. 2d 173, 182 (S.D.N.Y. 2008).

## ARGUMENT

I.    MR. MARSHALL'S OPINIONS ABOUT █████████████████████████
█████████████████████████████████████████████████████████
███████████████████████

Jury trials are not a forum for "paid advocates posing as experts on the respective sides concerning matters of domestic law."  *Marx & Co.* v. *Diners Club, Inc.*, 550 F.2d 505, 511 (2d Cir. 1977).  "As a general rule an expert's testimony on issues of law is inadmissible."  *Badian*, 822 F. Supp. 2d at 357.  Indeed, "[t]he rule prohibiting experts from providing their

legal opinions or conclusions is so well-established that it is often deemed a basic premise or assumption of evidence law—a kind of axiomatic principle." *In re Initial Pub. Offering Sec. Litig.*, 174 F. Supp. 2d at 64. Because several of Mr. Marshall's opinions violate this axiomatic principle, each must be excluded pursuant to Federal Rules of Evidence 403 and/or 702.

**A.** 

The question of whether Defendants' activity constituted hedging or speculation is relevant to whether Defendants acted with manipulative intent in violation of the Commodity Exchange Act ("CEA").[4] CFTC regulations specifically define "bona fide hedging transactions" using a detailed, nearly 800-word definition. *See* 17 C.F.R. § 1.3. During his deposition,

---

[3]     Mr. Marshall did not purport to offer "[t]estimony concerning the ordinary practices of those engaged in the [cotton trading] business." *Marx*, 550 F.2d at 508-09 (expert qualified to testify about the "practices ordinarily followed by lawyers and corporations" in registering securities could not give his "opinion as to the legal standards which he believed to be derived from the contract [to use best efforts in registering shares]").

[4]     *See, e.g.*, *Merrill Lynch, Pierce, Fenner & Smith, Inc.* v. *Curran*, 456 U.S. 353, 389-90 (1982) (considering whether the CEA's protections applied equally to speculators and hedgers given their distinct natures); *BP N. Am. Petroleum* v. *SOLAR ST*, 250 F.3d 307, 311 & n.3 (5th Cir. 2001) (recognizing that "[t]here are two distinct classes of players in the futures market"); *Ploss* v. *Kraft Foods Grp., Inc.*, 197 F. Supp. 3d 1037, 1065 n.13 (N.D. Ill. 2016) (although CEA violation does not "rest[] upon a regulatory violation," CFTC "hedging regulations" which distinguished between the behavior of bona fide hedgers and speculators "cast light" on improper intent); *In re Ashanti Goldfields Sec. Litig.*, 184 F. Supp. 2d 247, 253-54 (E.D.N.Y. 2002) ("[E]ver since it began considering the futures market, the Supreme Court has distinguished between players who seek to insure themselves against price changes, and those who seek to profit by taking positions in the market.").

Mr. Marshall gave an inscrutable I-know-it-when-I-see-it response when asked if he was offering

a legal opinion about the definition of a bona fide hedge: █████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████

    To the extent Mr. Marshall seeks to tell the jury what the CFTC's definition of

bona fide hedging means, he is offering impermissible legal opinions.  *See, e.g.*, *Stewart*, 433

F.3d at 311 (affirming exclusion of testimony about legal principles governing insider trading

and application to defendant's trading); *Scop*, 846 F.2d at 140-42 (reversing conviction where

government's expert offered "legal conclusions that were highly prejudicial and went well

beyond his province as an expert in securities trading"); *Bammerlin*, 30 F.3d at 900 (interpreting

federal regulation is a question of law).  Such testimony would impermissibly "usurp . . . the role

of the trial judge in instructing the jury as to the applicable law."  *Bilzerian*, 926 F.2d at 1294.

    Alternatively, if Mr. Marshall's opinion is based on his personal definition of

"hedging,"  he risks confusing and misleading the jury and usurps the role of the judge to instruct

the jury on the correct legal standard.  *See, e.g.*, *Stewart*, 433 F.3d at 312 n.10 (trading expert's

testimony that "invad[es] the trial judge's exclusive authority to explain the law to the jury" and

risks "confus[ing] the jury even further" was properly excluded); *FAA* v. *Landy*, 705 F.2d 624,

632 (2d Cir. 1983) (affirming exclusion of former regulator's testimony about his "understanding

of the meaning and applicability of [regulations]," which "would invade the province of the court

to determine the applicable law and to instruct the jury").  Mr. Marshall's hazy definition of

hedging is "so vague as to be unhelpful to a jury" and is inadmissible.  *Primavera*

*Familienstifung* v. *Askin*, 130 F. Supp. 2d 450, 529 (S.D.N.Y. 2001), *abrogated on other*

*grounds by Casey* v. *Merck & Co.*, 653 F.3d 95 (2d Cir. 2011); *see* Fed. R. Evid. 403 (courts may exclude evidence that may "confus[e] the issues [or] mislead[] the jury").

