USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 8/9/2023

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: TERM COMMODITIES COTTON FUTURES LITIGATION<br><br>This Document Relates To: All Actions | Master Docket:<br><br>12-cv-05126 (ALC) (JW)<br><br>**ORDER** |

**ANDREW L. CARTER, JR., United States District Judge:**

The Court has attached revisions to the Parties' proposed Notice Forms, *see* ECF Nos. 671-1, 671-2, 672-2. The parties are directed to review these revisions and to be prepared to discuss at oral argument.

**SO ORDERED.**

**Dated:    August 9, 2023**
**          New York, New York**

　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　**ANDREW L. CARTER, JR.**
　　　　　　　　　　　　　　　　　　　　　　　　　**United States District Judge**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------  x
IN RE: TERM COMMODITIES COTTON    :
FUTURES LITIGATION                 :    Master Docket
                                   :    No. 12-cv-5126 (ALC) (JW)
                                   :
                                   :
This Document Relates To:  All Actions  :
                                   :
-------------------------------------------------  x
```

## NOTICE OF PENDENCY OF CLASS ACTION

TO: All persons, corporations and other legal entities that (a) purchased between March 30 and May 6, 2011 a May 2011 ICE Cotton No. 2 futures contract in order to liquidate a short position in such contract, including short positions held as part of spread positions; or (b) contracted to purchase cotton on call based on the May 2011 Contract price, and set the price on this contract between March 30 and May 6; or (c) purchased between June 7 and July 7, 2011, a July 2011 ICE Cotton No. 2 futures contract in order to liquidate a short position therein, including short positions held as part of spread positions; or (d) contracted to purchase cotton on call based on the July 2011 Contract price, and set the price on this contract between June 7 and July 7, 2011.

**PLEASE READ THIS ENTIRE NOTICE CAREFULLY. A UNITED STATES FEDERAL COURT AUTHORIZED THIS NOTICE. YOUR RIGHTS MAY BE AFFECTED BY THE PROCEEDINGS IN THIS CLASS ACTION LAWSUIT. YOU ARE *NOT* BEING SUED, AND YOU MAY HAVE A RIGHT TO PARTICIPATE IN ANY POTENTIAL RECOVERY IN THIS ONGOING LAWSUIT. THIS IS *NOT* NOTICE OF A SETTLEMENT**

If you are a clearing firm, futures commission merchant, brokerage firm or trustee through which (a) May 2011 ICE Cotton No. 2 futures contracts traded between March 30 and May 6, 2011 (inclusive) or (b) July 2011 ICE Cotton No. 2 futures contracts traded between June 7 and July 7, 2011 (inclusive), then you should ~~please~~ forward this Notice to your customers or provide the name(s) and last known address(es) of such customers or beneficiaries to the Notice Administrator at the address listed below within 14 days of receiving this Notice. Please preserve your records or your clients' records of transactions in May and July 2011 ICE Cotton No. 2 futures contracts as well as in cotton on call contracts in respect of May and July 2011 ICE Cotton No. 2 futures contracts during the time periods specified at the start of this paragraph.

Similarly, if you are an ICE certified cotton warehouse or other cotton warehouse that operated during March 30-July 7, 2011, you should ~~please~~ forward this Notice to your customers during that time period who stored cotton at your warehouse or provide the name(s) and last known address(es) of such customers to the Notice Administrator at the address listed below within 14 days of receiving this Notice.

QUESTIONS? VISIT www.2011cottonfuturesclassaction.com OR CALL 800-XXX-XXXX TOLL FREE

\*\*\*\*

You could be affected by and may have a right to participate in any potential recovery in this class action lawsuit alleging claims against Louis Dreyfus Company B.V. (formerly known as Louis Dreyfus Commodities B.V.); Louis Dreyfus Company Cotton LLC (a/k/a Allenberg Cotton Company, formerly known as Louis Dreyfus Commodities Cotton LLC); Louis Dreyfus Company Holding Inc. (formerly known as LDC Holding Inc.); Term Commodities, Inc.; Louis Dreyfus Company LLC (formerly known as Louis Dreyfus Commodities LLC); and Joseph Nicosia (collectively, "Defendants") for alleged manipulation of the prices of May and July 2011 ICE Cotton No. 2 futures contracts and cotton on call contracts between March 30 and May 6, 2011 (inclusive) and June 7 and July 7, 2011 (inclusive).

