USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 10/10/23

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **IN RE: TERM COMMODITIES COTTON FUTURES LITIGATION**<br><br>**This Document Relates To: All Actions** | **Master Docket:**<br><br>**12-cv-05126 (ALC) (JW)**<br><br>**ORDER** |

**ANDREW L. CARTER, JR., United States District Judge:**

Pending before the Court is a motion to intervene for the limited purpose of obtaining access to the docket materials filed under seal (the "Sealed Materials") filed by class members Glencore Ltd. and Viterra B.V. (f/k/a Glencore Agriculture B.V.) (collectively, "Glencore"). For the following reasons, Glencore's motion is **GRANTED**.

## BACKGROUND

### I.      Procedural Background

The Court assumes the readers' familiarity with the procedural and factual background of this case and includes only background related to this instant motion. On July 18, 2023, the Court scheduled a telephonic conference for August 9, 2023 to discuss several disputes between Plaintiffs and Defendants related to Plaintiffs' proposed Class Notice Form and plan. ECF No. 680. Exactly one week later, Glencore filed a pre-motion conference letter seeking leave to file a motion "to intervene for the limited purpose of obtaining access to discovery materials and materials filed under seal in this litigation." ECF No. 697. In its letter, Glencore explained that it needs access to this material so that it could make "an informed decision about whether to opt out of the class." *Id*.

On August 9, 2023, the Court held a telephonic conference during which it resolved the disputes concerning the Class Notice form and discussed Glencore's anticipated motion. *See* Hearing Tr., ECF No. 694. During the conference, the Court expressed concerns that this motion to

intervene, and Plaintiffs' decision to oppose Glencore's request, would cause significant delay to the Notice procedures for this action. *Id.* at 24. Ultimately, the Court authorized Class Notice being sent out to class members and established a 70-day opt out period for the class members. *See* ECF No. 691. The Court concurrently granted Glencore leave to move to intervene and set an expedited briefing schedule. ECF No. 691.

On August 18, 2023, Glencore filed the instant motion, ECF No. 696, and an accompanying memorandum of law in support. *See* Mem., ECF no. 697. Plaintiffs filed their opposition on August 23, 2023. *See* Opp., ECF No. 703. Glencore filed its reply memorandum on August 28, 2023. *See* Reply, ECF No. 704. After the motion was fully briefed, on October 2, 2023, Glencore filed a letter requesting that the Court extend Glencore's optout deadline to 70 days after the Court enters an order adjudicating the instant motion. ECF No. 710. Plaintiffs responded in opposition to this specific request, arguing any such request was premature. ECF No. 711. On October 3, 2023, Plaintiffs submitted a proposed stipulated order, which would give Glencore access to certain uncontested under-seal materials while the motion to intervene remained pending. *See* ECF Nos. 713-14. The Court entered the stipulated order on October 4, 2023. *See* Stipulated Order, ECF No. 715. On October 5, 2023, the Court ordered Glencore to file a letter indicating which Sealed Materials, if any, still remain in dispute. ECF No. 16.

The instant motion to intervene is deemed fully briefed.

II.     **Factual Background**

Glencore is the "largest class member, representing an estimated 30 percent to 35 percent of the class's damages relating to the May and July 2011 ICE cotton futures contracts." Mem. at 2. According to Defendants, Glencore's damages alone are at least $200 million. *Id*. (citing Defs.'

Letter, ECF No. 681 at 1). Throughout this litigation, and pursuant to a Protective Order, ECF No. 106, Plaintiffs and Defendants have sealed several filings in this case, including several expert opinions and deposition testimony. The existing Protective Order prevents class members like Glencore from accessing the Sealed Materials, except to the extent both parties may agree to disclose their respective documents and testimony to Glencore on a voluntary basis, pursuant to paragraph 1 of the Protective Order. *See* Protective Order.

## DISCUSSION

Glencore seeks to intervene pursuant to Federal Rule of Civil Procedure 24(b)(1)(B), which allows the court to "permit anyone to intervene who: has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Pursuant to this Rule, a non-party may intervene for the limited purpose of being brought within a protective order. *See SEC v. TheStreet.com*, 273 F.3d 222, 226-27, 229-30 (2d Cir. 2001) (affirming district court's order granting a motion to intervene and modifying an existing protective order to unseal confidential deposition testimony). Glencore specifically seeks an order granting them access to the Sealed Materials.

As an initial matter, Defendants consent to Glencore's requested relief. Additionally, under the Stipulated Order, Glencore now has access to the following Sealed Materials: (1) unredacted transcripts of the depositions of Plaintiff Mark Allen, all of Defendants' executives, ICE witnesses, and Peter Bunce; (2) unredacted copies of the three expert reports submitted by Plaintiffs' cotton merchant expert, Gerald Marshall; (3) Paragraphs 638-669 of Dr. Craig Pirrong's initial expert report, which is redacted in the public record; (4) any and all mentions of Glencore or Mark Allen in any expert report submitted by Plaintiffs or Defendants, or in any deposition taken in this Action;

and (5) Dr. Pirrong's initial expert report (Stoll Declaration, ECF No. 640, Ex. 4), Figure 22. *See* Stipulated Order.

