Case 1:12-cv-05126-ALC-JW Document 721 Filed 03/26/24 Page 1 of 6

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 3/26/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: TERM COMMODITIES COTTON FUTURES LITIGATION<br><br>This Document Relates To: All Actions | MASTER DOCKET<br><br>12-CV-05126 (ALC)<br><br>**OPINION AND ORDER** |

**ANDREW L. CARTER, JR., United States District Judge:**

  Defendants move this Court for an order granting them leave to issue a subpoena or other appropriate discovery device to third-party InterContinental Exchange Futures U.S. ("ICE"). *See* ECF No. 698. Plaintiffs have also requested leave to submit a five-page sur-reply in support of their opposition. For the reasons stated below, Defendants' motion is **GRANTED** and Plaintiff's request is **DENIED**.

## BACKGROUND

  The Court presumes the Parties' familiarity with the factual and procedural history of this case and directs the public to the operative facts recounted in prior decisions and orders for greater detail. *See, e.g.*, *Allen v. Term Commodities, Inc. (In re Term Commodities Cotton Futures Litig.)*, No. 12-CV-5126 (ALC), 2020 U.S. Dist. LEXIS 181704 (S.D.N.Y. Sep. 30, 2020); *In re Term Commodities Cotton Futures Litig.*, No. 12-CV-5126, 2022 U.S. Dist. LEXIS 29140 (S.D.N.Y. Feb. 15, 2022). This section discusses only those factual issues most relevant to Defendants' motion.

  Following class certification, Plaintiffs asked this Court for approval of their plan and form of notice as to members of the certified class pursuant to Fed. R. Civ. P. 23(c)(2)(B). *See* ECF No. 663. As part of its notice plan, Plaintiffs proposed having the futures contract exchange on which the alleged manipulation occurred, Intercontinental Exchange ("ICE"), itself send or provide the names and addresses of class members to the administrator so that they might send

notice out to the proper recipients.  ECF No. 664 at 1-2.  In their motion, Plaintiffs stated that they had "issued Rule 45 subpoenas to ICE that requested certain information concerning large traders, including the names and last known addresses of large traders in the May and July Contracts" to which ICE "produced the daily end-of-day positions of each large trader in the May and July Contracts during the Class Period" with the traders' identities "masked." *Id.* at 11; *see also id.* at 1 (defining "large traders" as those who "held positions that equaled or exceeded the mandated reporting levels of 300 cotton futures contracts").  Far from objecting to this portion of Plaintiffs' plan, Defendants, in their response, requested that the large traders' identities and trading positions be produced to them as well as to Plaintiff.  ECF No. 666 at 11.  Defendants seek this material because, as they argue, "both parties will need the identities of individual class members eventually in order, for example, to assess any arbitration right or obligation and to prepare and respond to defenses related to particular class members." *Id.*  In their Reply brief, Plaintiffs stated that they conferred with ICE who purportedly agreed to produce the large trader information to the Notice Administrator subject to a confidentiality agreement.  ECF No. 670 at 4.  Following oral argument, the Court approved Plaintiffs' notice plan with minor edits, allowed ICE to provide the large trader information to the Notice Administrator pursuant to a confidentiality agreement, and contemporaneously granted Defendants leave to file the present subpoena motion.  *See* ECF No. 691.

   Following the issuance of the Court's order as to the notice plan, Defendants met and conferred with ICE who purportedly indicated that they would produce the requested information pursuant to a subpoena and would not oppose Defendants' request for the issuance of such a subpoena.  ECF No. 699 at 3.  During that meet and confer, Defendants claim that ICE's outside counsel stated that while the exchange maintains current records of ICE membership, it likely

did not maintain old membership records in a "producible form," but that ICE would "likely be able to indicate whether the identified large traders in the class were members of ICE during the relevant period." ECF No. 700 at ¶ 8.

## STANDARD OF REVIEW

A district court has discretion to decide whether to reopen discovery. *See Wills v. Amerada Hess Corp.*, 379 F.3d 32, 41 (2d Cir. 2004) ("Recognizing the district court's broad discretion to direct and manage the pre-trial discovery process, we also review a district court's discovery rulings for abuse of discretion."). "A party seeking to reopen discovery bears the burden of establishing good cause and discovery should not be extended when there was ample opportunity to pursue the evidence during discovery." *Leong v. 127 Glen Head Inc.*, CV 13-5528, 2016 U.S. Dist. LEXIS 26666, at *9-*10 (E.D.N.Y. Mar. 2, 2016) (quoting *Thieriot v. Jaspan Schlesinger Hoffman, LLP*, No. CV 07-5315 (TCP) (AKT), 2010 U.S. Dist. LEXIS 105599, at *15 (E.D.N.Y. Sep. 30, 2010)) (internal quotation marks omitted). District courts apply a six-part test to determine whether good cause exists to re-open discovery. These factors are as follows:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*Bakalar v. Vavra*, 851 F. Supp. 2d 489, 493 (S.D.N.Y. 2011) (citing *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987). The Court will address each of these facts in turn.

