**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: TERM COMMODITIES COTTON FUTURES LITIGATION<br><br>This Document Relates To: All Actions | MASTER DOCKET<br><br>12-CV-05126 (ALC)<br><br><u>**OPINION AND ORDER**</u> |

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiffs move for limited reconsideration or, in the alternative, clarification of the Court's Opinion and Order signed on March 26, 2024 and entered on March 28, 2024. ECF No. 721 ("March 28 Order"). The Order granted Defendants' request to reopen discovery for the limited purpose of permitting Defendants to send their proposed Rule 45 document subpoena to ICE Futures U.S. ("ICE"). For the reasons stated below, Plaintiffs' motion is **DENIED**.

## BACKGROUND

The Court presumes the Parties' familiarity with the factual and procedural history of this case and directs the public to the operative facts recounted in prior decisions and orders for greater detail. *See, e.g., Allen v. Term Commodities, Inc. (In re Term Commodities Cotton Futures Litig.)*, No. 12-cv-5126, 2020 WL 5849142 (S.D.N.Y. Sep. 30, 2020); *In re Term Commodities Cotton Futures Litig.*, No. 12-cv-5126, 2022 WL 485005 (S.D.N.Y. Feb. 15, 2022); *In re Term Commodities Cotton Futures Litig.*, No. 12-cv-5126, 2024 WL 1329383 (S.D.N.Y. Mar. 26, 2024). This section discusses only those factual issues most relevant to Plaintiffs' instant motion.

In the March 28 Order, the Court weighed whether it would reopen discovery to allow Defendants to issue a subpoena to ICE for documents related to large trader information in accordance with the notice plan in this case. March 28 Order at *1–2. To reach its determination, the Court considered: (1) whether trial is imminent; (2) whether the request is

opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court; (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court; and (6) the likelihood that the discovery will lead to relevant evidence. *Id.* at *2. (citing *Bakalar v. Vavra*, 851 F. Supp. 2d 489, 493 (S.D.N.Y. 2011)). The Court concluded that the trial timing, opposition, and prejudice factors favored Plaintiffs and that the diligence, foreseeability, and relevance factors favored Defendants, leading to a finding that "discovery should be re-opened for the limited purpose of Defendants' issuance of a subpoena on the exchange platform ICE for the identification of large traders and their trading positions." *Id.* at *2–3.

On April 11, 2024, Plaintiffs filed a motion for limited reconsideration or, in the alternative, clarification of the March 28 Order. ECF No. 722. On April 25, 2024, Defendants filed their opposition. ECF No. 724. On May 2, 2024, Plaintiffs filed their reply. ECF No. 725. On January 14, 2025, Plaintiffs filed a notice of supplemental authority. ECF No. 725. On January 17, 2025, Defendants filed a response to Plaintiff's notice. ECF No. 726.

**STANDARD OF REVIEW**

Reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *U.S. Bank Nat'l Ass'n v. Triaxx Asset Mgmt. LLC*, 352 F. Supp. 3d 242, 246 (S.D.N.Y. 2019) (citation omitted). "A motion for reconsideration should be granted only when the defendant identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d

1245, 1255 (2d Cir. 1992)). However, a motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citations omitted); *see also Weiss v. El Al Isr. Airlines, Ltd.*, 471 F. Supp. 2d 356, 358 (S.D.N.Y. 2006) ("A motion for reconsideration is not an opportunity for a losing party to advance new arguments to supplant those that failed in the prior briefing of the issue.").

## DISCUSSION

Specifically, Plaintiff has asked that the Court reconsider its determinations as to two of the *Bakalar* factors—diligence and foreseeability—in the March 28 Order. Plaintiffs argue that if the Court had found for Plaintiffs on those factors, then four of the six factors would favor Plaintiffs, resulting in a denial of Defendants' request for leave to issue a subpoena or discovery device to third-party ICE. *See* ECF No. 723 at 1.

However, Plaintiffs have not shown any material facts or controlling law warranting the Court's reconsideration, a measure that would amount to a reversal of its prior Order. The Court—having previously considered all material facts as to Defendants' diligence in disclosing their intent to arbitrate and the foreseeability of arbitration-related discovery in the March 28 Order—does not find any additional evidence in the Parties' briefing that drives the Court to reevaluate its conclusions. Moreover, the case law cited by Plaintiffs in their papers and subsequent notice of supplemental authority is not controlling.

Plaintiffs mainly argue that the Court erroneously interpreted *Chen-Oster*, a case upon which the Court relied in determining the diligence and foreseeability factors. *See Chen-Oster v. Goldman, Sachs & Co.*, 449 F. Supp. 3d 216, 238 (S.D.N.Y. 2020), objections overruled, No. 10-

CV-6950, 2021 WL 4199912 (S.D.N.Y. Sept. 15, 2021).  The Court cited *Chen-Oster* for the proposition that "[Defendants] could not compel arbitration until class certification and the members of the class were determined."  March 28 Order at *3 (citing *Chen-Oster*, 449 F. Supp 3d at 236–37).  Plaintiffs point to findings (in *Chen-Oster* and other cases) that defendants gave plaintiffs early notice of their intent to arbitrate in the pre-class certification stage to contrast Defendants' more recent notice in this case.

But as *Chen-Oster* made clear, "context is key" in deciding whether the length of the litigation disfavors arbitration.  *See Chen-Oster*, 449 F. Supp 3d at 37.  Considering the context of this case, the Court found that the "individual defenses [] were not cognizable at an earlier stage of the litigation and [] Defendants informed Plaintiffs of their intent to raise soon after the closure of class certification[.]"  March 28 Order at *3.  The Court cannot identify any clear error or manifest injustice resulting from the prior Order.

For the avoidance of doubt, the Court reiterates that the March 28 Order specifically provided Defendants leave to issue a subpoena on "ICE for the identification of large traders and their trading positions."  *Id.* at *3.  The Court clarifies that the March 28 Order does not impart any preclusive effect on the Parties' arguments in any subsequent motion to compel arbitration.

## CONCLUSION

Having considered the Parties' arguments, the Court **DENIES** Plaintiff's motion for reconsideration.  The Parties shall submit a joint status report regarding the status of the limited discovery thirty (30) days following the entry of this Order and Opinion.

**SO ORDERED.**

**Dated:   March 26, 2025**
         **New York, New York**         **ANDREW L. CARTER, JR.**
                                               **United States District Judge**