Ellenoff Grossman & Schole LLP

Howard J. Kaplan
HKaplan@egsllp.com

This motion to seal is **GRANTED**. Upon review of Defendants' request and the redactions submitted at Dkt. No. 855, the Court finds that keeping the information under seal is warranted and the redactions are narrowly tailored to preserve the public's right to access.

**SO ORDERED.**

Jennifer E. Willis
JENNIFER E. WILLIS
United States Magistrate Judge
November 4, 2026

**VIA ECF and EMAIL**
Honorable Andrew L. Carter, Jr.
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square New York, New York 10007
alcarternysdchambers@nysd.uscourts.gov

Re: *In Re: Term Commodities Cotton Futures Litigation*
Civil Action No.: 1:12-cv-05126-ALC-JW

Dear Judge Carter:

On behalf of Defendants, we write pursuant to Section 6.C of Your Honor's Individual Rules and Section E.4 of the Stipulated Protective Order, Dkt. No. 106 (the "Protective Order"), to request leave to file certain of Defendants' October 7, 2026 submissions under seal in the above-referenced case (the "Action"). Specifically, Defendants request to file under seal, with public filings redacted as appropriate, a Letter to provide the Court with an update concerning the status of the diligence discovery on certain absent class members.

The Stipulated Protective Order governs the "use and handling of documents, depositions, deposition exhibits, … electronically stored information, testimony and any other information produced, given, or exchanged by and among the Parties and any non-parties to the Action in connection with discovery in the Action." Protective Order § A.1. Pursuant to § A.3 of the Protective Order, the producing party may designate Discovery Material as "Confidential" if it in good faith believes that the Discovery Material contains "proprietary, confidential, private, or commercially sensitive information, other confidential research, development, or commercial information" as provided by Federal Rule of Civil Procedure 26(c)(1)(G), or "any other information whose public disclosure" would be to the detriment of that party's business. Section A.4 provides that the producing party may designate Discovery Material as "Highly Confidential" if it in good faith believes that it contains "particularly commercially sensitive or private information." Section E.4 provides that any party seeking to file materials with the Court that contain "Confidential" or "Highly Confidential" information must request leave to file those materials under seal.

The documents discussed in and attached to Defendants' motion were designed "Confidential" or "Highly Confidential." Consistent with the terms of the Stipulated Protective Order, Defendants respectfully request that the Court authorize Defendants to file the Sealed Submissions under seal and publicly file the Sealed Submissions with redactions as proposed.

Ellenoff Grossman & Schole LLP



Counsel for Plaintiffs do not oppose this motion.

Thank you for your attention to this matter.

Respectfully submitted,

ELLENOFF GROSSMAN & SCHOLE LLP

/s/ *Howard J. Kaplan*
Howard J. Kaplan

ORRICK, HERRINGTON, & SUTCLIFFE

/s/ *Darrell Cafasso*
Darrell Cafasso
51 West 52nd Street
New York, NY 10019
dcafasso@orrick.com

*Counsel for Defendants*

cc: All Counsel of Record (by ECF and Email)