Regardless of what definition he uses, ████████████████████████ ████████████████████ is precisely the type of "inappropriately drawn conclusion[] regarding the legal significance of various facts [that] has been rejected by the Southern District Court and Second Circuit." *In re Blech Sec. Litig.*, 2003 WL 1610775, at \*21 (S.D.N.Y. Mar. 26, 2003); *see*, *e.g.*, *Badian*, 822 F. Supp. 2d at 357-58 (excluding expert testimony in manipulation case because it was "replete with inadmissible generalized statements of law, legal conclusions and conclusory statements regarding Defendant's motivations"); *accord Hershey*, 697 F. Supp. 2d at 951-52 (precluding testimony in manipulation case because it embraced an ultimate legal conclusion). ██████████████████████████████

████████████████████████████████████████

    **B.**  ████████████████████████████████████████ ████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████ These opinions are impermissible legal conclusions that must be excluded.

Courts routinely exclude expert opinions about market manipulation.  In *Hershey*, which also involved manipulation claims under the CEA, the court excluded proposed testimony regarding "squeezing" on the grounds that it opined the defendant engaged in manipulative conduct.  697 F. Supp. 2d at 957 ("[S]queezing is a means of manipulating the market."); *see also Frey* v. *CFTC*, 931 F.2d 1171, 1175 (7th Cir. 1991) (under CEA, a "squeeze" is a "type of manipulation"); *accord Scop*, 846 F. 2d at 139-43 (vacating conviction for securities fraud where prosecution's expert "drew directly upon the language of the statute and accompanying regulations concerning 'manipulation' and 'fraud'"); *Badian*, 822 F. Supp. 2d at 357-58 (excluding expert opinion that defendant did not attempt to manipulate securities market). Because Mr. Marshall is telling the jury what conclusion to find, not merely "testif[ying] that controlled buying and selling . . . can create artificial price levels," his testimony should be excluded.  *Scop*, 846 F.2d at 140; *see also*, *e.g.*, *Marx*, 550 F.2d at 512 (expert could "tell the jury whether he thinks the method of trading was normal, but not . . . whether it amounted to *illegal* manipulation" in violation of securities laws (emphasis added)).

**C.**  ████████████████████████████████

████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

█████████████████████████████

      The interpretation of federal regulations is quintessentially legal in nature.  *See*

*Stissi* v. *Interstate & Ocean Transp. Co. of Phila.*, 765 F.2d 370, 374 (2d Cir. 1985) ("When a

decision turns on the meaning of words in a statute or regulation, the decision is one of law

which must be made by the court."); *see also Bammerlin*, 30 F.3d at 900 (same).  As a result, any

testimony regarding Defendants' alleged non-compliance with applicable regulations is

inadmissible.  *See, e.g.*, *Landy*, 705 F.2d at 632 (affirming exclusion of former regulator's

testimony about his "understanding of the meaning and applicability of [regulations]"); *In re*

*Tylenol*, 2016 WL 4039324, at *4 (excluding proposed expert testimony regarding whether

acetaminophen was considered "[g]enerally [r]ecognized as [s]afe and [e]ffective" under the

applicable regulation, because "[t]his opinion would require a legal interpretation" and was "not

within the scope of [the expert's] role as an expert").  As the court noted in *In re Tylenol*, the

expert's opinion involved "interpret[ing] the regulations in accordance with administrative and

general law principles," which required "a legal process, not a factual one," and the court

rejected as unpersuasive the plaintiff's argument that the proposed testimony involved a

"regulatory fact" rather than a legal determination.  *Id.* at *4 & n.11; *see also*, *e.g.*, *Moorestown*

*Twp. Bd. of Educ.* v. *S.D.*, 2010 WL 4062182, at *5 (D.N.J. Oct. 15, 2010) (prohibiting expert

testimony interpreting regulations and a party's compliance with those regulations).