### WHAT IS A CLASS ACTION LAWSUIT?

A class action is a lawsuit in which one or more representative plaintiffs (in this case, Mark Allen) bring a lawsuit on behalf of themselves and other similarly situated persons (*i.e.*, a class) who have similar claims against the defendants. The representative plaintiff, the court, and counsel appointed by the court to represent the class have a responsibility to make sure that the interests of class members are adequately represented.

Importantly, class members are NOT individually responsible for attorneys' fees or litigation expenses. In a class action, attorneys' fees and litigation expenses are paid from any judgment award or any settlement fund that may be created for the benefit of the Class and any such fees or expenses must be approved by the Court. If there is no judgment award or settlement fund, the attorneys do not get paid.

### WHAT IS THE NAME OF THE LAWSUIT?

The lawsuit is titled *In re Term Commodities Cotton Futures Litig.,* Case No. 12-cv-5126, and is pending in the United States District Court for the Southern District of New York before the Honorable Andrew L. Carter, Jr. On February 17, 2022, the Court issued a decision finding that this lawsuit could proceed as a class action on behalf of a group of people and entities (the "Class," defined below) that might include you. A copy of the Court's February 17 decision certifying the Class (and other documents from the lawsuit such as the complaint and prior decisions issued by the Court) are available for review on the following website that has been created for this case: www.2011cottonfuturesclassaction.com

### WHAT IS THIS CASE ABOUT?

The Plaintiffs in this lawsuit seek recovery from Defendants on behalf of the Class of persons and entities that traded the May and July 2011 ICE Cotton No. 2 futures contracts and cotton on call contracts during the Class Period, between March 30 and May 6, 2011 (inclusive) and June 7 and July 7, 2011 (inclusive). Plaintiffs assert claims against Defendants under the Commodity Exchange Act, 7 U.S.C. §1 *et seq.* ("CEA"), and the Sherman Antitrust Act, 15 U.S.C. § 2, *et seq.* ("Sherman Act").

Plaintiffs allege Defendants engaged in substantial manipulative conduct, including making large late purchases of long cotton futures positions, and seeking to take large deliveries of cotton in satisfaction of those long positions all in the face of a known market congestion. Plaintiffs further allege that Defendants uneconomically withheld liquidating orders and uneconomically refused to

buy back cotton they had previously sold despite the alleged availability of favorable prices, and avoided and delayed purchasing physical cotton in the cash market that was cheaper than futures market cotton. As a result of Defendants' conduct, Plaintiffs allege that May and July 2011 ICE Cotton No. 2 futures contract prices increased to, and Class members paid, artificially high prices to liquidate their short positions in such futures contracts, and/or paid artificially high prices pursuant to their cotton on call contracts. After the May and July 2011 contracts expired, the InterContinental Exchange ("ICE"), which regulates the cotton futures trading at issue here, hired a cotton market participant who had warned ICE of distorted prices and potentially unlawful behavior in the cotton market in April 2011. Plaintiffs also allege Defendants were positioned to profit from the alleged increases in prices and did profit by as much as $185 million.

Defendants deny all of Plaintiffs' allegations and deny that Defendants violated any laws or engaged in any wrongdoing. Defendants contend that high cotton prices in 2011 resulted from global supply and demand forces, including supply shortages caused by adverse weather events and increased demand as the 2008 recession subsided. Defendants further contend that their long positions in cotton futures were bona fide hedges against their contractual obligations to deliver cotton, and that their positions were monitored by the ICE. Defendants also contend that the ICE and Commodity Futures Trading Commission ("CFTC") investigated Plaintiffs' allegations of manipulation and did not make any findings that Defendants manipulated the prices of the May or July 2011 ICE Cotton No. 2 futures contracts. Defendants intend to assert these and other defenses against Plaintiffs' claims at trial. Plaintiffs dispute all of Defendants' defenses.