Therefore, according to Glencore, the only contested Sealed Materials includes: "the entirety of Dr. [Craig] Pirrong's reports and testimony" and "the reports and testimony which respond to Dr. Pirrong's opinions." Reply at 1. After the Court ordered Glencore to indicate which specific materials still remain in dispute, Glencore pointed to "the reports and testimony of: (1) Dr. Pirrong; (2) Peter Egli; (3); Matthew A. Evans; (4) Dr. John D. Finnerty; and (5) William E. May." *See* ECF No. 717. As previously explained in this Court's opinion and order concerning summary judgment and Defendants' *Daubert* motion, Dr. Pirrong is Plaintiffs' expert who provides testimony "on three fundamental issues: (1) a "deliverable supply" analysis demonstrating Defendants' ability to influence the prices of the May and July Contracts; (2) event studies demonstrating that the prices of the May and July contracts were artificially high; and (3) a causation analysis demonstrating that Defendants caused the artificially high prices." *See In re Term Commodities Cotton Futures Litig.*, No. 12-CV-5126 (ALC), 2020 WL 5849142, at *15 (S.D.N.Y. Sept. 30, 2020), ECF No. 575.

Glencore argues it needs access to Dr. Pirrong's analysis within his expert opinion and the defense experts' critiques and testimony because they are related to triable issues of facts that speak to "the viability of the class's case at trial." Reply at 1. As the largest class member "with the most to gain or lose from relying on Dr. Pirrong," *id.* at 3, Glencore argues that it can only make an informed decision about remaining in the Class if it is allowed to internally ascertain the lead expert's readiness for trial. *Id*. at 3-4; *see also* Mem. at 8 (any proper evaluation … of whether to rely on Dr. Pirrong … necessarily depends upon a meaningful understanding of [his] opinions and testimony, and of defendants' challenges thereto."). Additionally, Glencore contends that "because

4

of the unique circumstance that Allen—a former Glencore trader who traded on his personal account (allegedly to Glencore's detriment)—is the sole class representative, Glencore must know the extent to which Pirrong's [] opinions in support of class wide merits issues (such as prudent planning) address or fail to address Glencore's own prudent planning." Mem. at 8. In essence, Glencore argues that it needs access to the expert report and testimony so it can answer two "fundamental questions— whether the class's expert can be relied upon generally, and how [his] opinions reflect upon Glencore's claims specifically." *Id*. at 8-9. Plaintiffs argue "it is prejudicial to the Class for it to provide extensive access to under seal materials . . . which may soon opt out and quickly use such information to compete with the Class to make its own settlement." Opp. at 7.

As the largest class member and former employer of class representative Allen, the Court agrees that Glencore meets the threshold requirements of Rule 24(b)(1)(B). Furthermore, Defendants have explained to this Court that it plans on engaging in motion practice as to the issue of individual defenses against individual class members. Hearing Tr. at 51. As the largest class member, Glencore has a serious and unique interest in obtaining the disputed Sealed Materials regarding Allen's conduct and Glencore's prudent planning because these materials are relevant to any individual defense Defendants may raise as to Glencore. Glencore should be afforded the opportunity to know what the experts have said about any Glencore-specific liability and damages issues. And while the Court is sympathetic to Plaintiffs' concern that Glencore may opt out of the Class, that decision is for Glencore to make, and it would be inappropriate for this Court to aid Plaintiffs in any effort to prevent Glencore from making an informed decision. Moreover, Plaintiffs have not indicated that settlement is imminent and therefore any argument that it is prejudiced by Glencore's access to the remaining Sealed Materials fails. Finally, as noted by Glencore, Dr.

Pirrong's expert opinion and methodologies will, in any event, become public when presented as live trial testimony. Mem. at 9.

Glencore's request that the Court extend Glencore's optout deadline to 70 days after the issue date of this order, ECF No. 710, is **DENIED** without prejudice with leave to renew at a later date.

**CONCLUSION**

Glencore's motion is **GRANTED**. Plaintiffs and Defendants shall provide Glencore's counsel of record with electronic copies of the entirety of Dr. Pirrong's reports and testimony and the reports and testimony which respond to Dr. Pirrong's opinions on or by **October 13, 2023**.[1] Counsel for Glencore and Glencore shall be bound by the terms of the Protective Order. The Clerk of the Court is respectfully directed to terminate the pending motion at ECF No. 696.

**SO ORDERED.**

**Dated:    October 10, 2023**
**           New York, New York**

**ANDREW L. CARTER, JR.**
**United States District Judge**

---

[1] *See* ECF No. 717.