## DISCUSSION

### I. Trial Timing & Plaintiffs' Opposition

No trial date has been set in this case. Rather, the Court previously indicated to the Parties at conference that trial is unlikely to take place any earlier than Fall 2024. Therefore, the first factor weighs in favor of granting Defendants' request.

Plaintiffs have also noted their "strong[] object[ion] to Defendants' request such that the second factor weighs against Defendants' position.

### II. Prejudice to Plaintiffs

Plaintiffs argue that permitting Defendants' discovery request would be highly prejudicial because Defendants' request comes after more than a decade of active litigation in this case and over eight years after the closure of discovery and because Defendants' plans to lodge arbitration and other defenses against individual class members would harm Plaintiffs' case. ECF No. 705 at 4. Separately, Plaintiffs also argue that Defendants' request will "necessarily result in additional delays and costs" due to ICE's statements that the requested evidence might not be in a producible form. *Id.* Defendants argue in response that Plaintiffs will not suffer any prejudice because they previously asked ICE to produce the same information at issue and because the advancement of Defendants' possible defenses is not a cognizable form of prejudice in this analysis. ECF No. 706 at 7-8.

While Defendants are correct that the archetypical form of prejudice courts are concerned about in such inquiries is whether the reopening of discovery "would increase litigation costs, and further delay resolution of this litigation," it is apparent that Plaintiffs are understandably concerned with such forms of prejudice here. *Saray Dokum Ve Madeni Aksam Sanayi Turizm A.S. v. MTS Logistics Inc.*, 335 F.R.D. 50, 52 (S.D.N.Y. 2020) (quoting *Bakalar*, 851 F. Supp. 2d

at 494). "Delay . . . is of understandable concern to the Plaintiff[s]" and "[t]here is no doubt that re-opening discovery will cause plaintiff to incur costs and expenses associated with reviewing documents which [Defendants are] requesting." *Moroughan v. Cty. of Suffolk*, 320 F. Supp. 3d 511, 516 (E.D.N.Y. 2018). Nevertheless, Defendants' concerns as to the reliability of the evidence ICE might produce—to the extent such concerns are even cognizable in such an analysis—are prematurely raised. The evidentiary record presently before the Court is insufficient to make such a determination at this junction. Therefore, the Court finds that this factor slightly favors Plaintiffs.

### III. Defendants' Diligence, Foreseeability, and Relevance

Despite Plaintiffs' arguments to the contrary, Defendants' prospective defenses against individual class members is highly relevant and is timely raised following class certification. As the Supreme Court has articulated, Defendants here have a right to present class-member specific defenses. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 367 (2011) (stating that the defendant "ha[s] the right to raise any individual affirmative defenses it may have"). Additionally, while "Plaintiffs are correct that, as a general rule, parties cannot participate in the litigation process only to move to compel arbitration when it strategically suits them, . . . [Defendants] could not compel arbitration until class certification and the members of the class were determined." *Chen-Oster v. Goldman, Sachs & Co.*, 449 F. Supp. 3d 216, 236-237 (S.D.N.Y. 2020); *see also Id.* at 234 ("In the context of class action litigation, courts repeatedly have held that the earliest time to move to compel arbitration is after class certification. At that juncture, previously putative class members first become subject to a court's jurisdiction.") (collecting cases). Also, Defendants have previewed to Plaintiffs their present intent to pursue arbitration defenses in a timely manner. Specifically, Defendants stated as much in their July 22, 2022 letter to the Court

filed shortly after the appellate court declined to review the class certification. *See* ECF No. 652. Therefore, because Defendants currently request evidence from ICE highly relevant to their contemplated individual defenses, which were not cognizable at an earlier stage of the litigation and which Defendants informed Plaintiffs of their intent to raise soon after the closure of class certification, the Court finds that all three of the remaining factors weigh in Defendants' favor.

## CONCLUSION

Having considered the relevant factors and in balancing them, the Court finds that discovery should be re-opened for the limited purpose of Defendants' issuance of a subpoena on the exchange platform ICE for the identification of large traders and their trading positions.

**SO ORDERED.**

**Dated:**     **March 26, 2024**
             **New York, New York**       **ANDREW L. CARTER, JR.**
                                                        **United States District Judge**