      The same is true here:  ████████████████████████

████████████████████████████████████████—even if couched "in

terms of industry practice."  *Bilzerian*, 926 F.2d at 1295; *cf.* Ex. 8 ¶ 51 (opining that "the practice

under the regulation has been to require honest and timely reports of export sales activity").  It is therefore not a proper subject for expert testimony, and should be excluded.

## II.     MR. MARSHALL'S OPINION THAT ███████████████████████████

Mr. Marshall dedicates substantial space in his report to disputing two categories of Defendants' statements to ICE: ███████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████ Mr. Marshall makes no effort to explain how these opinions fall into his purported area of expertise in cotton merchandising, but rather simply ████████████████

███████████████████████████████████████████████

████

Such *ipse dixit* "opinions" are outside the scope of an expert's role.  *See*, *e.g.*, *Gen. Elec. Co.* v. *Joiner*, 522 U.S. 136, 146 (1997) ("[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert."); *Daubert*, 509 U.S. at 589-90 ("The subject of an expert's testimony must be . . . ground[ed] in the methods and procedures of science."); *City of New York* v. *FedEx Ground Package Sys., Inc.*, 2018 WL 4961455, at *4 (S.D.N.Y. Oct. 15, 2018) ("Where an expert's testimony 'does not aid the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's,' the testimony must be excluded under Federal Rule of Evidence 702." (quoting *United States* v. *Duncan*, 42 F.3d 97, 101 (2d Cir. 1994))); *Rezulin*, 309 F. Supp. 2d at 541 (experts cannot "usurp . . . the role of the jury in applying [the] law to the facts before it," or "tell the jury what result to reach").

Plainly, juries are "capable of understanding and deciding without the expert's help" whether a statement is contrary to other record evidence. *Jensen* v. *Cablevision Sys. Corp.*, 372 F. Supp. 3d 95, 116 (E.D.N.Y. 2019) (expert testimony that addresses matters which a jury is "capable of understanding and deciding without the expert's help" is inadmissible) (quoting *Andrews* v. *Metro N. Commuter R.R. Co.*, 882 F.2d 705, 708 (2d Cir. 1989)).  For that reason, courts routinely reject supposed "expert" testimony opining that a document is misleading or that its reader was misled.  *See*, *e.g.*, *SEC* v. *Leslie*, 2010 WL 2991038, at *9-10 (Rule 403 barred SEC's expert from testifying whether "auditors were misled or whether certain statements were misleading," because auditors could themselves "testify as to whether they were misled, and it is for the jury to determine whether Defendants' statements in fact were misleading").[5]  That is, an expert "may not say that defendants' documents 'lie,' 'mislead' or are 'consistent' or 'inconsistent,' but he may testify to facts and opinions that may lead the jury to so characterize documents and statements."  *Schwab*, 2005 WL 2401647, at *5.

The considerations of Rule 403 excluding evidence likely to "mislead[] the jury" are particularly acute where, as here, an expert purports to opine about the state of mind of a fact witness *contrary* to the witness's own testimony.  Fed. R. Evid. 403.  Not a single document produced by ICE, nor a word of fact testimony in this case, suggests that anyone at ICE has *ever* believed that Defendants misled the Exchange. ███████████████████████████

████████████████████████████████████████

---

[5]      *See also*, *e.g.*, *SEC* v. *Mapp*, 2017 WL 5466660, at *3 (E.D. Tex. Nov. 14, 2017) (expert could not testify whether investors were misled or "whether the chart is misleading, [which] is within the jury's competence"); *SEC* v. *Johnson*, 525 F. Supp. 2d 70, 79 (D.D.C. 2007) (explaining that "[w]hether . . . auditors were misled is a question that can and should be answered by [the] auditors, not by an accounting expert" and excluding such testimony under Rule 702).

████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

███████████████████████████████

████████████████████████████████████████████

█████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████ It is hard to imagine an

opinion with greater potential to confuse, mislead, or unduly prejudice a jury more worthy of

exclusion under Rule 403. *See*, *e.g.*, *Daubert*, 509 U.S. at 595 ("[T]he judge in weighing

possible prejudice against probative force under Rule 403 . . . exercises more control over

experts than over lay witnesses."); *Scott* v. *Chipotle Mexican Grill, Inc.*, 315 F.R.D. 33, 44

(S.D.N.Y. 2016) ("Expert testimony is particularly susceptible to [the Rule 403] dangers, 'due to

the unique weight such evidence may have in a jury's deliberations.'" (quoting *Nimely*, 414 F.3d

at 397)).