The Court has not ruled on the merits of the claims against, or the defenses asserted by, Defendants. By establishing the Class and approving the issuance of this Notice, the Court has not found that Defendants did or did not commit the violations that Plaintiffs allege or that the Class will recover any amount. Defendants intend to vigorously defend against Plaintiffs' claims at trial.

**HISTORY OF THE LITIGATION**

This Action was filed in June 2012 by Mark Allen. In September 2012, Plaintiffs amended their complaint to include Stuart Satullo as a Class representative.

On December 20, 2013, the Court issued a Memorandum & Order granting in part and denying in part Defendants' motion to dismiss Plaintiffs' claims. The Court denied Defendants' motion to dismiss as to Plaintiffs' CEA manipulation claims, CEA aiding and abetting claims and Sherman Act Section 1 and 2 claims. The Court granted Defendants' motion to dismiss Plaintiffs' unjust enrichment claims. On September 30, 2014, the Court issued a Memorandum & Order concerning Defendants' motion for reconsideration of the Court's December 20, 2013 Order. The Court granted in part and denied in part Defendants' motion for reconsideration, dismissing Plaintiffs' claim under Section 1 of the Sherman Act. The parties thereafter engaged in fact and expert discovery.

On October 30, 2016, named Plaintiff Stuart Satullo sought to withdraw as a named plaintiff and class representative. The Court granted Satullo's withdrawal.

On March 16, 2018, Plaintiffs filed their Third Consolidated Amended Complaint, naming Mark Allen and Brian Ledwith as Class representatives.

On September 30, 2020, the Court denied Defendants' Rule 56 summary judgment motion in all respects and held that "Plaintiffs have alleged enough facts and evidence that a reasonable jury could render a verdict in Plaintiffs' favor" on Plaintiffs' CEA and Sherman Act claims.

On February 17, 2022, the Court granted Plaintiffs' Rule 23 motion to certify the Class. The Court appointed Mark Allen (but not Brian Ledwith) as a Class representative.

On July 7, 2022, the United States Court of Appeals for the Second Circuit denied Defendants' Rule 23(f) petition that sought immediate review of the Court's class certification decision, finding that "an immediate appeal is not warranted."

Copies of the foregoing Court orders are available for review on the case website listed below.

### WHO IS A MEMBER OF THE CLASS?
The Class certified by the Court is defined as:

> All persons, corporations and other legal entities that (a) purchased between March 30 and May 6, 2011 a May 2011 Contract in order to liquidate a short position in such contract, including short positions held as part of spread positions; or (b) contracted to purchase cotton on call based on the May 2011 Contract price, and set the price on this contract between March 30 and May 6; or (c) purchased between June 7 and July 7, 2011, a July 2011 Contract in order to liquidate a short position therein, including short positions held as part of spread positions; or (d) contracted to purchase cotton on call based on the July 2011 Contract price, and set the price on this contract between June 7 and July 7, 2011.
>
> Excluded from the Class are Defendants, any parent, subsidiary, affiliate, agent or employee of any Defendant, and any co-conspirator.

### WHO REPRESENTS THE CLASS?
The Court appointed Lovell Stewart Halebian Jacobson LLP, 500 Fifth Avenue, Suite 2440, New York, New York 10110 as "Class Counsel" to represent the Class. In order to participate in the class action, you do not have to pay Class Counsel or anyone else. Instead, if Class Counsel recovers money or benefits for the Class, they will ask the Court for an award of attorneys' fees and costs to be paid from such recovery for the Class whether by judgment award or settlement fund. You may hire your own lawyer to represent you in this lawsuit, but if you do, you are responsible for paying that lawyer.

### YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT
This notice summarizes your rights and options at this time. More information is available on the website listed below. If you are a member of the Class, you will need to decide whether to: (a) remain in the Class; or (b) request to be excluded from the Class.