## III.    MR. MARSHALL'S PROPOSED TESTIMONY REGARDING DEFENDANTS' KNOWLEDGE, INTENT, AND STATE OF MIND IS INADMISSIBLE.

Mr. Marshall repeatedly and improperly speculates about Defendants' knowledge

and intent. ████████████████████████████████████████

██████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████

In his rebuttal, Mr. Marshall doubles down on these opinions.

*None* of this proposed testimony is admissible.  The law is clear that "an expert may not testify as to facts not within his personal knowledge, and may not opine as to a party's state of mind [or] whether a party acted in bad faith."  *LaSalle Bank Nat'l Ass'n* v. *CIBC Inc.*, 2012 WL 466785, at *7 (S.D.N.Y. Feb. 14, 2012).  For example, *Highland Capital Management* excluded a purported expert's "speculation regarding the state of mind and motivations of certain parties" to a transaction, including that "an individual involved in the transaction was 'likely aware' that certain parties to the transaction could be preparing to sell stock and . . . was 'also

likely concerned' that the sale of the stock could 'depress the market price.'" *Highland Capital Mgmt., L.P.* v. *Schneider*, 379 F. Supp. 2d 461, 469 (S.D.N.Y. 2005). The court in *CFTC* v. *Moncada* excluded expert testimony that was "replete with [the expert's] suppositions about [the defendant's] intent or motives" while trading wheat futures. 2014 WL 2945793, at *4 (S.D.N.Y. June 30, 2014). And the *Badian* court excluded a purported expert's attempt to testify in a securities manipulation case "as to what was in the defendant's mind when he used [various] words and phrases" in emails and on recorded phone calls. 822 F. Supp. 2d at 358.[6]

Mr. Marshall's speculation and "inferences that [he] draws from other evidence in the case" cannot "supplant the role of counsel in making argument at trial, and the role of the jury in interpreting the evidence." *Highland Capital Mgmt.*, 379 F. Supp. 2d at 469. Mr. Marshall's *ipse dixit* is not "worth the paper on which it is it is written—notwithstanding his long tenure and multiple roles in the commodities market." *Moncada*, 2014 WL 2945793, at *5 (excluding "expert's statements about what other [wheat futures] traders would do or how they would react [as having] no basis other than his own personal experience"). It is inadmissible and should be excluded.

---

[6]     *See also Anderson News, L.L.C.* v. *American Media, Inc.*, 2015 WL 5003528, at *2-3 (S.D.N.Y. Aug. 20, 2015) (excluding proposed expert testimony regarding the parties' intent, motivation, belief, understanding, and knowledge as "not a proper subject for expert testimony"); *Leslie*, 2010 WL 2991038, at *9 (excluding expert's "references to . . . the intentions of the parties," which "is within the sole province of the jury"); *In re Fosamax Prods. Liab. Litig*, 645 F. Supp. 2d 164, 192 (S.D.N.Y. 2009) (excluding proposed expert testimony about the "knowledge, motivations, intent, state of mind, or purposes" of various parties because "[t]his is not a proper subject for expert or even lay testimony"); *Johnson*, 525 F. Supp. 2d at 78 (excluding expert's "assumptions as to the intent of certain witnesses," because "[d]eterminations of individuals' intent is a quintessential jury question").

**CONCLUSION**

Defendants respectfully submit that, for the foregoing reasons, the Court should

exclude the expert testimony of Gerald C. Marshall in its entirety.


Dated: November 18, 2019                                    Respectfully submitted,
       New York, New York

                                             */s/ Stephen Ehrenberg*
                                             Stephen Ehrenberg (ehrenbergs@sullcrom.com)
                                             William H. Wagener (wagenerw@sullcrom.com)
                                             Katherine L. Bagley (bagleyk@sullcrom.com)
                                             Harry F. Murphy (murphyh@sullcrom.com)
                                           SULLIVAN & CROMWELL LLP
                                           125 Broad Street
                                           New York, New York  10004
                                           Telephone:  (212) 558-4000
                                           Facsimile:  (212) 558-3588


Kenneth M. Raisler
*Of Counsel*                                               *Attorneys for Defendants*

-17-