### WHAT HAPPENS IF I WANT TO OPT OUT OF THE CLASS?

If you opt out, you cannot make a claim against any money or benefits that might be recovered by the Class from Defendants as a result of a judgment or settlement, if any. You have the legal right to opt out of this class action. If you choose to exercise your right to opt out of the Class, you will not be bound by any court orders, judgments, jury verdicts or settlements approved by the Court, and you keep your right to sue or otherwise resolve your potential claims against Defendants on your own.

To opt out of the Class, you must mail, e-mail or submit through the case website a written statement to the Notice Administrator (mailing address, e-mail address and case website address referenced below) no later than _____ *[70 days after mailing]* stating: (1) you are a member of the Class in *In re Term Commodities Cotton Futures Litig.*; and (2) you request to be excluded from the Class. Your written request for exclusion must also include your full name, address, telephone number, e-mail address (if any) and signature, and must be received no later than \_\_\_\_ *[70 days after mailing.]* The Court will exclude from the Class any member who submits a valid and timely request for exclusion.

P.O. Box \_\_\_
800-XXX-XXXX
info@_____.com

**WHAT HAPPENS IF I WANT TO REMAIN IN THE CLASS?**
To remain in the Class, you do not need to do anything. If you do not opt out pursuant to the procedures set forth below, you will remain in the Class. If you remain in the Class, you will give up the right to file (or continue) your own lawsuit, or seek any other form of resolution of claims you might have against Defendants concerning the claims in this lawsuit, and you will be legally bound by all Court orders, judgments, or settlements approved by the Court.

If money or benefits are obtained for the Class as a result of judgment or settlement, you may be entitled to share in a portion of such money or benefits. If money or benefits are obtained in this class action, the Class will be separately notified as to how to make a claim to participate and request a share of any money or benefits recovered for the Class. However, no money or benefits are available now because the case is not resolved. The Class must still prove its claims, including the amount of any damages, and Defendants maintain their rights to challenge liability and assert defenses with respect to Class members. Plaintiffs do not believe Defendants have any legitimate liability challenges or defenses to individual Class member claims in this class action. The Court has not yet ruled on these issues, and Plaintiffs reserve the right to challenge any defenses that may be raised by Defendants. Individual defenses to liability and individual damages calculations will be resolved at a time and through a method to be determined by the Court at a later date.

In the event of a judgment award or settlement, Class members, in order to obtain their share, may be required to produce ~~records concerning their transactions~~ evidence, including but not limited to trading records for all accounts in which they have a financial interest, showing all trades in the May and July 2011 ICE Cotton No. 2 futures contracts and on-call contracts during the Class Period. Class members should therefore preserve records of their transactions in such contracts. Class members should also preserve records of any purchases and/or sales of options on May and July 2011 ICE Cotton No. 2 futures contracts and/or physical cotton in the cash market during the Class Period, as well as any other documents that may be relevant to their claims.

QUESTIONS? VISIT www.2011cottonfuturesclassaction.com OR CALL 800-XXX-XXXX TOLL FREE

**[Plaintiffs' potential insert re: arbitration]**

Defendants' position is that some Class members have entered into agreements creating a right and/or obligation to arbitrate any claims they have against Defendants. Defendants' position is that they have a right to arbitrate the claims herein with two types of Class members: (1) members of the ICE who, Defendants argue, supposedly agreed to an arbitration before the ICE and (2) certain customers of Defendants who supposedly agreed in cotton on call contracts made with Defendants to arbitrate.

Plaintiffs do not agree with Defendants' position. Their position is that the deadline to submit a claim to ICE for arbitration was more than nine years ago and that Defendants' conduct has waived any rights that Defendants may have to compel Class members to arbitrate their claims. In particular, Plaintiffs argue that Defendants chose to litigate this case on the merits for ten years, including by engaging in extensive motion practice and discovery, without ever disclosing any intent to arbitrate.

The Court has made no determination as to whether Defendants have any rights to arbitration. If you remain in the class and Defendants file a motion to compel arbitration, Class Counsel will represent you free of charge in opposing that motion, unless you wish to hire your own lawyer.

[In July 2022, after the completion of discovery, summary judgment and class certification, Defendants informed the Court for the first time that Defendants purport to have a supposed right to arbitrate the claims herein with two types of Class members: (1) members of the ICE who, Defendants argue, supposedly agreed to an arbitration before the ICE and (2) certain customers of Defendants who supposedly agreed in cotton on call contracts made with Defendants to arbitrate. However, the presumptive deadline to submit a claim to ICE for arbitration was more than nine years ago and, per ICE Arbitration Rules, that deadline cannot be extended. *See* ICE Arbitration Rule, 20.03(a)(i), (x).

To the extent there is any agreement to arbitrate and to the further extent that such an arbitration may still be timely and not time-barred any portion of the claims herein, Class Counsel's position is that these claims have been and will continue to be more effectively litigated in Court than in arbitration. Class Counsel's position is that any rights which Defendants may have had to arbitrate any claims in this class action have been waived. Among other things, Defendants chose to litigate this case in Court and tried to defeat the claims herein for ten years, including by engaging in extensive motion practice and discovery, **without** ever disclosing any intent to arbitrate.

Class Counsel's position is that, for these and other reasons, Defendants already have waived any rights to arbitration of the claims of persons who are and remain members of this Class; Class Counsel take no position on whether Defendants have also waived their rights to arbitrate against any potential Class member who decides to opt out of this action and try to pursue an action on an individual basis. Again, the presumptive deadline to submit an arbitration claim to ICE for arbitration passed more than nine years ago and, per ICE Arbitration Rules, that deadline cannot be extended.

Defendants' position is that they have not waived any rights. Defendants have not moved to compel arbitration and the Court has made no rulings on whether Defendants have any rights to arbitration. Class Counsel will respond on behalf of Class members to any motion to compel arbitration that may be filed by Defendants.]

## HOW CAN I GET MORE INFORMATION?

QUESTIONS? VISIT www.2011cottonfuturesclassaction.com OR CALL 800-XXX-XXXX TOLL FREE

If you have questions related to this lawsuit, your rights or wish to review other documents related to this lawsuit, you may visit www.2011cottonfuturesclassaction.com or call 800-XXX-XXXX. You may also contact Class Counsel with any questions:

Christopher Lovell
Christopher McGrath
Ben Jaccarino
**LOVELL STEWART HALEBIAN JACOBSON LLP**
500 Fifth Avenue, Suite 2440
New York, New York 10110
Telephone: (212) 608-1900

**PLEASE DO NOT CALL OR CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE OR FOR ADDITIONAL INFORMATION.**

DATED: _____                    **BY ORDER OF THE COURT**
                                                 Clerk of the United States District Court
                                                 for the Southern District of New York

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| IN RE: TERM COMMODITIES COTTON FUTURES LITIGATION : : : : This Document Relates To: All Actions : : x | Master Docket No. 12-cv-5126 (ALC) (JW) |

## SUMMARY NOTICE OF PENDENCY OF CLASS ACTION

TO: All persons, corporations and other legal entities that (a) purchased between March 30 and May 6, 2011 a May 2011 ICE Cotton No. 2 futures contract in order to liquidate a short position in such contract, including short positions held as part of spread positions; or (b) contracted to purchase cotton on call based on the May 2011 Contract price, and set the price on this contract between March 30 and May 6; or (c) purchased between June 7 and July 7, 2011, a July 2011 ICE Cotton No. 2 futures contract in order to liquidate a short position therein, including short positions held as part of spread positions; or (d) contracted to purchase cotton on call based on the July 2011 Contract price, and set the price on this contract between June 7 and July 7, 2011.

If you are a clearing firm, futures commission merchant, brokerage firm or trustee through which (a) May 2011 ICE Cotton No. 2 futures contracts traded between March 30 and May 6, 2011 (inclusive) or (b) July 2011 ICE Cotton No. 2 futures contracts traded between June 7 and July 7, 2011 (inclusive), then you should ~~please~~ forward this Notice to your customers or provide the name(s) and last known address(es) of such customers or beneficiaries to the Notice Administrator at the address listed below within 14 days of receiving this Notice. Please preserve your records or your clients' records of transactions in May and July 2011 ICE Cotton No. 2 futures contracts as well as in cotton on call contracts in respect of May and July 2011 ICE cotton No. 2 futures contracts during the time periods specified at the start of this paragraph.

Similarly, if you are an ICE certified cotton warehouse or other cotton warehouse that operated during March 30-July 7, 2011, you should ~~please~~ forward this Notice to your customers during that time period who stored cotton at your warehouse or provide the name(s) and last known address(es) of such customers to the Notice Administrator at the address listed below within 14 days of receiving this Notice.

This Summary Notice seeks to alert you to a certified class action lawsuit called *In re Term Commodities Cotton Futures Litig.,* Case No. 12-cv-5126, pending in the United States District Court for the Southern District of New York before the Honorable Andrew L. Carter, Jr. You could be affected by and may have a right to participate in any potential recovery in this class action lawsuit alleging claims against Louis Dreyfus Company B.V. (formerly known as Louis Dreyfus Commodities B.V.); Louis Dreyfus Company Cotton LLC (a/k/a Allenberg Cotton Company, formerly known as Louis Dreyfus Commodities Cotton LLC); Louis Dreyfus Company Holding

QUESTIONS? VISIT www.2011cottonfuturesclassaction.com OR CALL 800-XXX-XXXX TOLL FREE

Page 1 of 3

Inc. (formerly known as LDC Holding Inc.); Term Commodities, Inc.; Louis Dreyfus Company LLC (formerly known as Louis Dreyfus Commodities LLC); and Joseph Nicosia (collectively, "Defendants") for alleged manipulation of the prices of May and July 2011 ICE Cotton No. 2 futures contracts and cotton on call contracts between March 30 and May 6, 2011 (inclusive) and June 7 and July 7, 2011 (inclusive) (the "Class Period").

In the lawsuit, Plaintiffs assert claims against Defendants under the Commodity Exchange Act, 7 U.S.C. §1 *et seq.* ("CEA"), and the Sherman Antitrust Act, 15 U.S.C. § 2, *et seq.* ("Sherman Act"). Plaintiffs allege Defendants engaged in substantial manipulative conduct, including making large late purchases of long cotton futures positions, and seeking to take large deliveries of cotton in satisfaction of those long positions all in the face of a known market congestion. Plaintiffs further allege that Defendants uneconomically withheld liquidating orders and uneconomically refused to buy back cotton they had previously sold despite the alleged availability of favorable prices, and avoided and delayed purchasing physical cotton in the cash market that was cheaper than futures market cotton. As a result of Defendants' conduct, Plaintiffs allege that May and July 2011 ICE Cotton No. 2 futures contract prices increased to, and Class members paid, artificially high prices to liquidate their short positions in such futures contracts, and/or paid artificially high prices pursuant to their cotton on call contracts.  After the May and July 2011 contracts expired, the InterContinental Exchange ("ICE"), which regulates the cotton futures trading at issue here, hired a cotton market participant who had warned ICE of distorted prices and potentially unlawful behavior in the cotton market in April 2011. Plaintiffs also allege Defendants were positioned to profit from the alleged increases in prices and did profit by as much as $185 million.

Defendants deny all of Plaintiffs' allegations and deny that Defendants violated any laws or engaged in any wrongdoing. Defendants contend that high cotton prices in 2011 resulted from global supply and demand forces, including supply shortages caused by adverse weather events and increased demand as the 2008 recession subsided. Defendants further contend that their long positions in cotton futures were bona fide hedges against their contractual obligations to deliver cotton, and that their positions were monitored by the InterContinental Exchange ("ICE"), which regulates the cotton futures trading at issue here. Defendants also contend that the ICE and Commodity Futures Trading Commission ("CFTC") investigated Plaintiffs' allegations of manipulation and did not make any findings that Defendants manipulated the prices of the May or July 2011 ICE Cotton No. 2 futures contracts. Defendants intend to assert these and other defenses against Plaintiffs' claims at trial. Plaintiffs dispute all of Defendants' defenses.

The Court has not ruled on the merits of the claims against, or the defenses asserted by, Defendants. By establishing the Class and approving the issuance of this Notice, the Court has not found that Defendants did or did not commit the violations that Plaintiffs allege or that the Class will recover any amount. Defendants intend to vigorously defend against Plaintiffs' claims at trial.

The Court has appointed the law firm listed below to represent the Class in this lawsuit ("Class Counsel"). You may hire your own lawyer to represent you in this lawsuit, but if you do, you are responsible for paying that lawyer.

Christopher Lovell
Christopher McGrath
Ben Jaccarino

**LOVELL STEWART HALEBIAN**
**JACOBSON LLP**
500 Fifth Avenue, Suite 2440
New York, New York 10110
Telephone: (212) 608-1900

**WHO IS A MEMBER OF THE CLASS?**
The Class certified by the Court is defined as:

> All persons, corporations and other legal entities that (a) purchased between March 30 and May 6, 2011 a May 2011 Contract in order to liquidate a short position in such contract, including short positions held as part of spread positions; or (b) contracted to purchase cotton on call based on the May 2011 Contract price, and set the price on this contract between March 30 and May 6; or (c) purchased between June 7 and July 7, 2011, a July 2011 Contract in order to liquidate a short position therein, including short positions held as part of spread positions; or (d) contracted to purchase cotton on call based on the July 2011 Contract price, and set the price on this contract between June 7 and July 7, 2011.
>
> Excluded from the Class are Defendants, any parent, subsidiary, affiliate, agent or employee of any Defendant, and any co-conspirator.

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT**
If you are a member of the Class, you will need to decide whether to (a) remain in the Class or (b) request to be excluded from the Class. To remain in the Class, you do not need to do anything. If you do not opt out pursuant to the procedures set forth below, you will remain in the Class. If you remain in the Class, you will give up the right to file (or continue) your own lawsuit or seek any other form of resolution of claims you might have against Defendants concerning the claims in this lawsuit, and you will be legally bound by all Court orders, judgments, or settlements approved by the Court.

If money or benefits are obtained for the Class as a result of judgment or settlement, you may be entitled to share in a portion of such money or benefits. If money or benefits are obtained in this class action, the Class will be separately notified as to how to make a claim to participate and request a share of any money or benefits recovered for the Class.

However, no money or benefits are available now because the case is not resolved. The Class must still prove its claims, including the amount of any damages, and Defendants maintain their rights to challenge liability and assert defenses with respect to Class members. Plaintiffs do not believe Defendants have any legitimate liability challenges or defenses to individual Class member claims in this class action. The Court has not yet ruled on these issues, and Plaintiffs reserve the right to challenge any defenses that may be raised by Defendants. Individual defenses to liability and individual damages calculations will be resolved at a time and through a method to be determined by the Court at a later date.

In the event of a judgment award or settlement, Class members, in order to obtain their share, may be required to produce ~~records concerning their transactions~~evidence, including but not limited to trading records for all accounts in which they have a financial interest, showing all trades in the May and July 2011 ICE Cotton No. 2 futures contracts and on-call contracts during the Class Period.

QUESTIONS? VISIT www.2011cottonfuturesclassaction.com OR CALL 800-XXX-XXXX TOLL FREE

Page 3 of 3

Class members should therefore preserve records of their transactions in such contracts. Class members should also preserve records of any purchases and/or sales of options on May and July 2011 ICE Cotton No. 2 futures contracts and/or physical cotton in the cash market during the Class Period, as well as any other documents that may be relevant to their claims.

**[Plaintiffs' potential insert re: arbitration]**
Defendants' position is that some Class members have entered into agreements creating a right and/or obligation to arbitrate any claims they have against Defendants. Defendants' position is that they have a right to arbitrate the claims herein with two types of Class members: (1) members of the ICE who, Defendants argue, supposedly agreed to an arbitration before the ICE and (2) certain customers of Defendants who supposedly agreed in cotton on call contracts made with Defendants to arbitrate.

Plaintiffs do not agree with Defendants' position. Their position is that the deadline to submit a claim to ICE for arbitration was more than nine years ago and that Defendants' conduct has waived any rights that Defendants may have to compel Class members to arbitrate their claims. In particular, Plaintiffs argue that Defendants chose to litigate this case on the merits for ten years, including by engaging in extensive motion practice and discovery, without ever disclosing any intent to arbitrate.

The Court has made no determination as to whether Defendants have any rights to arbitration. If you remain in the class and Defendants file a motion to compel arbitration, Class Counsel will represent you free of charge in opposing that motion, unless you wish to hire your own lawyer.

~~[In July 2022, after the completion of discovery, summary judgment and class certification, Defendants informed the Court for the first time that Defendants purport to have a supposed right to arbitrate the claims herein with two types of Class members: (1) members of the ICE who, Defendants argue, supposedly agreed to an arbitration before the ICE and (2) certain customers of Defendants who supposedly agreed in cotton on call contracts made with Defendants to arbitrate. However, the presumptive deadline to submit a claim to ICE for arbitration was more than nine years ago and, per ICE Arbitration Rules, that deadline cannot be extended. *See* ICE Arbitration Rule, 20.03(a)(i), (x).~~

~~To the extent there is any agreement to arbitrate and to the further extent that such an arbitration may still be timely and not time-barred any portion of the claims herein, Class Counsel's position is that these claims have been and will continue to be more effectively litigated in Court than in arbitration. Class Counsel's position is that any rights which Defendants may have had to arbitrate any claims in this class action have been waived. Among other things, Defendants chose to litigate this case in Court and tried to defeat the claims herein for ten years, including by engaging in extensive motion practice and discovery, **without** ever disclosing any intent to arbitrate.~~

~~Class Counsel's position is that, for these and other reasons, Defendants already have waived any rights to arbitration of the claims of persons who are and remain members of this Class; Class Counsel take no position on whether Defendants have also waived their rights to arbitrate against any potential Class member who decides to opt out of this action and try to pursue an action on an individual basis. Again, the presumptive deadline to submit an arbitration claim to ICE for arbitration passed more than nine years ago and, per ICE Arbitration Rules, that deadline cannot be extended.~~

~~Defendants' position is that they have not waived any rights. Defendants have not moved to~~

QUESTIONS? VISIT www.2011cottonfuturesclassaction.com OR CALL 800-XXX-XXXX TOLL FREE

~~compel arbitration and the Court has made no rulings on whether Defendants have any rights to arbitration. Class Counsel will respond on behalf of Class members to any motion to compel arbitration that may be filed by Defendants.]~~

If you do not want to participate in this lawsuit, you can opt out of the Class and request to exclude yourself. If you choose to exercise your right to opt out of the Class, you will not be bound by any court orders, judgments, jury verdicts or settlements approved by the Court, and you keep your right to sue or otherwise resolve your potential claims against Defendants on your own. If you opt out, you cannot make a claim against any money or benefits that might be recovered by the Class from Defendants in a settlement or as a result of a judgment, if any.

To opt out of the Class, you must mail, e-mail or submit through the case website a written statement to the Notice Administrator (mailing address, e-mail address and case website address referenced below) no later than _____ *[70 days after mailing]* stating: (1) you are a member of the Class in *In re Term Commodities Cotton Futures Litig.*; and (2) you request to be excluded from the Class. Your written request for exclusion must also include your full name, address, telephone number, e-mail address (if any) and signature, and must be received no later than ___ *[70 days after mailing.]* The Court will exclude from the Class any member who submits a valid and timely request for exclusion.

P.O. Box ___
800-XXX-XXXX
info@_____.com

### HOW CAN I GET MORE INFORMATION?

If you have questions related to this lawsuit, your rights or wish to review other documents related to this lawsuit, you may visit www.2011cottonfuturesclassaction.com or call 800-XXX-XXXX. You may also contact Class Counsel with any questions.

**PLEASE DO NOT CALL OR CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE OR FOR ADDITIONAL INFORMATION.**